LISA GOLLIN EVANS (MA SB # 200730)  THE HONORABLE WILLIAM H. ALSUP
Earthjustice
21 Ocean Avenue
Marblehead, MA  01945
(781) 631-4119
levans@earthjustice.org

JAN HASSELMAN (WSB #29107)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
jhasselman@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Great Basin Resource Watch, Amigos Bravos, and Idaho Conservation League*

GREGORY C. LOARIE (CSB #215859)
Earthjustice
426 - 17th Street, 5th Floor
Oakland, CA  94612
(510) 550-6725
(510) 550-6749 *[FAX]*
gloarie@earthjustice.org

*Local Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, GREAT BASIN RESOURCE WATCH, AMIGOS BRAVOS, and IDAHO CONSERVATION LEAGUE, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN JOHNSON, Administrator, United States Environmental Protection Agency, and MARY E. PETERS, Secretary, United States Department of Transportation, <br><br> Defendants. | Case No. 3:08-cv-01409-WHA <br><br> COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF   -1-

INTRODUCTION

1. This is an action for declaratory and injunctive relief pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and Administrative Procedure Act ("APA"). In order to reduce the risk of improperly disposed hazardous substances, CERCLA requires defendants Johnson and Peters to promulgate regulations that would require certain facilities involved with such substances to establish and maintain evidence of financial responsibility. These "financial assurance" regulations are intended to ensure that facilities involved in any way with hazardous substances will remain financially responsible for cleaning up improperly disposed hazardous substances.

2. CERCLA required defendants to publish notice of priority categories for such regulations no later than December 1983, promulgate the regulations themselves beginning in December 1985, and impose financial assurance requirements as quickly as could reasonably be achieved but in no event later than four years after promulgation. Defendants, however, have taken none of these steps. Plaintiffs Sierra Club, Great Basin Resource Watch, Amigos Bravos, and Idaho Conservation League (collectively, "Sierra Club") bring this action to compel defendants to follow the requirements of CERCLA and promulgate financial assurance regulations on a reasonable but rigorous schedule.

JURISDICTION

3. This action arises under CERCLA's citizen suit provision, 42 U.S.C. § 9659(a)(2), as well as 28 U.S.C. §§ 1331 and 1361, and this Court may issue a declaratory judgment and grant further relief pursuant to 42 U.S.C. § 9659(c) and 28 U.S.C. §§ 2201 and 2202. In addition, and/or in the alternative, plaintiffs have a right to bring this action pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701 to 706.

4. Venue is appropriate in this District under 28 U.S.C. § 1391 because plaintiff Sierra Club resides in this District. See also 42 U.S.C. § 9659(b)(2) (allowing but not requiring venue in the District Court of the District of Columbia).

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF   -2-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

5. By certified letter posted on November 6, 2007, plaintiffs gave notice to defendant Johnson, pursuant to 42 U.S.C. § 9659(e) and 40 C.F.R. Part 374. By certified letter posted December 12, 2007, plaintiffs gave notice to defendant Peters, pursuant to 42 U.S.C. § 9659(e) and 40 C.F.R. Part 374.

PARTIES

6. Plaintiff Sierra Club is a nonprofit corporation organized and existing under the laws of the State of California with its headquarters in San Francisco. Sierra Club is a national organization dedicated to the protection of public health and the environment and has more than 700,000 members in all fifty states and the District of Columbia.

7. Plaintiff Great Basin Resource Watch is a nonprofit corporation (formerly Great Basin Mine Watch) organized and existing under the laws of the State of Nevada and based in Reno, Nevada. An organization dedicated to protecting the land, air, water, and wildlife of the Great Basin and the people and communities that depend on these resources, Great Basin Resource Watch has over 200 members residing in Nevada, California, and Utah.

8. Plaintiff Amigos Bravos is a nonprofit corporation organized and existing under the laws of the State of New Mexico with its headquarters in Taos, New Mexico. An organization dedicated to protecting both the ecological and cultural richness of the Río Grande and its tributaries, Amigos Bravos has over 1,500 members in New Mexico and the Rio Grande watershed.

9. Plaintiff Idaho Conservation League is a nonprofit corporation organized and existing under the laws of the State of Idaho and based in Boise, Idaho. An organization dedicated to the preservation of Idaho's clean water, wilderness and quality of life, Idaho Conservation League has 9,000 members in Idaho.

10. The plaintiffs and their respective members have been, are being, and, unless the relief prayed for herein is granted, will continue to be adversely affected by the failure of the

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF   -3-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

United States Environmental Protection Agency (EPA) and the Department of Transportation (DOT) to comply with CERCLA, the purpose of which is to control and remediate the release of hazardous substances into the environment. EPA and DOT's failure to carry out statutorily mandated promulgation of regulations under CERCLA increases the likelihood that plaintiffs' members and their environment will be exposed to unremediated releases of hazardous substances.

11. Plaintiffs and their members use the rivers, landscapes, and watersheds near facilities that produce, treat, transport, store, or dispose of hazardous substances around the nation for recreational, scientific, aesthetic, commercial, life-sustaining, and spiritual purposes. Plaintiffs and their members derive—or, but for the presence of hazardous substances, would derive—recreational, scientific, aesthetic, commercial, life-sustaining, and spiritual benefits from their use of such places. The past, present, and future enjoyment of these benefits by plaintiffs and their members has been, is being, and will continue to be irreparably harmed by the defendants' disregard of their statutory duties.

12. Plaintiffs' members also have an interest in protecting the health of themselves, their children, and their communities. Defendants' failure to promulgate regulations requiring that classes of facilities establish and maintain evidence of financial responsibility consistent with the degree and duration of risk associated with the production, treatment, transportation, storage, or disposal of hazardous substances as required by section 108(b)(1) of CERCLA in the timeframe specified in the Act increases the risk to plaintiffs' members of exposure to hazardous substances and/or increases and prolongs plaintiffs' members' exposure to hazardous substances and their risk of adverse health effects.

13. The health effects from exposure to the hazardous substances released by facilities that produce, treat, transport, store, or dispose of hazardous substances, such as the

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF   -4-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

facilities described above include cancer, birth defects, reproductive disorders, damage to the brain and nervous system, and damage to the respiratory system.

14. Defendant Stephen Johnson is the Administrator of the United States Environmental Protection Agency and in that role is charged with the duty to promulgate regulations pertaining to facilities that generate, handle, store, treat, and dispose of hazardous substances according to the time periods set out in CERCLA.

15. Defendant Mary E. Peters is the Secretary of the United States Department of Transportation and in that role is charged with the duty to promulgate regulations pertaining to the transportation of hazardous substances according to the time periods set out in CERCLA.

STATUTORY BACKGROUND

16. In the wake of the Love Canal disaster, Congress in 1980 enacted CERCLA as the nation's principle statutory vehicle for addressing the cleanup of improperly disposed hazardous substances. It defines federal response priorities, prescribes the liabilities of potentially responsible parties, and specifies the use of a federal trust fund—known as "Superfund"—for cleanup of hazardous waste sites.

17. CERCLA also contains important provisions that seek to reduce the risk that new hazardous waste sites will be created in the future and to ensure that potentially responsible parties would remain in a position to fund their cleanup. Congress sought to achieve this in part through establishing requirements that any party involved with the production, transportation, treatment, storage or disposal of hazardous substances demonstrate financial responsibility sufficient to mitigate the risks associated with those activities. Specifically, section 108(b)(1) of the Act provides in pertinent part:

> Beginning not earlier than five years after December 11, 1980, the President shall promulgate requirements (for facilities in addition to those under Subtitle C of the Solid Waste Disposal Act [citation omitted] and other Federal law) that classes of facilities establish and maintain evidence of financial responsibility consistent with the degree and duration of risk associated with the production, transportation, treatment, storage or disposal of hazardous substances.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF   -5-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

42 U.S.C. § 9608(b)(1). Section 108(b)(1) of the Act also provides:

> Not later than three years after December 11, 1980, the President shall identify those classes for which requirements will be first developed and publish notice of such identification in the Federal Register.

42 U.S.C. § 9608(b)(1).

18. Section 108(b)(3) further required that:

> Regulations promulgated under this subsection shall incrementally impose financial responsibility requirements as quickly as can reasonably be achieved but in no event more than 4 years after the date of promulgation.

42 U.S.C. § 9608(b)(3).

19. By Executive Order, the functions vested in the President in section 108(b) of the Comprehensive Environmental Response, Compensation and Liability Act were delegated to the Administrator of EPA. See Executive Order No. 12,580, 52 Fed. Reg. 2923 (January 23, 1987), section 7(d)(1).

20. By Executive Order, the functions vested in the President in section 108(b) of the Comprehensive Environmental Response, Compensation and Liability Act were delegated to the Secretary of Transportation with respect to all transportation related facilities, including any pipeline, motor vehicle, rolling stock, or aircraft. 46 Fed. Reg. 42237 (Aug. 14, 1981), Section 5(c).

21. Thus section 108(b)(1) of CERCLA required defendants to (1) publish notice of the identification of classes for which financial responsibility requirements would first be developed by December 11, 1983; (2) promulgate requirements that classes of facilities establish and maintain evidence of financial responsibility consistent with the degree and duration of risk associated with the production, treatment, transportation, storage, or disposal of hazardous substances beginning on December 11, 1985; and (3) implement those requirements as quickly as possible, but in no event more than four years after they are promulgated.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF   -6-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

I.  THE LACK OF FINANCIAL ASSURANCE REGULATIONS INCREASES THE RISK OF HARM TO PEOPLE AND THE ENVIRONMENT FROM IMPROPERLY DISPOSED HAZARDOUS SUBSTANCES.

22. Defendants have not published a notice in the Federal Register nor promulgated regulations for classes of facilities pursuant to section 108(b)(1) of the Act. Plaintiffs are unaware of any existing effort by defendants to comply with these requirements.

23. Facilities that produce, treat, transport, store, or dispose of hazardous substances (in addition to those under Subtitle C of the Solid Waste Disposal Act [42 U.S.C. § 6921 et seq.] and other Federal law) include, but are not limited to, mines, hazardous waste generators, hazardous waste recyclers, metal finishers, and wood treatment facilities. Such facilities are located throughout the United States.

24. In the absence of financial assurances requirements promulgated under CERCLA, such facilities may have inadequate or no requirements to provide financial assurances (such as bonds, trust funds, insurance policies, or letters of credit) that are intended to ensure that such facilities will be financially responsible for remediation of releases of hazardous substances.

25. Since 1980, significant releases of hazardous substances have occurred at many facilities that have been financially unable to pay for the costs of remediation. For example, Asarco, a century-old mining and smelting company, is liable for the environmental cleanup of 94 Superfund sites in 21 states. The bill to clean up Asarco's environmental contamination is estimated at more than $1 billion, but the company has recently declared bankruptcy. Similarly, Standard Chlorine Corporation (also known as Metachem) is responsible for major chemical releases, including PCBs and dioxin, from its Delaware facility, that contaminated soil, sediment, an aquifer, and surface water. EPA estimates that the total cleanup cost will be approximately $100 million, but Metachem declared bankruptcy in 2002.

26. Since 1980, significant releases of hazardous substances occurred at many facilities that have not provided evidence of financial responsibility consistent with the degree and duration of risk associated with the production, transportation, treatment, storage, or disposal

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF   -7-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

of hazardous substances at the facilities. Therefore, there is no guarantee that funds will be available for timely cleanup. For example, the following facilities do not have financial assurance for releases of hazardous substances consistent with the degree and duration of risk associated with their activities: J.R. Simplot Company's Smoky Canyon Mine in southeastern Idaho, where releases of hazardous substances, including selenium and cadmium, have contaminated groundwater, surface water, sediment, and soil, and Chevron Mining Inc.'s (formerly Molycorp) molybdenum mine near Questa, New Mexico where releases of hazardous substances, including cadmium, copper, lead, silver, and zinc have contaminated groundwater, surface water, soil, and sediment.

27. When responsible parties are unable to pay for the costs of remediating hazardous substance sites, the costs of such remediation fall to the public. CERCLA provided for the "Superfund" trust fund to cover such costs. However, the tax on crude oil and certain chemicals and an environmental tax on corporations that were the primary sources of revenues for the Superfund trust fund expired in 1995.

28. Since 2000, the Superfund program has increasingly relied on revenue from general revenue fund appropriations. For fiscal year 2004, for example, EPA's Superfund appropriation of $1.2 billion was from general revenue only. Appropriations for the Superfund program have decreased from $1.9 billion to $1.2 billion, in constant 2003 dollars, from fiscal year 1993 to fiscal year 2004. The number of Superfund sites and the costs of their cleanup, however, have not lessened during that time, but grown.

29. The cost of investigation and cleanup at the "orphan" sites listed on the National Priorities List, where the facility responsible for the release is unable to fund investigation and cleanup, amounts to hundreds of millions of dollars annually. This amount greatly exceeds EPA's annual Superfund budget. Therefore, federal funding is currently not able to finance response activities in a timely and effective manner at numerous Superfund sites.

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF   -8-

*Earthjustice*
705 Second Ave., Suite 203
Seattle, WA 98104
(206) 343-7340

30. On January 7, 2004, the EPA Office of Inspector General (OIG) issued a Special Report, "Congressional Request on Funding Needs for Non-Federal Superfund Sites (Report 2004-P-00001)" ("OIG Report"). This report addressed the sufficiency of funding for non-Federal Superfund sites, "including a more detailed review of a limited number of sites to determine if cleanup actions are being stretched out over a greater number of years because of inadequate funding."

31. The OIG Report found that:

> In summary, during FY 2003, limited funding prevented EPA from beginning construction at all sites or providing additional funds needed to address sites in a manner believed necessary by regional officials, and caused projects to be segmented into phases and/or scaled back to accommodate available funding. … [A]s discussed in the body of this report and in the enclosures, sufficient funds were not available to address a limited number of removal, pipeline, and remedial action sites. We estimate that the FY 2003 site-specific funding shortfall was $174.9 million.

OIG Report at page 1.

32. The OIG Report further explained the ramifications of the $174.9 million shortfall in the Superfund program:

> When funding is not sufficient, construction at National Priority List (NPL) sites cannot begin; cleanups are performed in less than an optimal manner; and/or activities are stretched over longer periods of time. As a result, total project costs may increase and actions needed to fully address the human health and environmental risk posed by the contaminants are delayed.

OIG Report at page 4.

33. The OIG Report describes numerous specific Superfund sites where cleanup was delayed, performed in a less than an optimal manner, or where activities were performed over longer periods of time. Such delays in cleanup and reduction in the scope of remedial action threaten to expose people and the environment to hazardous substances.

34. Numerous facilities that produce, treat, transport, store, or dispose of hazardous substances and that have released hazardous substances to the environment (in addition to those

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF   -9-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

1 under Subtitle C of the Solid Waste Disposal Act and other Federal law) present a threat to human health or the environment and require cleanup pursuant to sections 104 or 106 of CERCLA. 42 U.S.C. §§ 9604 and 9606.

35. No regulations promulgated by either EPA or DOT under CERCLA require such facilities to establish and maintain evidence of financial responsibility consistent with the duration of risk associated with the production, treatment, transportation, storage, or disposal of hazardous substances. A substantial number of facilities did not establish and do not now maintain evidence of financial responsibility consistent with the duration of risk associated with the production, treatment, transportation, storage, or disposal of hazardous substances.

36. CERCLA required the promulgation of financial assurance regulations to reduce the risk of "orphan" sites where releases of hazardous substances require publicly funded cleanups and to reduce the delays and inadequacies of such cleanups. The lack of financial assurance regulations increases the risks of such orphan sites and hence increases the risk that hazardous substance releases will be cleaned up more slowly, or less completely, than would be the case if such regulations were in place.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. § 9608(B)(1)

37. CERCLA requires defendants to prioritize, promulgate, and implement regulations governing financial responsibility requirements for facilities involved with the production, treatment, transportation, storage or disposal of hazardous substances. 42 U.S.C. § 9608(b)(1). Such duties were imposed in 1980.

38. Defendants have failed to comply with the requirements of 42 U.S.C. § 9608(b)(1). No regulations have been proposed, let alone promulgated or implemented.

39. Defendants' failure to comply with 42 U.S.C. § 9608(b)(1) constitutes a "failure of the President or of such other officer to perform any act or duty under this chapter . . . . which

is not discretionary with the President or such other officer" within the meaning of 42 U.S.C. § 9659(a)(2).

## SECOND CLAIM FOR RELIEF
## VIOLATION OF 5 U.S.C. § 706

40. The Administrative Procedure Act provides Courts with jurisdiction to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The APA also authorizes review of agency action, which includes an agency's "failure to act." 5 U.S.C. § 551(13).

41. Defendants failure to prioritize, promulgate, and implement regulations governing financial responsibility requirements for facilities involved with the production, treatment, transportation, storage, or disposal of hazardous substances constitutes agency action unlawfully withheld or unreasonably delayed, in violation of the APA. The action is unlawfully withheld because it is required by CERCLA. Moreover, a delay of over 20 years is inherently unreasonable, particularly in light of the importance Congress has assigned to the protection of people and the environment from hazardous substances.

## RELIEF REQUESTED

WHEREFORE, plaintiffs request that this Court:

1. Declare that defendants' failure to publish notice of the identification of classes for which financial responsibility requirements would first be developed and their failure to promulgate requirements that classes of facilities establish and maintain evidence of financial responsibility consistent with the degree and duration of risk associated with the production, treatment, transportation, storage, or disposal of hazardous substances constitutes a violation of CERCLA § 108(b) and/or APA 5 U.S.C. § 706.

2. Enjoin defendants Johnson and Peters to comply with the nondiscretionary requirements of CERCLA § 108(b). Specifically, plaintiffs ask that this Court order defendants to: a) identify classes for which financial responsibility requirements would first be developed; b) order

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF   -11-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1 defendants to publish proposed regulations establishing requirements that classes of facilities establish and maintain evidence of financial responsibility consistent with the degree and duration of risk associated with the production, treatment, transportation, storage, or disposal of hazardous substances; and publish a final rule establishing requirements that classes of facilities establish and maintain evidence of financial responsibility consistent with the degree and duration of risk associated with the production, treatment, transportation, storage, or disposal of hazardous substances.

3.   Retain jurisdiction of this action to ensure compliance with its decree;

4.   Award plaintiffs their reasonable fees, costs, expenses and disbursements, including attorneys' fees, associated with this litigation; and

5.   Grant plaintiffs such further and additional relief as the Court deems just and proper.

Respectfully submitted this 11th day of March, 2008.

/s/  Jan Hasselman
LISA GOLLIN EVANS
Earthjustice
21 Ocean Avenue
Marblehead, MA  01945
(781) 631-4119
levans@earthjustice.org

JAN HASSELMAN
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
jhasselman@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Great Basin Resource Watch, Amigos Bravos, and Idaho Conservation League*

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF   -12-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1  GREGORY C. LOARIE (CA Bar No. 215859)
   Earthjustice
2  426 - 17th Street, 5th Floor
   Oakland, CA  94612
3  (510) 550-6725
   (510) 550-6749 *[FAX]*
4  gloarie@earthjustice.org

5  *Local Counsel for Plaintiffs*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF   -13-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

%JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
SIERRA CLUB, GREAT BASIN RESOURCE WATCH, AMIGOS BRAVOS, and IDAHO CONSERVATION LEAGUE

## DEFENDANTS
STEPHEN JOHNSON, Administrator, U.S. EPA, and MARY E. PETERS, Secretary, U.S. Department of Transportation

(b) County of Residence of First Listed Plaintiff  San Francisco
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

LISA GOLLIN EVANS, Earthjustice, 21 Ocean Ave., Marblehead, MA 01945 (781-631-4119); JAN HASSELMAN, Earthjustice, 705 Second Ave. #203, Seattle, WA 98104 (206-343-7340)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| | | | [ ] 790 Other Labor Litigation | | [X] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: | | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 446 Amer. w/Disabilities –Other | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sec. 9659; 5 U.S.C. Sec. 702

Brief description of cause:
Failure to adopt financial responsibility rules for facilities involved with hazardous waste.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    [X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: March 11, 2008

SIGNATURE OF ATTORNEY OF RECORD