MARTIN F. McDERMOTT (SBN 6183307 (IL))
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C.  20026-3986
Tel: (202) 514-4122
Fax: (202) 514-8865

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

SIERRA CLUB, GREAT BASIN
RESOURCE WATCH, AMIGOS
BRAVOS, and IDAHO CONSERVATION
LEAGUE,

        Plaintiffs,

    v.

STEPHEN L. JOHNSON, Administrator
United States Environmental Protection
Agency, and MARY E. PETERS,
Secretary, United States Department of
Transportation,

        Defendants.

Case No.: 3:08-cv-01409-WHA

**DEFENDANTS' MOTION TO DISMISS AND SUPPORTING MEMORANDUM OF LAW**

**Hearing Date: June 26, 2008**
**8:00 am**
**Courtroom 9, 19th Floor**

# TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

DISCUSSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    STATUTORY BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

II.   BECAUSE VENUE FOR NON-DISCRETIONARY DUTY ACTIONS UNDER
      CERCLA LIES EXCLUSIVELY IN THE UNITED STATES DISTRICT COURT
      FOR THE DISTRICT OF COLUMBIA, THIS COURT SHOULD DISMISS
      PLAINTIFFS' FIRST CLAIM FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.  JURISDICTION OVER PLAINTIFFS' SECOND CLAIM LIES EXCLUSIVELY
      IN THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF
      COLUMBIA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**CASES**

B.F. Goodrich Co. v. Murtha, 958 F.2d 1192 (2d Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Bender v. Williamsport Area Sch. District, 475 U.S. 534 (1986) . . . . . . . . . . . . . . . . . . . . . . 14

Benzman v. Whitman, No. 04-1888, 2006 WL. 250527 (S.D.N.Y. Feb. 2, 2006) . . . . . . . . . . . 8

Benzman v. Whitman, 523 F.3d 119 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Chiu v. Mann, No. 02-4590, 2003 WL 716247 (N.D. Cal. Feb. 24, 2003) . . . . . . . . . . . . . . . 4

City of Waco v. Schouten, 385 F. Supp. 2d 595 (W.D. Tex. 2005) . . . . . . . . . . . . . . . . . . . . . 4

Davis v. EPA, 194 Fed. Appx. 523 (10th Cir.,2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Davis v. EPA, No. 05-3458-SAC (D. Kans. Jan. 27, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Delta Air Lines v. Western Conf. of Teamsters Pens. Fund, 722 F. Supp. 727
    (N.D. Ga. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharms.,
    No. 02-2010, 2002 WL 31655328 (N.D. Cal. Nov. 21, 2002) . . . . . . . . . . . . . . . . . . . . . 5

Exxon Corp. v. Hunt, 475 U.S. 355 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Irwin v. Department of Veterans Affairs, 498 U.S. 89 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . 6

Kimberlin v. Quinlan, 774 F. Supp. 1 (D.D.C. 1991), rev'd on other grounds,
    6 F.3d 789 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Maier v. EPA, 114 F.3d 1032 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Minnette v. Time Warner, 997 F.2d 1023 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

NLRB v. Line, 50 F.3d 311 (5th Cir.1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Phillips v. Rubin, 76 F. Supp. 2d 1079 (D. Nev. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Public Utility Commissioner of Oregon v. Bonneville Power Admin., 767
    F.2d 622 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Sauers v. Pfiffner, No. 4-88-457, 1989 WL. 47381 (D. Minn. March 23, 1989) . . . . . . . . . . . 5

Schalk v. Reilly, 900 F.2d 1091 (7th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Telecommunications Research and Action Center v. FCC, 750 F.2d 70
    (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

US West, Inc. v. Nelson, 146 F.3d 718 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

WorldWorks I, Inc. v. Department of Army, 22 F. Supp. 2d 1204 (D. Colo. 1998) . . . . . . . . . 11

**STATUTES**

Administrative Procedure Act ("APA"), 5 U.S.C. §§ 551 et seq. . . . . . . . . . . . . . . . . . . . . . . . . 1

5 U.S.C. § 706(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Comprehensive Environmental Response, Compensation, and LiabilityAct (CERCLA"),
    42 U.S.C. §§ 9601 et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Section 106, 42 U.S.C. § 9606 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section 108(b), 42 U.S.C. § 9608(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Section 108(b)(1), 42 U.S.C. § 9608(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section 108(b)(3), 42 U.S.C. § 9608(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section 113(a), 42 U.S.C. § 9613(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 13

Section 310(a), 42 U.S.C. § 9659(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section 310(a)(2), 42 U.S.C. §§ 9659(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 8

Section 310 (b)(1), 42 U.S.C. § 9659(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 10

Section 310(b)(2), 42 U.S.C. § 9659(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 6, 7, 8

Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. §§ 6972 et seq.:

Section 7002(a)(2), 42 U.S.C. § 6972(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

2 U.S.C. § 922 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

15 U.S.C. § 146a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 1391 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1391(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5, 9, 12

28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

49 U.S.C. § 44309(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**CODE OF FEDERAL REGULATIONS**

40 C.F.R. § 1.7(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

40 C.F.R. § 21.(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

40 C.F.R. § 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**LEGISLATIVE HISTORY**

H.R. Rep. No. 99-962 (Conf. Rep.) (1986), <u>reprinted in</u> 6 <u>A Legislative History of the
Superfund Amendments and Reauthorization Act of 1986</u> (Comm. Print 1990) . . . . . . . . . . . 6

H.R. Rep. No. 94-1491, pt. 1 (1976), <u>reprinted in</u> 1976 U.S.C.C.A.N. 6238, 6307 . . . . . . . . . 12

**EXECUTIVE ORDER**

Exec. Order No. 12,580, <u>reprinted in</u> 42 U.S.C.A. following § 9615 . . . . . . . . . . . . . . . . . . . . . 3

**TREATISES**

5B Charles A. Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u> § 1352 (3d ed. 2004) . 5

14D Charles A. Wright, Arthur R. Miller, Edward H. Cooper, <u>Federal Practice & Procedure</u> §
3803 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**MISCELLANEOUS**

B. Garner, <u>Dictionary of Modern Legal Usage</u> 939 (2d ed. 1995) . . . . . . . . . . . . . . . . . . . . . . . 11

D. Mellinkoff, <u>Mellinkoff's Dictionary of American Legal Usage</u> 402-403
(1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

<u>Webster's Third New International Dictionary</u> 1396 (unabridged) . . . . . . . . . . . . . . . . . . . . . . 10

32A Am. Jur. 2d <u>Federal Courts</u> § 1167 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**RULES**

Federal Rule of Civil Procedure 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 14

Federal Rule of Civil Procedure 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

1    Defendants, Stephen L. Johnson, in his official capacity as Administrator of the United States

2  Environmental Protection Agency ("EPA"), and Mary E. Peters, in her official capacity as Secretary

3  of the United States Department of Transportation ("DOT") (EPA and DOT are herein referred to

4  collectively as "Defendants" or the "Agencies"), move the Court to dismiss this case for lack of

5  subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  Hearing is set for

6  June 26, 2008 on this motion.

7    Defendants respectfully request that, until this motion to dismiss is decided, all deadlines in

8  this case – including, but not limited to, all initial case management and ADR dates set forth in the

9  Court's March 12, 2008 Order (Dkt. 3) – be stayed.

10

11                              **INTRODUCTION**

12    Plaintiffs – Sierra Club, Great Basin Resource Watch, Amigos Bravos, and Idaho

13  Conservation League – filed their two-count Complaint on March 12, 2008, alleging that Defendants

14  have failed to discharge certain obligations imposed on them under the Comprehensive

15  Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601 et seq. ("CERCLA").

16  Plaintiffs' First Claim For Relief asserts that EPA and DOT failed to discharge certain "non-

17  discretionary" duties allegedly arising under CERCLA section 108(b), 42 U.S.C. § 9608(b), which,

18  Plaintiffs assert, required the agencies to "prioritize, promulgate, and implement regulations" that

19  would obligate certain facilities involved with hazardous substances to "establish and maintain

20  evidence of financial responsibility" consistent with the degree and duration of risk associated with

21  the facilities' production, treatment, transportation, storage or disposal of such substances.  Complt.

22  ¶¶ 37-39.  Plaintiffs' Second Claim asserts a closely related "unreasonable delay" claim under the

23  Administrative Procedure Act, 5 U.S.C. § 551 et seq. ("APA"), re-alleging that EPA and DOT have

24  failed to "prioritize, promulgate, and implement" regulations governing financial responsibility for

25  facilities involved with hazardous substances.  Such inaction, Plaintiffs allege in their Second Claim,

26  constitutes action that is "unlawfully withheld or unreasonable delayed" and therefore "violates" the

27

28

*DEF. MOT. TO DISMISS/ SUPPORTING MEM.*

-1-

1  APA. Complt. ¶¶ 40-41. Plaintiffs assert that they filed their two Claims in order to "compel

2  defendants to follow the requirements of CERCLA and promulgate financial assurance regulations

3  on a reasonable but rigorous schedule." Complt. ¶ 2.

4      Plaintiffs allege that venue is proper in this District under CERCLA's citizen suit provision –

5  section 310(b)(2), 42 U.S.C. § 9659(b)(2), which Plaintiffs describe as "allowing but not requiring

6  venue in the District Court for the District of Columbia." Complt. ¶ 4. Plaintiffs also allege that

7  venue is appropriate in this District under the general venue provision for suits against the United

8  States and its agencies and officers – 28 U.S.C. § 1391(e) – because one of the four Plaintiffs (Sierra

9  Club) resides in this District. Complt. ¶ 4. According to the Complaint (¶¶ 7-9), the three other

10  Plaintiffs are based in Nevada, New Mexico and Idaho.

11      CERCLA section 310(b)(2) requires that a citizen suit alleging that the President or any other

12  officer of the United States has failed to discharge a non-discretionary duty under CERCLA be

13  brought in the United States District Court for the District of Columbia. Accordingly, this Court

14  lacks subject matter jurisdiction over Plaintiffs' First Claim for relief. This Court also lacks subject

15  matter jurisdiction over Plaintiffs' Second Claim, alleging unreasonable delay under the APA,

16  because it can be brought only in the United States Court of Appeals for the District of Columbia

17  Circuit.[1]/ The Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

18              **DISCUSSION**

19  I.    **STATUTORY BACKGROUND**

20      CERCLA (sometimes referred to as "Superfund") was enacted in 1980 in response to the

21  serious environmental and health risks posed by industrial pollution. See Exxon Corp. v. Hunt, 475

22  U.S. 355, 358-59 (1986). In brief, liability arises under CERCLA when there has been a release or a

23  threatened release of a hazardous substance at a facility, which causes the incurrence of response

24

25

---

26  [1] Because both of the claims asserted in the Complaint are brought in the wrong court, they are also
   subject to dismissal for improper venue under Fed. R. Civ. P. 12(b)(3).

27

28  *DEF. MOT. TO DISMISS/ SUPPORTING MEM.*

                    -2-

1  costs. See B.F. Goodrich Co. v. Murtha, 958 F.2d 1192, 1201 (2d Cir.1992).

2       Although various provisions in CERCLA vest initial authority in "the President," the

3  President has delegated much of his authority to EPA, as authorized by 42 U.S.C. § 9606. See Exec.

4  Order No. 12,580, § 7, reprinted in 42 U.S.C.A. following § 9615, which delegated authority under

5  the substantive provision implicated in this lawsuit, CERCLA section 108(b). Section 7(c)(1) of the

6  Executive Order delegated authority over transportation-related facilities to DOT and section 7(d)(1)

7  of the Order delegated all other authorities under CERCLA section 108(b) to EPA.

8       Section 108(b) provides at the outset that "not earlier" than December 11, 1985, the President

9  was to begin to promulgate financial responsibility requirements for classes of facilities involved in

10  the production, transportation, treatment, storage and disposal of hazardous substances. 42 U.S.C. §

11  9608(b)(1). That subsection provides that the President was to publish a notice in the Federal

12  Register by December 11, 1983, identifying those classes of facilities for which requirements would

13  be first developed, with priority to be accorded to those classes of facilities, owners, and operators

14  presenting the highest level of risk of injury. Id. Subsection (3) specifies that any regulations

15  promulgated under section 108(b) are to "incrementally impose financial responsibility requirements

16  as quickly as can reasonably be achieved but in no event later than 4 years after the date of

17  promulgation." 42 U.S.C. § 9608(b)(3).[2]/

18       CERCLA section 310, 42 U.S.C. § 9659(a), authorizes citizen suits against the United States

19  under specified circumstances. Plaintiffs' Complaint (¶ 3) relies on section 310(a)(2), which

20  provides that any person may commence a civil action on his own behalf against the President or any

21  other officer of the United States "where there is alleged a failure of the President or of such other

22  officer to perform any act or duty under this chapter. . . which is not discretionary with the President

23  or such other officer." (Emphasis added). Subsection (b)(2) of section 310 specifies where venue

24  

25    [2] The deadlines set forth in CERCLA section 108(b) raise serious questions about the timeliness of

26  Plaintiffs' claims. However, any statute of limitations or other issues related to the timing of those

    claims should be addressed by a court with jurisdiction and where venue is appropriate.

27  

28  DEF. MOT. TO DISMISS/ SUPPORTING MEM.

1    lies for a non-discretionary duty case: "Any action brought under subsection (a)(2) of this section

2    may be brought <u>in the United States District Court for the District of Columbia</u>." 42 U.S.C. §

3    9659(b)(2). (Emphasis added).

4         Although not directly implicated here, a separate CERCLA provision allows citizen suits

5    when the United States or others are alleged to have "violated" the statute. Section 310(a)(1)

6    authorizes suits "against any person (including the United States and any other governmental

7    instrumentality or agency, . . . who is alleged to be in violation of any standard, regulation, condition,

8    requirement, or order which has become effective pursuant to this chapter (including any provision

9    of an agreement under section 9620 of this title, relating to Federal facilities)." 42 U.S.C. §

10   9659(b)(1). Such actions "shall be brought in the district court for the district in which the alleged

11   violation occurred." Section 310(b)(1), 42 U.S.C. § 9659(b)(1).

12        CERCLA also contains a judicial review provision, section 113(a), which provides that

13   review of any regulation promulgated under the Act "may be had upon application by any interested

14   person only in the Circuit Court of Appeals of the United States for the District of Columbia." 42

15   U.S.C. § 9613(a).

16        Plaintiffs' Second Claim is founded on APA section 706(1), under which the reviewing court

17   shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

18

19   **II.    BECAUSE VENUE FOR NON-DISCRETIONARY DUTY ACTIONS UNDER**
       **CERCLA LIES EXCLUSIVELY IN THE UNITED STATES DISTRICT COURT**
20     **FOR THE DISTRICT OF COLUMBIA, THIS COURT SHOULD DISMISS**
       **PLAINTIFFS' FIRST CLAIM FOR RELIEF**
21
          Venue concerns the appropriate district court in which an action may be filed. <u>See</u> <u>NLRB v.</u>
22
     <u>Line</u>, 50 F.3d 311, 314 (5th Cir.1995). "Generally, in order for venue to be proper, it must be proper
23
     as to all defendants and all claims." <u>City of Waco v. Schouten</u>, 385 F. Supp. 2d 595, 599 (W.D. Tex.
24
     2005). When a defendant objects to venue under Rule 12(b)(3), the plaintiff bears the burden of
25
     establishing that venue is proper. <u>See</u> <u>Chiu v. Mann</u>, No. 02-4590, 2003 WL 716247, at *2 (N.D.
26

27

28   *DEF. MOT. TO DISMISS/ SUPPORTING MEM.*

                                           -4-

1    Cal. Feb. 24, 2003); <u>Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharms</u>, No. 02-2010,

2    2002 WL 31655328, at *1-2 (N.D. Cal. Nov. 21, 2002).  <u>See also</u> 5B Charles A. Wright & Arthur R.

3    Miller, <u>Federal Practice  & Procedure.</u> § 1352 (3d ed. 2004) (plaintiff properly bears burden of

4    establishing validity of venue selection, as it is "plaintiff's obligation to institute his action in a

5    permissible forum, both in terms of jurisdiction and venue."); <u>Delta Air Lines v. Western Conf. of

6    Teamsters Pens. Fund</u>, 722 F. Supp. 725, 727 (N.D. Ga. 1989) (plaintiff's burden to establish venue

7    because holding otherwise would give plaintiff an "improper incentive to attempt to initiate actions

8    in a forum favorable to them but improper as to venue.").  In addition to establishing that venue is

9    proper, a plaintiff bears the burden of establishing subject matter jurisdiction.  <u>US West, Inc. v.

10   Nelson</u>, 146 F.3d 718, 722 (9th Cir. 1998).

11          If an action is venued improperly, "a district court must refrain from entertaining the suit and

12   must either dismiss the action or, 'if it be in the interest of justice, transfer such case to any district . .

13   . in which it might have been brought.'" <u>Sauers v. Pfiffner</u>, No. 4-88-457, 1989 WL 47381, at *2 (D.

14   Minn. March 23, 1989) (citing 28 U.S.C. § 1406(a)).  Whether dismissal or transfer is appropriate

15   lies within the court's sound discretion.  <u>Minnette v. Time Warner</u>, 997 F.2d 1023, 1026 (2d Cir.

16   1993).

17          There are two types of federal venue statutes: "special" venue statutes and the "general"

18   venue statute, 28 U.S.C. § 1391.  Subsection (e) of section 1391 provides that, "except as otherwise

19   provided by law," in a civil action in which a defendant is an officer or employee of the United

20   States, such action may be brought in any judicial district in which (1) a defendant in the action

21   resides, (2) a substantial part of the events or omissions giving rise to the claim occurred or a

22   substantial part of the property that is the subject of the action is situated, or (3) the plaintiff resides

23   if no real property is involved.  28 U.S.C. § 1391(e).  The exception in the general venue provision

24   ("except as otherwise provided by law") embodies the well-established rule that special venue

25   provisions are typically intended to control venue of all claims brought under the statutes to which

26   they relate, and a special venue provision controls over general one.  <u>See, e.g.</u>, Charles A. Wright,

27

28   *DEF. MOT. TO DISMISS/ SUPPORTING MEM.*

                                                    -5-

1   Arthur R. Miller, Edward H. Cooper, 14D <u>Federal Practice & Procedure</u> § 3803 (2007) ("It is now

2   well settled that a special venue statute, expressly identifying the proper venue for a particular kind

3   of action, will control over the general venue statutes found in Sections 1391 through 1393 of Title

4   28 of the United States Code.").

5          Finally, because venue for a suit against the United States is a component of sovereign

6   immunity, <u>Phillips v. Rubin</u>, 76 F. Supp. 2d 1079, 1082-83 (D. Nev. 1999), venue provisions such as

7   those found in CERCLA's citizen suit provision are jurisdictional and must be narrowly construed.

8   <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 94 (1990). <u>See also</u> <u>Kimberlin v. Quinlan</u>,

9   774 F. Supp. 1, 10 (D.D.C. 1991) ("The present situation involves a statutory waiver of sovereign

10  immunity; that waiver specifies precisely in which courts venue is proper and the venue provision

11  must therefore be strictly construed.") (<u>rev'd on other grounds</u>, 6 F.3d 789 (D.C. Cir. 1993).

12         As noted, CERCLA's citizen suit provision contains two special venue provisions. The

13  special venue provision that is applicable to Plaintiffs' First Claim is section 310(b)(2), which

14  specifies that if a citizen believes that a non-discretionary duty has not been discharged by the United

15  States, an action challenging such alleged failure under section 310(a)(2) "may be brought in the

16  United States District Court for the District of Columbia." 42 U.S.C. § 9659(b)(2). By specifying

17  the District of Columbia as the appropriate venue for a case alleging breach of a CERCLA non-

18  discretionary duty, Congress ruled out the filing of such actions in other venue.

19         This common sense reading of the statute is supported by the legislative history for section

20  310. <u>See</u> H.R. Rep. No. 99-962 (1986) (Conf. Rep.), <u>reprinted in</u> 6 <u>A Legislative History of the</u>

21  <u>Superfund Amendments and Reauthorization Act of 1986</u>, at 5090 (Comm. Print 1990), where the

22  two different types of CERCLA citizen suits are discussed:

23         Venue for actions under this section [310(a)(1)] against persons allegedly in violation
           of standards, or other requirements of CERCLA, is <u>solely</u> in the district court where

24         the violation occurs; <u>similarly</u>, actions for alleged failures to perform a non-
           discretionary duty may be brought where the violation occurs, or in the United States

25         District Court for the District of Columbia.

26  (Emphasis added) <u>Id.</u> It is apparent from this history that Congress contemplated that venue for

27

28  *DEF. MOT. TO DISMISS/ SUPPORTING MEM.*

1  CERCLA section 310 citizen suits of <u>whatever</u> nature never lies anywhere other than two places – in

2  the district where the violation occurs or in Washington, D.C.  In the context of this non-

3  discretionary duty claim, the two venues are actually one and the same because such a case

4  challenges the President's (or his delegate's) violation of his duty, a "failure to act" that transpired in

5  Washington, D.C.

6      In the context of the President's alleged violation of CERCLA section 108(b) through his

7  failure to take an action that allegedly is mandated by statute, it makes no sense to claim that such

8  failure "occurred" anywhere other than the seat of government.  The President is located in

9  Washington, D.C., as are the heads of the United States Environmental Protection Agency and the

10  Department of Transportation, who are being sued here in their official capacities.[3]/  <u>See</u> 32A Am.

11  Jur. 2d <u>Federal Courts</u> § 1167 (2008) (residence of government officials for venue purposes is their

12  "official" residence, <u>i.e.</u>, the "place where the officer performs his or her official duties").

13  Furthermore, the type of nationally-applicable regulations sought by Plaintiffs in this case would be

14  issued out of those agencies' headquarters.

15      In any event, the statutory language and the legislative history make clear that section

16  310(b)(2) assuredly does <u>not</u> locate venue anywhere a plaintiff happens to reside, which is the sole

17  basis for Plaintiffs' contention that it is entitled to file the current action in the Northern District of

18  California.[4]/

19  ─────────────────

20  [3] Quite properly the summonses in this case were directed to the EPA Administrator and the

21  Secretary of the Department of Transportation at their addresses in Washington, D.C.  <u>See</u> 40 C.F.R.
   § 1.7(a) (providing that EPA's headquarters are located in Washington, D.C.); §§ 1.21(a), 1.23

22  (providing that the Office of the Administrator is located within EPA headquarters, and describing
   the duties of the Administrator).

23

24  [4] The nexus between the claims asserted in this case and venue in this District could hardly be more
   attenuated.  None of the relevant actions (or alleged "failures to act," as the case may be) occurred

25  here; the Defendants are not located here; the lead attorney for Plaintiffs is not located here; the two
   mines cited in the Complaint (¶ 26) as examples of facilities lacking adequate financial assurance are

26  not located here (they are located in Idaho and New Mexico); and only one of the four Plaintiffs

                                                                                    (continued...)

27

28

1    In the most recent case to address this issue, the Second Circuit concluded that CERCLA

2 non-discretionary duty cases can be brought only in the District Court in Washington, D.C.  In

3 Benzman v. Whitman, 523 F.3d 119 (2d Cir. 2008), a group of people who reside, attend school, or

4 work in lower Manhattan or Brooklyn, brought an action against EPA and EPA officials, claiming

5 they misled the plaintiffs by stating that the air quality in the period after the September 11, 2001

6 terrorist attacks on the World Trade Center was safe enough to permit return to homes, schools, and

7 offices.  The Court of Appeals stated that "the premise" of the Benzman plaintiffs' CERCLA claim

8 "is that EPA failed to fulfill mandatory duties assigned to it by the NCP [National Contingency

9 Plan], which was promulgated under CERCLA."  Id. at 133.  The Court then noted that the lower

10 court correctly held that the Benzman plaintiffs were required to file such a claim under subsection

11 (a)(2), not subsection (a)(1), of section 310.  In upholding the lower court's dismissal of the section

12 310(a)(1) "CERCLA violation" claim, the Court of Appeals went on to state that "suits under

13 subsection (2) must be brought in the District Court for the District of Columbia, see id. § (b)(2)."

14 523 F.3d at 133 n.5 (emphasis added).  In so concluding, the Second Circuit was in full accord with

15 the lower court.  See Benzman v. Whitman, No. 04-1888, 2006 WL 250527, at *29 (S.D.N.Y. Feb.

16 2, 2006 (CERCLA "restricts venue for actions under subsection (a)(2) to the United States District

17 Court for the District of Columbia.  See 42 U.S.C. § 9659(b)") and at *30 ("The appropriate citizen

18 suit provision for the types of allegations made by Plaintiff here is § 9659(a)(2), which limits venue

19 to the District of Columbia.").

20    This reading of section 310(b)(2) is both natural and logical.  In providing that non-

21 discretionary duty suits against the President or his delegate "may be brought" in the District Court

22 in the District of Columbia, Congress intended to provide that a citizen who believes that the federal

23 government has failed to discharge a non-discretionary duty "may commence" an action to challenge

24

25

26    (...continued)
(Sierra Club) is located here.  For venue, Plaintiffs rely entirely on the fact that Sierra Club is
headquartered in San Francisco.

27

28  *DEF. MOT. TO DISMISS/ SUPPORTING MEM.*

1   that alleged failure and has permission to (i.e., "may") do so in Washington, D.C.  Sections 310(a)(2)

2   and (b)(2), 42 U.S.C. §§ 9659(a)(2), & (b)(2).  Contrary to Plaintiffs' suggestion (Complt. ¶4), these

3   provisions should not be read to mean that an alleged breach of a non-discretionary duty may be

4   challenged in Washington, D.C. in addition to anywhere else that venue might be proper under the

5   general federal venue provision, 28 U.S.C. § 1391(e), including wherever a self-selected plaintiff

6   might reside.

7         Plaintiffs' contention appears to be founded on the proposition that "may" is generally

8   considered to be permissive and, thus, section 310(b)(2) was intended to "allow" venue in D.C. in

9   addition to everywhere else allowed by the general federal venue provision.  Plaintiffs' contention

10   that section 310(b)(2) does not limit venue but instead expands it beyond the locations otherwise

11   authorized under 28 U.S.C. § 1391(e) makes little sense.  Congress would have had no reason to

12   specifically provide for venue in Washington, D.C. in section 310(b)(2) if the legislature intended the

13   general venue provision also to apply to section 310(a)(2) actions.  28 U.S.C. § 1391(e) already

14   provides that, unless otherwise provided by law, venue for actions against the President and other

15   federal officers lies (among other places) where a defendant resides.  A provision authorizing citizen

16   suits against the President or any other officer of the United States for breach of non-discretionary

17   duties would already be appropriate in Washington, D.C. because the President and top agency

18   officials reside in Washington, D.C. and a substantial part of the events (or in the context of non-

19   discretionary duty suits, failures to act) will occur where the federal government is headquartered.  In

20   short, a holding that the general federal venue provision applies to CERCLA non-discretionary duty

21   suits, as Plaintiffs contend here, would render section 310(b)(2) entirely superfluous.

22         Venue under section 310(b)(2) has seldom been litigated.  Defendants have located only two

23   decisions addressing that provision other than the District Court and the Second Circuit decisions in

24   Benzman discussed above.  A third court, the District Court for the District of Kansas, agreed that

25   section 310(b)(2) restricts venue for CERCLA non-discretionary duty suits to the District Court for

26   the District of Columbia.  See Davis v. EPA, No. 05-3458-SAC (D. Kans. Jan. 27, 2006)

27

28   *DEF. MOT. TO DISMISS/ SUPPORTING MEM.*

1   (Attachment "A," at 3).  The only court that has held to the contrary is the Tenth Circuit.  In an

2   unpublished decision – which, under Tenth Circuit Rule 32.1(A), is "not precedential" – that court

3   decided, without benefit of any briefing by the United States, that cases brought under CERCLA

4   section 310(a)(2) need not be brought in the District of Columbia.   Davis v. EPA, 194 Fed. Appx.

5   523 (10th Cir. 2006).

6          The Tenth Circuit's reasoning was threefold.  First, it observed that "may" is "permissive, not

7   mandatory."  Id. at 525.  Second, it stated that "Congressional intent on this point becomes even

8   clearer when one considers the accompanying venue provision for citizen suits against private actors:

9   such suits 'shall be brought in the district court for the district in which the alleged violation

10  occurred,' id. § 9659(b)(1) (emphasis added)."  Third, the court stated, "citizen suits against the

11  government have been regularly litigated outside the District of Columbia."  Id. at 526 (citing four

12  cases).

13         Regarding the first point made by the Tenth Circuit, although it is true that "may" is generally

14  regarded as permissive, the meaning of the word is heavily dependent on context.  See Webster's

15  Third New International Dictionary 1396 (unabridged), defining "may" to mean "shall, must – used

16  esp. in deeds, contracts, and statutes."  See also D. Mellinkoff, Mellinkoff's Dictionary of American

17  Legal Usage 402-403 (1992); ("The standard grammatical use of *may* (permitted) and *shall*

18  (required) is also a legal use, often described as the 'presumed' use.  But *may* and *shall* in legal

19  writing, especially in statutes, are so frequently treated as synonyms that the grammatical standard

20  cannot be considered the legal standard.");  B. Garner, Dictionary of Modern Legal Usage 939 (2d ed.

21  1995) ("Courts in virtually every English-speaking jurisdiction have held – by necessity – that *shall*

22  means *may* in some contexts, and vice versa.").

23         With respect to the second point made by the Tenth Circuit, the legislative history reveals

24  that Congress did not contemplate that actions arising under section 310(a)(1) be treated completely

25  differently from actions arising under section 310(a)(2).  See discussion supra at 6-7, stating that

26  venue for actions against persons allegedly in violation of CERCLA standards or requirements "is

27

28  *DEF. MOT. TO DISMISS/ SUPPORTING MEM.*
                                            -10-

1    solely in the district court where the violation occurs; similarly, actions for alleged failures to

2    perform a non-discretionary duty may be brought where the violation occurs, or in the United States

3    District Court for the District of Columbia").  By using the word "similarly," Congress intended to

4    make clear that both provisions should be read to limit venue, not expand it.

5        With respect to the third point, the Tenth Circuit's statement that citizen suits against the

6    United States "have been regularly litigated outside the District of Columbia" 194 Fed. Appx. at 526,

7    two of the four cases cited as examples were hardly "litigated" -- they were dismissed at the outset

8    (on the government's motions) for lack of subject matter jurisdiction.  See  WorldWorks I, Inc. v.

9    Dep't of Army, 22 F. Supp. 2d 1204 (D. Colo. 1998); Schalk v. Reilly, 900 F.2d 1091 (7th Cir.

10   1990).  In the other two cases, for whatever reason, venue does not appear to have been raised by any

11   party.  In any event, none of the four cited decisions addresses venue under CERCLA.

12       Locating venue in the District of Columbia for suits against the President or his delegates at

13   federal agencies is not unique to CERCLA.  For example, in 2 U.S.C. § 922, Congress provided in

14   the context of emergency powers to eliminate federal budget deficits:  "(1) Any Member of Congress

15   may bring an action, in the United States District Court for the District of Columbia, for declaratory

16   judgment and injunctive relief on the ground that any order that might be issued pursuant to section

17   904 of this title violates the Constitution." (Emphasis added.)  The fair reading of that provision is

18   that D.C. provides exclusive venue for such actions, not that one can bring an action in Washington,

19   D.C. in addition to every other location where venue might be appropriate under the general venue

20   statute.  Congress uses the words "may bring an action in the United States District Court for the

21   District of Columbia " when it intends that certain matters be litigated in the nations's Capital.

22       The citizen suit provision in the Resource Conservation and Recovery Act ("RCRA"), 42

23   U.S.C. § 6972, includes a venue provision similar to CERCLA section 310(b)(2) but that uses

24   somewhat more expansive language.  It provides that cases "against the Administrator where there is

25   alleged a failure of the Administrator to perform any act or duty under this chapter which is not

26   discretionary with the Administrator" "may be brought in the district court for the district in which

27

28

*DEF. MOT. TO DISMISS/ SUPPORTING MEM.*

-11-

1    the alleged violation occurred or in the District Court of the District of Columbia." (Emphasis

2    added.)  Under Plaintiffs' presumed reading of this provision, venue would lie not only in the two

3    locations specified by Congress, but also anywhere a plaintiff resides. Such a reading renders the

4    statute's special venue provision essentially meaningless.

5         RCRA's legislative history supports the argument that when Congress provides in a special

6    venue provision that an action "may be brought" in one or more certain locations, it means "can only

7    be brought" there.  In discussing RCRA's citizen suit provision, 42 U.S.C. § 6972(a)(2), which uses

8    the same "may be brought" venue language later added to CERCLA in section 310(b)(2), the House

9    Report stated: "Any action that is brought solely against the Administrator can only be brought in

10   the district court where the violation occurred, or in the District of Columbia"   H.R. Rep. No. 94-

11   1491, pt. 1, at 69 (1976), reprinted in 1976 U.S.C.C.A.N. 6238, 6307.  There is no suggestion that

12   Congress intended the word "may" in this context to permit venue in these two locations in addition

13   to everywhere else jurisdiction would otherwise lie in the absence of such a provision.

14        A variant on Congress's use of the words "may be brought" further demonstrates that such

15   phrasing is not intended to expand jurisdiction beyond 28 U.S.C. § 1391(e) but to limit it to the

16   specifically listed venue.  In 15 U.S.C. § 146a, for example, Congress provided that, in the context of

17   suits by or against a "China Trade Act Corporation," the federal district courts have exclusive

18   original jurisdiction of all suits to which such a corporation, or a stockholder, director, or officer

19   thereof in his capacity as such, is a party, and that suit against the corporation "may be brought in the

20   United States District Court for the District of Columbia or in the Federal district court for any

21   district in which the corporation has an agent and is engaged in doing business." (Emphasis added.)

22   Such a special venue provision must be read as specifying the two authorized venues for such

23   lawsuits.  Under a commonsense reading of this provision, an action filed where a plaintiff resides

24   would be improperly venued unless the plaintiff happened to reside in Washington, D.C. or in a

25   district in which the corporation has an agent and is engaged in doing business.

26        Plaintiffs would stand on firm ground if CERCLA section 310(b)(2) read: "Any action

27

28   *DEF. MOT. TO DISMISS/ SUPPORTING MEM.*

1    brought under subsection (a)(2) of this section may be brought in the United states District Court for

2    the District of Columbia and in any District in which a plaintiff in the action resides." But the

3    provision does not so read, even though Congress knows how to craft such wording. See, e.g., 49

4    U.S.C. § 44309(b)(1), which concerns certain actions against the United States for certain financial

5    losses: "A civil action under subsection (a) of this section may be brought in the judicial district for

6    the District of Columbia or in the judicial district in which the plaintiff or the agent of the plaintiff

7    resides if the plaintiff resides in the United States." (Emphasis added.)

8           Under the special venue provision found at subsection 310(b)(2), Plaintiffs First Cause of

9    Action is improperly brought in this District and should be dismissed.

10   **III.    JURISDICTION OVER PLAINTIFFS' SECOND CLAIM LIES EXCLUSIVELY IN
            THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF**

11   **COLUMBIA**

12          Plaintiffs' Second Claim for Relief asserts that Defendants have acted "in violation" of the

13   APA, by unlawfully withholding or unreasonably delaying actions that Plaintiffs assert are "required

14   by CERCLA." Complt. ¶ 41. Plaintiffs cite Defendants' alleged failures to "prioritize, promulgate,

15   and implement financial responsibility requirements" for various types of facilities involved with

16   hazardous substances. Id. Because the United States Court of Appeals for the District of Columbia

17   has exclusive jurisdiction over such a claim, Plaintiffs' Second Claim for Relief should be dismissed.

18          As noted earlier, CERCLA section 113(a) provides that review of any regulation promulgated

19   under the Act "may be had upon application by any interested person only in the Circuit Court of

20   Appeals of the United States for the District of Columbia." 42 U.S.C. § 9613(a).

21          In Telecommunications Research and Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984)

22   ("TRAC"), the D.C. Circuit held that it has exclusive jurisdiction over a claim of unreasonable delay

23   because the agency action sought to be compelled could be reviewed only in the Court of Appeals.

24   The Ninth Circuit in Public Utility Commissioner of Oregon v. Bonneville Power Admin., 767 F.2d

25   622 (9th Cir. 1985), adopted the D.C. Circuit's holding in TRAC, agreeing that "where a statute

26   commits review of final agency action to the court of appeals, any suit seeking relief that might affect

27

28   *DEF. MOT. TO DISMISS/ SUPPORTING MEM.*

1  the court's future jurisdiction is subject to its exclusive review." <u>Public Utility</u>, 767 F.2d at 626.  In

2  the instant case, Plaintiffs' assertion that Defendants have unreasonably delayed action under

3  CERCLA section 108(b) affects the D.C. Circuit's future jurisdiction, because any challenge to final

4  agency action on the petition would be reviewable only in that court.  Accordingly, under both

5  <u>TRAC</u> and <u>Public Utility</u>, the D.C. Circuit has exclusive jurisdiction over Plaintiffs' claim of

6  unreasonable delay.  <u>See also Maier v. EPA</u>, 114 F.3d 1032 (10th Cir. 1997) (courts of appeal have

7  exclusive jurisdiction over petitions to compel final agency action which would be reviewable only

8  in courts of appeal, thereby ensuring that appellate court will review agency's decision whether

9  ultimate challenge is to failure to revise rule or to decision to revise rule).  <u>Id.</u> at 1038-39.

10        Federal courts are not courts of general jurisdiction; they have only the power authorized by

11  the Constitution and statutes.  <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986).

12  Because subject matter is lacking here, Plaintiffs' Second Claim must be dismissed under Fed. R.

13  Civ. P. 12(b)(1)

**CONCLUSION**

15        For the foregoing reasons, Plaintiffs' Complaint should be dismissed.[5]/

17  Dated: May16, 2008                    Respectfully submitted,

18                                        RONALD J. TENPAS

19                                        Assistant Attorney General
20                                        Environment and Natural Resources Division

21                        _____/s/_____

22                                        MARTIN F. McDERMOTT, Attorney
23                                        United States Department of Justice

---

25  [5]  Although this Court has authority to transfer improperly venued cases in certain situations, in light
    of the nature of the jurisdictional problems with Plaintiffs' Second Claim Defendants suggest that
26  the case simply be dismissed.  If Plaintiffs still wish to proceed, they can file their claims in the
    appropriate courts in the District of Columbia.
27

28  *DEF. MOT. TO DISMISS/ SUPPORTING MEM.*
                                          -14-

1   Of Counsel:

2   MARY GLEAVES
    Office of General Counsel
3   U.S. Environmental Protection Agency
    Pesticides and Toxic Substances Law Office
4   Ariel Rios Building,
    1200 Pennsylvania Avenue, N.W.
5   Washington, D.C. 20460

6   THOMAS F. MAHONEY
    Office of the General Counsel (C-30)
7   Rm W 94-312
    U.S. Department of Transportation
8   1200 New Jersey Ave., S.E.
    Washington, D.C. 20590

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*DEF. MOT. TO DISMISS/ SUPPORTING MEM.*

-15-

1

CERTIFICATE OF SERVICE

2       I hereby certify that on May 16, 2008 a copy of the foregoing DEFENDANTS' MOTION TO
DISMISS AND SUPPORTING MEMORANDUM OF LAW was filed electronically.  Notice of this
3  filing will be sent to each of the parties of record by operation of the Court's electronic filing system.

4

5           /s/
Martin F. McDermott, Trial Attorney

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  *DEF. MOT. TO DISMISS/ SUPPORTING MEM.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEROME DAVIS,

Petitioner,

v.                                        CASE NO. 05-3458-SAC

ENVIRONMENTAL PROTECTION AGENCY,

Respondent.


O R D E R

This matter is before the court on a petition for writ of mandamus filed by a prisoner incarcerated in Nebraska. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915.

Petitioner cites a 2003 declaration of a superfund site in Nebraska, for which he states only one company (ASARCO) has thus far been taken to federal court and found liable. Petitioner complains of inaction by the Environmental Protections Agency (EPA) against specific companies (Union Pacific Railroad Company, Aaron Fere & Sons, and Gould Electronics) regarding this superfund site, and seeks a court order requiring EPA to take these companies to federal court to determine each company's financial liability for cleaning up the site. Petitioner states "it is an injustice to allow these responsible parties to continue using their money and power to disrespect the law." The court presumes petitioner filed this action in the District of Kansas because the regional EPA office responsible for execution

of EPA's programs in Nebraska (Region 7) is located in Kansas City, Kansas.

Under 28 U.S.C. § 1361, a United States District court has original jurisdiction of any action in the nature of mandamus to compel "an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, the "remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). To qualify for mandamus relief, a petitioner must establish: (1) a clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the action in question; and (3) that no other adequate remedy is available. Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990). Although pleadings filed by pro se litigants are to be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), a court is not "bound by conclusory allegations, unwarranted inferences, or legal conclusions" contained therein, Hackford v. Babbitt, 14 F.3d 1457, 1465 (10th Cir. 1994). A court is not to "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997). A court's liberal construction of a pro se pleading "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

In the present case, the court finds petitioner is not

entitled to the drastic and extraordinary relief being requested. Significantly, no such relief is warranted where the availability of a statutory mandamus remedy exists to require the EPA or other relevant agency to perform a mandatory duty under Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) through a citizen suit as authorized by 42 U.S.C. § 9659(a)(2), filed in the United States District Court for District of Columbia, 42 U.S.C. § 9659(b)(2), after proper notice to the EPA Administrator as required under 42 U.S.C. § 9659(e). The court thus denies the application, and concludes the petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner's application for a writ of mandamus is denied, and that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 27th day of January 2006 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

3

1  MARTIN F. McDERMOTT (SBN 6183307 (IL))
   United States Department of Justice
2  Environment & Natural Resources Division
   Environmental Defense Section
3  P.O. Box 23986
   Washington, D.C.  20026-3986
4  Tel: (202) 514-4122
   Fax: (202) 514-8865

5
                 IN THE UNITED STATES DISTRICT COURT
6
              FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
                     SAN FRANCISCO DIVISION
8
   SIERRA CLUB, GREAT BASIN          )
9  RESOURCE WATCH, AMIGOS            )
   BRAVOS, and IDAHO CONSERVATION    )
10 LEAGUE,                           )
                                     )
11          Plaintiffs,              )       Case No.: 3:08-cv-01409-WHA
                                     )
12       v.                          )       **[PROPOSED] ORDER**
   STEPHEN L. JOHNSON, Administrator )       **Hearing Date: June 26, 2008**
13 United States Environmental Protection )   **8:00 am**
   Agency, and MARY E. PETERS,       )       **Courtroom 9, 19th Floor**
14 Secretary, United States Department of )
   Transportation,                   )
15                                    )
            Defendants.              )
16 _____  )

17        Upon motion by Defendants, Stephen L. Johnson, in his official capacity as Administrator

18 of the United States Environmental Protection Agency, and Mary E. Peters, in her official

19 capacity as Secretary of the United States Department of Transportation, the Court  being fully

20 advised in the premises:  IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is

21 granted.

22 Dated: _____
                                     _____
23                                   HON. WILLIAM ALSUP
                                     United States District Court
24

25

26

27

28