MORGAN, LEWIS & BOCKIUS LLP
MICHAEL W. STEINBERG, *Pro Hac Vice*
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
E-mail: msteinberg@morganlewis.com

*Attorney for Intervenors Superfund Settlements Project, RCRA Corrective Action Project, and American Petroleum Institute*

MORGAN, LEWIS & BOCKIUS LLP
BENJAMIN P. SMITH, State Bar No. 197551
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: bsmith@morganlewis.com

*Local Co-Counsel for Intervenors*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, GREAT BASIN RESOURCE WATCH, AMIGOS BRAVOS, and IDAHO CONSERVATION LEAGUE,<br><br>Plaintiffs,<br><br>vs.<br><br>STEPHEN JOHNSON, Administrator, United States Environmental Protection Agency, and MARY E. PETERS, Secretary, United States Department of Transportation,<br><br>Defendants. | Case No. C-08-01409-WHA<br><br>Hon. William H. Alsup<br><br>**INTERVENORS SUPERFUND SETTLEMENTS PROJECT, RCRA CORRECTIVE ACTION PROJECT, AND AMERICAN PETROLEUM INSTITUTE'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Intervenors Superfund Settlements Project, RCRA Corrective Action Project, and American Petroleum Institute (collectively, "Intervenors") by and through their undersigned counsel, pursuant to the May 22, 2008 Order Granting Applicant's Motion to Intervene,[1] answer the numbered paragraphs of the Complaint for Declaratory and Injunctive Relief ("Complaint")

---

[1] This answer supercedes Intervenors' previous proposed answer submitted with the Motion to Intervene.

of Plaintiffs Sierra Club, Great Basin Resource Watch, Amigos Bravos, and Idaho Conservation League (collectively, "Plaintiffs") as follows:

## INTRODUCTION

1. To the extent that Plaintiffs purport to bring a civil action pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and the Administrative Procedure Act ("APA"), no response is required. The remaining allegations in this paragraph constitute legal conclusions to which no response is required, and therefore they are deemed to be denied.

2. The first sentence constitutes a legal conclusion to which no response is required, and therefore is deemed to be denied. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore such allegations are deemed to be denied.

## JURISDICTION

3. The allegations in this paragraph constitute legal conclusions to which no response is required, and therefore are deemed to be denied.

4. Plaintiffs' assertion that venue lies in this Court is a legal conclusion to which no response is necessary, and therefore the assertion is deemed to be denied.

5. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

## PARTIES

6. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

7. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

8. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

9. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

2

INTERVENORS RCAP ET AL'S
ANSWER
No. C-08-01409-WHA

10. Plaintiffs' statement regarding the purpose of CERCLA is a legal conclusion to which no response is required, and therefore is deemed to be denied. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore such allegations are deemed to be denied.

11. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

12. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

13. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

14. Intervenors admit that Stephen Johnson is the Administrator of the United States Environmental Protection Agency. The remaining allegations in this paragraph constitute legal conclusions to which no response is required, and therefore they are deemed to be denied.

15. Intervenors admit that Mary E. Peters is the Secretary of the Department of Transportation. The remaining allegations in this paragraph constitute legal conclusions to which no response is required, and therefore they are deemed to be denied.

## STATUTORY BACKGROUND

16. The allegations in this paragraph constitute legal conclusions to which no response is required, and therefore are deemed to be denied.

17. To the extent that Plaintiffs purport to quote the text of 42 U.S.C. § 9608(b)(1), Intervenors maintain that the statute speaks for itself, and thus no response is required. The remaining allegations in this paragraph constitute legal conclusions to which no response is required, and therefore they are deemed to be denied.

18. To the extent that Plaintiffs purport to quote the text of 42 U.S.C. § 9608(b)(3), Intervenors maintain that the statute speaks for itself, and thus no response is required.

19. Executive Order No. 12,580 speaks for itself, and thus no response is required.

20. Executive Order No. 12,580 speaks for itself, and thus no response is required.

21. The allegations in this paragraph constitute legal conclusions to which no response

is required, and therefore are deemed to be denied. Intervenors maintain that CERCLA § 108(b)(1) speaks for itself.

I. **THE LACK OF FINANCIAL ASSURANCE REGULATIONS INCREASES THE RISK OF HARM TO PEOPLE AND THE ENVIRONMENT FROM IMPROPERLY DISPOSED HAZARDOUS SUBSTANCES.**

22. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

23. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

24. Intervenors deny the allegations in this paragraph.

25. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

26. Intervenors deny the allegations in the second sentence of this paragraph. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore such allegations are deemed to be denied.

27. Intervenors admit that the tax on crude oil and certain chemicals and the tax on corporations that provided funding to Superfund expired in 1995. The remaining allegations in this paragraph constitute legal conclusions to which no response is required, and therefore they are deemed to be denied.

28. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

29. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

30. Intervenors admit that the EPA Office of Inspector General ("OIG") issued a report titled "Congressional Request on Funding Needs for Non-Federal Superfund Sites" on January 7, 2004 ("OIG Report"). To the extent that Plaintiffs purport to quote the text of the OIG Report, Intervenors maintain that the OIG Report speaks for itself, and thus no response is required.

31. To the extent that Plaintiffs purport to quote the text of the OIG Report, Intervenors maintain that the OIG Report speaks for itself, and thus no response is required.

32. To the extent that Plaintiffs purport to quote the text of the OIG Report, Intervenors maintain that the OIG Report speaks for itself, and thus no response is required. The remaining allegations in this paragraph constitute legal conclusions to which no response is required, and therefore they are deemed to be denied.

33. The first sentence of this paragraph constitutes a legal conclusion to which no response is required, and is therefore deemed to be denied. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of this paragraph, and therefore such allegations are deemed to be denied.

34. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

35. Intervenors lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore such allegations are deemed to be denied.

36. Intervenors deny the allegations in the second sentence of this paragraph. The allegations in the first sentence of this paragraph constitute legal conclusions to which no response is required, and therefore they are deemed to be denied.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. § 9608(B)(1)

37. The allegations in this paragraph constitute legal conclusions to which no response is required, and therefore they are deemed to be denied.

38. The allegations in this paragraph constitute legal conclusions to which no response is required, and therefore they are deemed to be denied. To the extent any response is required, Intervenors deny this paragraph.

39. The allegations in this paragraph constitute legal conclusions to which no response is required, and therefore they are deemed to be denied. To the extent any response is required, Intervenors deny this paragraph.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF 5 U.S.C. § 706

40.  The allegations in this paragraph constitute legal conclusions to which no response is required, and therefore they are deemed to be denied.

41.  The allegations in this paragraph constitute legal conclusions to which no response is required, and therefore they are deemed to be denied.

## RELIEF REQUESTED

Intervenors hereby incorporate by reference their responses to paragraphs 1 through 41 above. The Relief Requested constitutes legal conclusions to which no response is required. To the extent any response is required, Intervenors deny that Plaintiffs are entitled to any relief against Defendants Stephen Johnson and Mary E. Peters (collectively, "Defendants").

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Intervenors incorporate their answers to the Complaint in paragraphs 1 through 41 above.

### SECOND DEFENSE

The Court lacks jurisdiction over the subject matter of the Complaint.

### THIRD DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### FOURTH DEFENSE

Plaintiffs' Complaint and requested relief are barred by the applicable statutes of limitations, laches, estoppel, waiver or other equitable defenses.

### FIFTH DEFENSE

Plaintiffs' claims are barred for lack of standing.

### SIXTH DEFENSE

Plaintiffs' claims are barred for improper venue.

///
///
///

Dated: 05/23/08                              Respectfully submitted,


          /s/ Michael W. Steinberg
MICHAEL W. STEINBERG, *Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Telephone: (202) 739-5141
Facsimile: (202) 739-3001

*Attorney for Intervenors Superfund Settlements Project, RCRA Corrective Action Project, and American Petroleum Institute*

BENJAMIN P. SMITH, State Bar No. 197551
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: 415.442.1000
Fax: 415.442.1001
E-mail: bsmith@morganlewis.com

*Local Co-Counsel for Intervenors Superfund Settlements Project, RCRA Corrective Action Project, and American Petroleum Institute*

# PROOF OF SERVICE
## UNITED STATES DISTRICT COURT – NORTHERN DISTRICT OF CALIFORNIA

### SIERRA CLUB, et al. vs. STEPHEN JOHNSON, et al.
Case No. C-08-01409-WHA

I, the undersigned, declare: that I am, and was at the time of service of the documents herein referred to, over the age of 18 years, and not a party t the action; and I am employed in the County of San Francisco, California. My business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On May 23, 2008, I cause the below listed document(s) to be filed using Electronic Case Filing:

**INTERVENORS SUPERFUND SETTLEMENTS PROJECT, RCRA CORRECTIVE ACTION PROJECT, AND AMERICAN PETROLEUM INSTITUTE'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of California that the foregoing is true and correct and was executed on May 23, 2008, at San Francisco, California.

/s/ Paula Lesure
Paula Lesure
Assistant to Laura Alexis Lee, SB 246032
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Tower
San Francisco, CA 94105
Tel: 415/442-1000
Fax: 415/442-1001

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES