LISA GOLLIN EVANS (MA SB # 200730)          THE HONORABLE WILLIAM H. ALSUP
(Admitted *Pro Hac Vice*)
Earthjustice
21 Ocean Avenue
Marblehead, MA  01945
(781) 631-4119
levans@earthjustice.org

JAN HASSELMAN (WSB #29107)
(Admitted *Pro Hac Vice*)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
jhasselman@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Great*
*Basin Resource Watch, Amigos Bravos, and*
*Idaho Conservation League*

GREGORY C. LOARIE (CSB #215859)
Earthjustice
426 - 17th Street, 5th Floor
Oakland, CA  94612
(510) 550-6725
(510) 550-6749 *[FAX]*
gloarie@earthjustice.org

*Local Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| SIERRA CLUB, et al., | ) | Case No.  3:08-cv-01409-WHA |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | PLAINTIFFS' OPPOSITION TO |
| | ) | MOTION TO DISMISS |
| STEPHEN JOHNSON, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| and | ) | |
| | ) | |
| SUPERFUND SETTLEMENTS PROJECT, et al., | ) | |
| | ) | |
| Defendant-Intervenors. | ) | |

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1

## TABLE OF CONTENTS

INTRODUCTION ...........................................................................................................1

BACKGROUND ...........................................................................................................1

STANDARD OF REVIEW ............................................................................................2

ARGUMENT .................................................................................................................2

      A.   Venue in the Northern District of California Is Proper. ............................2

           1.   Absent Clear Indications to the Contrary, Venue Statutes Are
Interpreted Liberally. .............................................................................2

           2.   CERCLA's Citizen Suit Provision Allows, But Does Not
Require, Plaintiffs to Bring This Case in the District of
Columbia.................................................................................................4

           3.   Defendants' Argument That CERCLA § 310(b)(2) Rests
Venue Exclusively in the District of Columbia Must Fail. ..................6

           4.   If Venue Does Not Exist in the Northern District of California,
the Appropriate Remedy Is to Transfer This Case to the
District of Columbia. .............................................................................9

      B.   There Is No Basis on Which to Dismiss Plaintiffs' Alternative APA
Claim.... ..................................................................................................9

CONCLUSION...............................................................................................................12

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1

## TABLE OF AUTHORITIES

2

### CASES

3

Bennett v. Spear,
    520 U.S. 154 (1997)........................................................................................2

4

5

Benzman v. Whitman,
    523 F.3d 119 (2nd Cir. 2008).......................................................................7

6

7

Benzman v. Whitman,
    2006 WL 250527 (S.D.N.Y. Feb 2, 2006)..................................................7

8

Bethlehem Steel Corp. v. EPA,
    782 F.2d 645 (7th Cir. 1986) .....................................................................11

9

10

Ex Parte Collet,
    337 U.S. 55 (1949)........................................................................................8

11

12

Davis v. Environmental Protection Agency,
    194 Fed. Appx. 523 (10th Cir. 2006).........................................................7

13

14

Davis v. Scherer,
    468 U.S. 183 (1984)......................................................................................2

15

Fortney v. United States,
    59 F.3d 117 (9th Cir. 1995) ........................................................................6

16

17

Go-Video, Inc. v. Akai Electric Co.,
    885 F.2d 1406 (9th Cir. 1989) ....................................................................3

18

19

Gulf Oil Corp. v. Gilbert,
    330 U.S. 501 (1947)......................................................................................2

20

Kelly v. Echols,
    2005 WL 2105309 (E.D. Cal. Aug. 30, 2005)...........................................9

21

22

Long Beach v. City of New York,
    445 F. Supp. 1203 (D.N.J. 1978) ............................................................5, 7

23

24

Lopez v. Davis,
    531 U.S. 230 (2001)......................................................................................6

25

Maier v. U.S. EPA,
    114 F.3d 1032 (10th Cir. 1997) ................................................................10

26

27

28

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)   -ii-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

McCrary v. Gutierrez,
    2006 WL 1748410 (E.D. Cal. June 23, 2006) ..................................................5, 7

McGowan v. Scoggins,
    890 F.2d 128 (9th Cir. 1989) ......................................................................2

Miller Brewing Co. v. Landau,
    616 F. Supp. 1285 (D. Wis. 1985) ..............................................................6

Nichols Family Investments LLC v. Hackenburg,
    2006 WL 1549674 (W.D.N.C. June 1, 2006) ...............................................5

Northwest Forest Resource Council v. Babbitt,
    1994 WL 908586 (D.D.C. April 13, 1994) ................................................5, 7

Pure Oil v. Suarez,
    384 U.S. 202 (1966) .................................................................................3

Scheuer v. Rhodes,
    416 U.S. 232 (1974) .................................................................................2

Stafford v. Briggs,
    444 U.S. 527 (1980) .............................................................................2, 3

Sussman v. Bank of Israel,
    56 F.3d 450 (2d Cir.1995) .........................................................................3

Telecommunications Research and Action Center v. FCC,
    750 F.2d 70 (D.C. Cir. 1984) .................................................................10, 12

Tennessee Valley Authority v. Hill,
    437 U.S. 153 (1978) .................................................................................8

Texas Municipal Power Agency v. EPA,
    89 F.3d 858 (D.C. Cir. 1996) .....................................................................2

Trustees for Alaska v. EPA,
    749 F.2d 549 (9th Cir. 1984) ....................................................................11

## STATUTES

5 U.S.C. § 706(1) .........................................................................................1, 10

15 U.S.C. § 2619(a) ...........................................................................................5

16 U.S.C. § 1540(g)(3)(A) ....................................................................................5

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)   -iii-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

18 U.S.C. § 1695(a) .......................................................................................5, 6

28 U.S.C. § 1391 ..........................................................................................2, 6

28 U.S.C. § 1406(a) .........................................................................................9

30 U.S.C. § 1270(c) (1) ...................................................................................4

33 U.S.C. § 1365(c)(1) .....................................................................................4

33 U.S.C. § 1415(g)(3)(A) ...............................................................................5

42 U.S.C. § 7604(c)(1) .....................................................................................4

42 U.S.C. § 9608(b) ......................................................................................1, 6

42 U.S.C. § 9613(a) .....................................................................................4, 11

42 U.S.C. § 9659(a)(2) .........................................................................1, 4, 8, 11

## MISCELLANEOUS

Fed. R. Civ. P. 12(b)(1)..................................................................................1, 2

H.R. Rep. 99-253 (1985), reprinted in 1986 U.S.C.C.A.N. 3124...............................8

S. Rep. 92-414 (1972), reprinted in 1972 U.S.C.C.A.N. 3668 ...................................11

S. Rep. No. 101-228, reprinted in 1990 Clean Air Act Leg. History (1993)................11

S. Rep. No. 1992, 87th Cong., 2d Sess. ..................................................................3

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)    -iv-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INTRODUCTION

Defendants Stephen Johnson and Mary Peters, federal officials charged by law with implementing the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), have moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) based on lack of venue.  Defendants seek to interpret CERCLA's permissive citizen suit venue provision for this action—which allows that suits "may" be filed in the District of Columbia—as a restrictive one. Defendants also argue that this Court lacks jurisdiction over Sierra Club's alternative Administrative Procedures Act ("APA") claim.  Defendants are mistaken on both counts.  Because venue for this case is appropriate in this district, Sierra Club opposes the motion to dismiss.

BACKGROUND

This is a very straightforward case involving defendants' decades-long failure to comply with the nation's principle statutory vehicle for addressing the cleanup of improperly disposed hazardous substances.  In order to reduce the risk of improperly disposed hazardous substances, CERCLA requires defendants to promulgate regulations that would require certain facilities involved with such substances to establish and maintain evidence of financial responsibility. 42 U.S.C. § 9608(b).  These "financial assurance" regulations mandated by CERCLA § 108(b) are intended to ensure that facilities involved in any way with hazardous substances will remain financially responsible for cleaning up improperly disposed hazardous substances.  CERCLA required defendants to publish notice of priority categories for such regulations no later than December 1983, promulgate the regulations themselves beginning in December 1985, and impose financial assurance requirements as quickly as could reasonably be achieved but in no event later than four years after promulgation.  Defendants, however, have taken none of these steps.  The Sierra Club has brought this action to compel defendants to follow the requirements of CERCLA and promulgate financial assurance regulations on a reasonable but rigorous schedule.  Sierra Club's claims arise under both 42 U.S.C. § 9659(a)(2), which authorizes citizen suits against federal officials for failing to perform any nondiscretionary act or duty under CERCLA, and the APA,

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)    -1-

5 U.S.C. § 706(1), which authorizes actions to compel agency action unreasonably withheld or unlawfully delayed.

STANDARD OF REVIEW

When considering a 12(b)(1) motion to dismiss, a district court considers whether, as a legal matter, the court has subject matter jurisdiction over a plaintiff's claim. The inquiry is a highly deferential one, and all allegations should be construed favorably to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); McGowan v. Scoggins, 890 F.2d 128, 129 (9th Cir. 1989) ("we must accept all of the plaintiff's factual allegations as true"). The court must "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." Bennett v. Spear, 520 U.S. 154, 168 (1997) (citations omitted). However, defendants have labeled their motion incorrectly. A motion to dismiss for improper venue falls under Fed. R. Civ. P. 12(b)(3), not 12(b)(1), as venue is not jurisdictional in nature. See, e.g., Texas Mun. Power Agency v. EPA, 89 F.3d 858, 867 (D.C. Cir. 1996). Deference is due plaintiffs' choice of forum. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

ARGUMENT

A.     Venue in the Northern District of California Is Proper.

    1.     *Absent Clear Indications to the Contrary, Venue Statutes Are Interpreted Liberally.*

As defendants correctly observe, there are two kinds of venue statutes: the "general" venue provisions of 28 U.S.C. § 1391 and "special" venue provisions contained within specific statutes. Congress adopted the general venue provision in 28 U.S.C. § 1391(e), which concerns suits against federal officials, for the express purpose of expanding the number of venues in which suit could be brought against such officials. See Stafford v. Briggs, 444 U.S. 527, 541-42 (1980) (purpose of § 1391(e) is to "provide nationwide venue for the convenience of individual plaintiffs in actions which are . . . against the government.")[1] The statute was designed to reduce the burden on the U.S.

---

[1] Under § 1391(e), venue is appropriate wherever any of the following exist: 1) a defendant

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)   -2-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1   District Court for the District of Columbia as well as on plaintiffs for which distant travel could be

2   prohibitive.  See 14D Fed. Prac. & Proc. 3815.  Congress understood that "U.S. attorneys are

3   present in every judicial district" of the United States and thus could defend actions anywhere.

4   Stafford, 444 U.S. at 541-42, quoting S. Rep. No. 1992, 87th Cong., 2d Sess. at 3.  Under the

5   general venue provision, venue may be proper in more than one district, and a plaintiff need not file

6   a suit in the most convenient forum or the one with the most substantial contacts with the dispute.

7   See, e.g., Sussman v. Bank of Israel, 56 F.3d 450, 457 (2d Cir.1995), cert. denied, 516 U.S. 916

8   (1995).

9           While defendants are correct that, generally speaking, special venue statutes control over

10  general ones, it is also true that "provisions in the general statutes are read as supplementing the

11  relevant special statute in the absence of contrary restrictive indications in that special statute."  14D

12  Fed. Prac. & Proc. Juris. 3rd § 3803.  In Go-Video, Inc. v. Akai Elec. Co., 885 F.2d 1406, 1409 (9th

13  Cir. 1989), for example, the Ninth Circuit observed "as a general matter, courts have interpreted

14  special venue provisions to supplement, rather than preempt, general venue statutes."  Id. at 1409

15  citing 15 Wright & Miller, Fed. Prac. & Proc. § 3818 ("Supreme Court has held that special venue

16  statutes are supplemented by, and are to be read in light of, liberalizing provisions of the general

17  venue statutes.")  The Go-Video court analyzed a U.S. Supreme Court case in which a restrictive

18  venue provision in the Jones Act was read broadly in light of the general venue statute and the

19  underlying purposes of the Jones Act.  See id. citing Pure Oil v. Suarez, 384 U.S. 202 (1966).  The

20  Ninth Circuit observed that "the Pure Oil court was squarely within the dominant modern view that

21  venue statutes are given liberal, rather than restrictive, interpretations unless specific evidence

22  militates in favor of a contrary reading."  Id.  Accordingly, absent a clear indication in the language

23  of the statute that a special venue provision was explicitly intended to be restrictive, such provisions

24  are to be read as supplementing the general venue provisions.

25  _____

26  resides; 2) a substantial part of the events or omissions giving rise to the claim occurred; or

27  3) any plaintiff resides (if no real property is involved).  28 U.S.C. § 1391(e).

28

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)    -3-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

2.    *CERCLA's Citizen Suit Provision Allows, But Does Not Require, Plaintiffs to Bring This Case in the District of Columbia.*

Subject matter jurisdiction for CERCLA citizen suits are provided by CERCLA § 310(a), which authorizes two different kinds of citizen suits against federal officials. 42 U.S.C. § 9659(a). First, subsection § 310(a)(1) authorizes actions against "any person . . . which is alleged to be in violation of any standard, regulation, condition, requirement, or order which has become effective pursuant to" CERCLA. Id. Second, subsection § 310(a)(2) authorizes actions "against the President or any other officer of the United States . . . where there is alleged a failure . . . to perform any act or duty under this chapter . . . which is not discretionary . . ." Id. Separately, CERCLA contains a provision addressing review of regulations that are promulgated under its provisions. 42 U.S.C. § 9613(a) (CERCLA § 113(a)).

Each of these three different sources of subject matter jurisdiction contains very precise— and very different—language concerning the appropriate forum in which such actions can be brought. First, any action brought pursuant to § 310(a)(1) "shall be brought in the district court for the district in which the alleged violation occurred." 42 U.S.C. § 9659(b)(1) (emphasis added). Second, § 310(b)(2) specifies that any action brought pursuant to § 310(a)(2) "may be brought in the U.S. District Court for the District of Columbia." Id. § 9659(b)(2) (emphasis added). Finally, subsection § 113(a), concerning judicial review of CERCLA regulations, specifies that such review may be had "only" in the Circuit Court of Appeals for the District of Columbia. 42 U.S.C. § 9613(a) (emphasis added).

The precise use of permissive or, alternatively, mandatory language concerning venue is commonplace in environmental and other statutes where Congress wishes to either expand or restrict the range of plaintiffs' options for bringing the case. For example, the Clean Water Act specifies that citizen suits concerning unlawful discharges "may be brought under this section only in the judicial district in which such source is located." 33 U.S.C. § 1365(c)(1) (emphasis added); see also 42 U.S.C. § 7604(c)(1) (same provision in Clean Air Act); 30 U.S.C. § 1270(c) (1) (same provision in Surface Mining Control & Reclamation Act). Similarly, the Toxic Substances Control

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)    -4-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1    Act states that actions "shall be brought in the district in which the alleged violation occurred or in

2    which the defendant resides." 15 U.S.C. § 2619(a) (emphasis added).

3          The citizen suit provision of the Endangered Species Act ("ESA"), in contrast, states that

4    ESA suits "may be brought in the judicial district in which the violation occurs." 16 U.S.C.

5    § 1540(g)(3)(A) (emphasis added). In Northwest Forest Resource Council v. Babbitt, 1994 WL

6    908586 (D.D.C. April 13, 1994), a district court specifically held that this language expanded rather

7    than restricted a plaintiff's venue options.

8            This statute is written with the permissive "may" and not a mandatory word such as
         "must" or "shall." By its own terms, therefore, the statute permits—but does not
9         require—a lawsuit to "be brought in the judicial district in which the violation
         occurs." It merely expands the scope of permissible venues available for an ESA
10        citizen suit. Plaintiff's interpretation would achieve the opposite result; it would
         force a lawsuit to be brought only in the district where the violation occurred.
11

12    Id. at *2; see also McCrary v. Gutierrez, 2006 WL 1748410, at *2 (E.D. Cal. June 23, 2006) (citing

13    Northwest Forest Resource Council) ("The ESA [venue] provision supplements the general venue

14    statute."). Similarly, the citizen suit provision of the Marine Protection, Research, and Sanctuaries

15    Act states that "[a]ny suit under this subsection may be brought in the judicial district in which the

16    violation occurs." 33 U.S.C. § 1415(g)(3)(A) (emphasis added). In Long Beach v. City of New

17    York, 445 F. Supp. 1203, 1207 (D.N.J. 1978), the court held that the venue provision was

18    permissive, not restrictive and that even though the alleged violations originated in New York,

19    venue was proper in New Jersey. Id.

20          These examples are not limited to the environmental context. In Nichols Family

21    Investments LLC v. Hackenburg, 2006 WL 1549674 (W.D.N.C. June 1, 2006), the court addressed

22    a special venue provision in RICO that provides: "Any civil action or proceeding under this chapter

23    against any person may be instituted in the district court of the United States for any district in

24    which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1695(a)

25    (emphasis added). In Nichols Family, the Court observed that venue could be established under this

26    provision or the general venue statute. Id. at *3. In fact, the court found that venue did not lie in the

27    Western District of North Carolina under § 1695(a), but nonetheless found the case proper under the

28

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)   -5-

general venue statute. <u>Id.</u>; <u>see also</u> <u>Miller Brewing Co. v. Landau</u>, 616 F. Supp. 1285, 1291 (D. Wis. 1985) (same).

In short, the general venue statute for actions against federal officials provides that "except as otherwise provided by law," actions can be brought in one of several different locations. 28 U.S.C. § 1391(e). Where statute-specific venue provisions use obviously restrictive language such as "shall" or "may only," the general venue statute does not apply. However, where statute-specific venue provisions use permissive language such as "may," the courts have read them as supplementing, rather than supplanting, the general venue statute.

3.    *Defendants' Argument That CERCLA § 310(b)(2) Rests Venue Exclusively in the District of Columbia Must Fail.*

Plaintiffs have brought this case pursuant to CERCLA § 310(a)(2), as it addresses EPA's failure to promulgate financial assurances regulations, a nondiscretionary duty under CERCLA. <u>See</u> 42 U.S.C. § 9608(b). Plaintiff brought this case in the Northern District of California because its lead plaintiff is headquartered in this District. Defendants evidently have no argument that venue is inappropriate under 28 U.S.C. § 1391(e) or that a different CERCLA citizen provision applies to this case. Rather, they argue that CERCLA § 310(b)(2) restricts venue exclusively in the district court for the District of Columbia.

As noted, the governing venue provision for § 310(a)(2) citizen suits states that actions "may be brought" in the District of Columbia. In their motion to dismiss, defendants seek to turn the plain language of the statute on its head. Even though Congress deliberately used formulations of "shall" and "may only" in other provisions of CERCLA, it chose a more permissive formulation in § 310(b)(2). Under defendants' argument, Congress's choice is to be ignored, and the "may" in § 310(b)(2) converted to a "shall." As a simple matter of statutory construction, defendants' argument must fail. <u>See</u> <u>Fortney v. United States</u>, 59 F.3d 117, 120 (9th Cir. 1995) ("Congress is presumed to act intentionally and purposely when it includes language in one section but omits it in another.") (quotations and citations omitted); <u>see also</u> <u>Lopez v. Davis</u>, 531 U.S. 230, 241 (2001) (contrasting use of "may" and "shall" within separate provisions of the same statute).

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1   Defendants are unable to point to a single case in which a court granted a motion to

2  dismiss—or even a motion to transfer venue—where a plaintiff had brought suit under a permissive

3  venue provision like the one applicable to § 310(a)(2) cases.  To the contrary, the 10th Circuit

4  specifically reversed a district court that had held that a § 310(a)(2) claim had to be brought in the

5  District of Columbia.  Davis v. Environmental Protection Agency, 194 Fed. Appx. 523 (10th Cir.

6  2006).  The 10th Circuit observed that the language of § 310(b)(2) is "permissive, not mandatory,"

7  and stood in contrast to the restrictive language of § 310(b)(1) (suits "shall be brought" where

8  violation occurred).  Id. at *3 (emphasis in original).  The 10th Circuit's decision was consistent with

9  the decisions cited above in which courts have interpreted identical language to expand rather than

10  restrict the range of venue options.  See McCrary v. Gutierrez,, 2006 WL 1748410, at *2; Northwest

11  Forest Resource Council v. Babbitt, 1994 WL 908586, at *2; Long Beach v. City of New York,

12  445 F. Supp. at 1207.

13   Defendants place great weight on a recent Second Circuit case observing that §310(a)(2)

14  cases "must" be brought in the District of Columbia.  Benzman v. Whitman, 523 F.3d 119, 133 n.5

15  (2nd Cir. 2008).  What defendants neglect to disclose, however, is that the court's statement appears

16  in a one-sentence footnote that is entirely ancillary to the litigated issue.  See id.  The CERCLA

17  issue in that case—which had nothing at all to do with venue—was whether plaintiffs' claims

18  against EPA were properly pled under § 310(a)(1) or § 310(a)(2).  Plaintiffs pled under the former,

19  but the district court ruled that they should have been filed under the latter, a ruling upheld on

20  appeal.  In *dicta* relegated to a footnote, the Second Circuit observed that plaintiffs "apparently used

21  subsection (1) rather than subsection (2) because broader relief is available in suits under subsection

22  (1) and suits under subsection (2) must be brought in the District Court for the District of

23  Columbia."  Id.  Under the circumstances, it is highly doubtful that the parties even briefed the issue

24  of venue in the context of this case.  Defendants place more weight on this slender reed than it

25  should be asked to bear.[2]

---

26  [2] The district court opinion suffered from the identical flaw.  Benzman v. Whitman, 2006 WL
27  250527 (S.D.N.Y. Feb 2, 2006) at *30.

28

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)    -7-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1    Defendants also make the argument that since the President and the head of the EPA are

2    located in Washington, D.C., there would simply be no purpose in having § 310(b)(2) at all—as the

3    District of Columbia would always be a proper venue under § 1391(e). Def. Motion at 9.  However,

4    this argument ignores that § 310(a)(2) authorizes suit against either the President or "any other

5    officer of the United States" for failure to perform a nondiscretionary duty under CERCLA.

6    42 U.S.C. § 9659(a)(2).  Where a regional EPA officer failed to take a nondiscretionary action, for

7    example, the venue provision would allow venue in Washington D.C. where it might not otherwise

8    be available under the general venue statute.  In other words, there are ample grounds to conclude

9    that Congress meant to provide an optional, additional location for such suits rather than simply

10   requiring that all suits be brought in the District of Columbia.

11   Defendants' citation to the legislative history is similarly unavailing.  As a threshold matter,

12   where the statute's language is plain—and the juxtaposition of permissive and mandatory venue

13   provisions so apparent—there is no need to resort to legislative history at all.  Ex Parte Collet,

14   337 U.S. 55, 61 (1949) ("there is no need to refer to the legislative history where the statutory

15   language is clear.  'The plain words and meaning of a statute cannot be overcome by a legislative

16   history which through strained processes of deduction from events of wholly ambiguous

17   significance, may furnish dubious bases for inference in every direction.'"); see also Tennessee

18   Valley Authority v. Hill, 437 U.S. 153, 185 n.29 (1978).  In any event, the legislative history simply

19   confirms that § 310(a)(1) suits "shall be brought" where the violation occurred and that § 310(a)(2)

20   suits "may be brought" in the District of Columbia.  See H.R. Rep. 99-253 at 81 (1985), reprinted in

21   1986 U.S.C.C.A.N. 3124, 3204.  The provision cited by defendants actually states that such suits

22   may be brought in either the district where the violation occurs or the District of Columbia.  Def.

23   Motion at 6.  The statute, however, only refers to the latter.  If anything, the legislative history

24   seems to confirm that Congress intended a broader sweep of venue possibilities for § 310(a)(2)

25   cases than the one advocated by defendants.

26   In defendants' view, the side-by-side juxtaposition of the mandatory "shall" language of

27   § 310(b)(1) (as well as the "may only" language of § 113) with the permissive "may" language of

28

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)   -8-

1   § 310(b)(2) is simply accidental and is to be ignored by this Court.  As a matter of statutory

2   construction, Congressional intent, and legislative history, this argument must fail.

3          **4.      *If Venue Does Not Exist in the Northern District of California, the
               Appropriate Remedy Is to Transfer This Case to the District of Columbia.***

4

5          For the reasons discussed above, venue for this case lies in the Northern District of

6   California as well as in other venues consistent with § 1391(e) and CERCLA § 310(b)(2).  Under

7   these circumstances, deference is due plaintiffs' choice of forum, and the case should proceed here.

8   If this Court determines otherwise, the appropriate remedy is not to dismiss this case but to transfer

9   it to the District of Columbia.  See 28 U.S.C. § 1406(a) ("The district court of a district in which is

10  filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of

11  justice, transfer such case to any district or division in which it could have been brought."); 5B Fed.

12  Prac. & Proc. 1352 ("transfer, rather than the harsh remedy of dismissal, seems to be the better

13  approach whenever possible").  "In determining whether to transfer or dismiss a case, the court may

14  consider: the applicable statute of limitations, the relative injustice imposed on the parties, whether

15  the suit was filed in bad faith or for harassment, whether the plaintiff has requested or shown an

16  interest in a transfer, and whether the chosen venue was clearly or obviously improper."  Kelly v.

17  Echols, 2005 WL 2105309 at *12 (E.D. Cal. Aug. 30, 2005).

18         If this Court concludes that § 310(b)(2) limits jurisdiction of § 310(a)(2) citizen suits to the

19  District of Columbia, plaintiffs respectfully request that this Court transfer this case there, rather

20  than dismiss it.  There are no statute of limitations or other jurisdictional defects that have been

21  raised.  Dismissing this case will result in additional delay and expense for plaintiffs, who will have

22  to refile it, while transfer will not adversely impact defendants.  And given the plain language of the

23  statute, which Sierra Club reasonably interpreted to mean that venue in the District of Columbia was

24  not mandatory, there can be no claim that filing this case in the Northern District of California was

25  filed in bad faith or was "obviously improper."

26         B.      There Is No Basis on Which to Dismiss Plaintiffs' Alternative APA Claim.

27         In this case, Sierra Club is concerned with one—and only one—issue: EPA's decades-long

28

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)    -9-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

failure to promulgate financial assurances regulations as required by CERCLA § 108(b).  Sierra

Club believes that this claim is actionable under CERCLA § 310(a)(2), which specifically provides

for citizen suits against federal officials for failing to carry out nondiscretionary duties, including

those arising under § 108(b).  However, Sierra Club pled in the alternative under the federal

Administrative Procedure Act ("APA"), which authorizes suits to "compel agency action

unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  If this Court were to find that

jurisdiction is lacking or relief constrained under the CERCLA citizen suit provision, relief is also

available under APA § 706.

Defendants seek dismissal of Sierra Club's APA claim pursuant to <u>Telecommunications

Research and Action Center v. FCC</u>, 750 F.2d 70 (D.C. Cir. 1984) ("<u>TRAC</u>").  In <u>TRAC</u>, the D.C.

Circuit held that where a statute commits review of agency action to the Court of Appeals, "any suit

<u>that might affect the Circuit Court's future jurisdiction</u> is subject to the exclusive review of the

Court of Appeals."  <u>Id.</u> at 79 (emphasis added).  Defendants reason that since any hypothetical

future challenge to the § 108(b) rules would have to be heard in the D.C. Circuit, Sierra Club's APA

case can also only be heard in the D.C. Circuit.  However, <u>TRAC</u> has never been read to require

APA § 706(1) claims to be heard only in the Circuit Courts, and certainly does not compel dismissal

of the APA claims here.

<u>Maier v. U.S. EPA</u>, a Clean Water Act ("CWA") case on which defendants rely, is

instructive.  114 F.3d 1032 (10th Cir. 1997).  The CWA, like CERCLA, contains a bifurcated system

of judicial review: challenges to the substance of regulations are brought in the Circuit Court, while

challenges to failures to carry out nondiscretionary duties are brought in the district court.  <u>Id.</u> at

1036-38.  In <u>Maier</u>, a plaintiff petitioned EPA to change one of its regulations in light of new

information.  EPA denied that petition, and plaintiffs brought suit to challenge that denial.  The

Circuit Court had little difficulty in finding that it had exclusive jurisdiction over the case, as it was

"more akin to a challenge to the existing rule than a challenge to promulgate a new rule."  <u>Id.</u> at

1038.  However, the Court went out of its way to distinguish this scenario from cases involving a

failure to perform a nondiscretionary duty, which could only be brought in the district court.  <u>Id.</u> at

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)    -10-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1    1038-39.  Indeed, it is well established under the CWA that exclusive jurisdiction for challenges for

2    failure to take nondiscretionary action is in the district court.  See, e.g., Trustees for Alaska v. EPA,

3    749 F.2d 549, 558-59 (9th Cir. 1984).

4         This kind of bifurcation is neither accidental nor careless.  Congress adopts provisions for

5    the exclusive substantive review of rules in the D.C. Circuit where those rules are of nationwide

6    application, and thus it is important for their application to be consistent.  See, e.g., S. Rep. 92-414

7    (1972), reprinted in 1972 U.S.C.C.A.N. 3668, 3751 (exclusive review provision in CWA).  In

8    contrast, an action for unreasonably delaying or unlawfully withholding such rules does not

9    implicate these concerns.  Regardless of where such case is brought, the remedy is a straightforward

10   and fundamentally procedural one:  an order mandating issuance of the required rules within an

11   appropriate time frame.  There is little risk of inconsistent decisions between districts, and the

12   substance of the rules is not implicated.  In fact, in adopting a similar bifurcated scheme in the Clean

13   Air Act, the legislative history specifically noted the "general principle" that the district courts "are

14   better suited to address claims of agency inaction than are the courts of appeals."  S. Rep. No. 101-

15   228, reprinted in 1990 Clean Air Act Leg. History, at 8714 (1993); see also Bethlehem Steel Corp.

16   v. EPA, 782 F.2d  645, 656 (7th Cir. 1986) (while court of appeals may be appropriate venue for

17   review of regulations, "a district judge, not a panel of three or more court of appeals judges" is

18   better equipped to order EPA to conduct a new rulemaking proceeding).

19        CERCLA contains bifurcated review provisions that are similar to the CWA.  Substantive

20   review of regulations promulgated under CERCLA must be filed in the D.C. Circuit, 42 U.S.C.

21   § 9613(a), while challenges to the agency's failure to carry out nondiscretionary duties are filed in

22   the district court.  42 U.S.C. § 9659(a)(2), (b)(2).  Defendants have never issued any regulations

23   under CERCLA—indeed, that is the point of this case—and hence there is nothing to challenge

24   under § 113.  If defendants' TRAC argument is correct, then Sierra Club's challenge to that failure,

25   whether pled as an APA claim or a CERCLA § 310(a)(2) citizen suit, would have to be filed in the

26   D.C. Circuit, thereby defeating Congress's specific venue provision for challenges to agency failure

27   to act in the district court.

28

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)   -11-

1    There simply is no reason for this Court to adopt such a strained and expansive reading of

2    TRAC.  TRAC is based on the premise that where a case might affect the Circuit Court's future

3    jurisdiction, review should lie with the Circuit Court in the first instance.  See TRAC, 750 F.2d at

4    79.  However, this case does not implicate the hypothetical review of any future CERCLA § 108(b)

5    regulations, by Sierra Club or anyone else, in any conceivable respect.  Should Sierra Club prevail

6    in this case, the remedy it seeks is an order requiring defendants to comply with § 108(b) on a

7    reasonable and rigorous schedule.  Sierra Club is not in any respect seeking to challenge the

8    adequacy of any future rules, nor has it (or will it) ask the Court to retain jurisdiction over this case

9    for the purpose of reviewing the future rules.  Should Sierra Club or any other party have a concern

10   over the adequacy of such future rules, it retains the right, unaffected in any respect, to file a case in

11   the D.C. Circuit under § 113 for review.  The concerns that motivated the TRAC court simply do

12   not apply to this situation.

CONCLUSION

13

14       For the foregoing reasons, Sierra Club respectfully requests that the motion to dismiss be

15   DENIED in its entirety.  As observed above, if this Court finds venue does not exist in this district,

16   Sierra Club respectfully requests that this action be transferred to the District Court for the District

17   of Columbia rather than dismissed.

18       Respectfully submitted this 12th day of June, 2008.

19

20

21                                                    /s/  Jan Hasselman
                                                     JAN HASSELMAN
22                                                   Earthjustice
                                                     705 Second Avenue, Suite 203
23                                                   Seattle, WA  98104
                                                     (206) 343-7340
24                                                   (206) 343-1526 *[FAX]*
                                                     jhasselman@earthjustice.org
25

26

27

28

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)   -12-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LISA GOLLIN EVANS
Earthjustice
21 Ocean Avenue
Marblehead, MA  01945
(781) 631-4119
levans@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Great Basin Resource Watch, Amigos Bravos, and Idaho Conservation League*

GREGORY C. LOARIE (CA Bar No. 215859)
Earthjustice
426 - 17th Street, 5th Floor
Oakland, CA  94612
(510) 550-6725
(510) 550-6749 *[FAX]*
gloarie@earthjustice.org

*Local Counsel for Plaintiffs*

PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS
(Case No. 3:08-cv-01409-WHA)    -13-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*