RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

MARTIN F. McDERMOTT (SBN 6183307 (IL))
ROCHELLE L. RUSSELL (CA Bar No. 244992)
Trial Attorneys
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel:    (202) 514-1950
Fax:    (202) 514-8865
Email: martin.mcdermott@usdoj.gov
Email: rochelle.russell@usdoj.gov
*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, GREAT BASIN RESOURCE WATCH, AMIGOS BRAVOS, and IDAHO CONSERVATION LEAGUE, | Civil Case No. C 08-01409 WHA |
| Plaintiffs, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency, and MARY E. PETERS, Secretary, United States Department of Transportation, | |
| Defendants, | |
| and | |
| SUPERFUND SETTLEMENTS PROJECT, RCRA CORRECTIVE ACTION PROJECT, and AMERICAN PETROLEUM INSTITUTES, | |
| Defendant-Intervenors. | |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' FIRST CLAIM
      FOR RELIEF BECAUSE THE SPECIFIC VENUE REQUIREMENT OF THE
      UNITED STATES' WAIVER OF SOVEREIGN IMMUNITY FOR
      NONDISCRETIONARY SUITS UNDER SECTION 310(a)(2) OF CERCLA
      HAS NOT BEEN MET . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      A.    Section 310(b)(2) of CERCLA Is a Component of the United States'
            Waiver of Sovereign Immunity for Suits Brought under Section 310(a)(2)
            of CERCLA and Must Therefore Be Strictly Construed In Favor of
            the Sovereign . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      B.    Plaintiffs' Arguments in Support of the Application of the General
            Venue Provision in 28 U.S.C. § 1391(e) Are of No Consequence . . . . . . . . . . 2

II.   THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' SECOND CLAIM
      FOR RELIEF BECAUSE REVIEW IS AVAILABLE ONLY UNDER CERCLA'S
      CITIZEN SUIT PROVISION FOR PLAINTIFFS' UNLAWFULLY WITHHELD
      CLAIM AND BECAUSE REVIEW IS AVAILABLE ONLY IN THE D.C. COURT
      OF APPEALS FOR PLAINTIFFS' UNREASONABLE DELAY CLAIM . . . . . . . . . . 8

      A.    Review of Plaintiffs' Unlawfully Withheld Claim Is Precluded Because It
            Duplicates Plaintiffs' Nondiscretionary Duty Claim. . . . . . . . . . . . . . . . . . . . . 8

      B.    Plaintiffs' Unreasonable Delay Claim May Be Brought Only in the D.C.
            Court of Appeals Because That Court Has Exclusive Jurisdiction to Review
            Such Claims under TRAC. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

III.  DISMISSAL OF PLAINTIFFS' COMPLAINT IS THE ONLY APPROPRIATE
      RELIEF FOR LACK OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TABLE OF AUTHORITIES

CASES

Benzman v. Whitman,

No. 04 Civ. 1888, 2006 WL 250527 (S.D.N.Y. Feb. 2, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Benzman v. Whitman,

523 F.3d 119 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Bethlehem Steel Corp v. EPA,

782 F.2d 645 (7th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

In re Bluewater Network,

234 F.3d 1305 (D.C. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Bowen v. Massachusetts,

487 U.S. 879 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Brem-Air Disposal v. Cohen,

156 F.3d 1002 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.,

529 U.S. 193 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Daniel v. Am. Bd. of Emergency Med.,

428 F.3d 408 (2d Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Davis v. EPA,

194 Fed. Appx. 523 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Davis v. EPA,

No. 05-3458-SAC (D. Kan. Jan. 27, 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Demarest v. United States,

718 F.2d 964 (9th Cir.1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Demarest v. United States,

466 U.S. 950 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Envtl. Def. Fund v. U.S. Nuclear Regulatory Comm'n,

902 F.2d 785 (10th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

1  Go-Video, Inc. v. Akai Elec. Co.,
2   885 F.2d 1406 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
3  Hayes v. Whitman,
4   264 F.3d 1017 (10th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
5  Herman Family Revocable Trust v. Teddy Bear,
6   254 F.3d 802 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
7  Irwin v. Dep't of Veterans Affairs,
8   498 U.S. 89 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
9  Kimberlin v. Quinlan,
10   774 F. Supp. 1 (D.D.C. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
11  Kimberlin v. Quinlan,
12  6 F.3d 789 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
13  Long Beach v. City of New York,
14   445 F. Supp. 1203 (D.C. N.J. 1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
15  Maier v. EPA,
16   114 F.3d 1032 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
17  McCrary v. Gutierrez,
18   528 F. Supp. 2d 995 (N.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
19  Northwest Forest Res. Council v. Babbit,
20   No. 93-1579, 1994 WL 908586 (D.D.C. Apr. 13, 1994) . . . . . . . . . . . . . . . . . . . . . . . . 7
21  Oregon Nat'l Res. Council v. U. S. Forest Serv.,
22   834 F.2d 842 (9th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
23  Orff v. United States,
24   358 F.3d 1137 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
25  Orff v. United States
26   545 U.S. 596 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
27  Paley v. Wolk,
28   262 F. Supp. 640 (D.C. Ill. 1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

1    Phillips v. Rubin,

2       76 F. Supp. 2d 1079 (D. Nev. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3    Physicians Comm. for Responsible Med. v. Horinko,

4       285 F. Supp. 2d 430 (S.D.N.Y. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5    Public Util. Comm'r of Or. v. Bonneville Power Admin.,

6       767 F.2d 622 (9th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

7    Schwarder v. United States,

8       974 F.2d 1118 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9    Sierra Club v. EPA,

10      475 F. Supp. 2d 29 (D.D.C. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11   Sierra Club v. Johnson,

12      500 F. Supp. 2d 936 (N.D. Ill. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

13   Sierra Club v. Thomas,

14      828 F.2d 783 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 12, 13

15   Telecomm. Research & Action Ctr. v. FCC,

16      750 F.2d 70 (D.C. Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

17   Trustees for Alaska v. EPA,

18      749 F.2d 549 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

19   United States Dep't of Energy v. Ohio,

20      503 U.S. 607 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21   United States v. Mitchell,

22      463 U.S. 206 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

23   United States v. Sherwood,

24      312 U.S. 584 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

25   United States v. Testan,

26      424 U.S. 392 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

27   Warren v. Fox Family Worldwide, Inc.,

28      328 F.3d 1136 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

STATUTES

Administrative Procedure Act,

5 U.S.C. 706(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Title 28 Judiciary and Judicial Procedure,

28 U.S.C. § 1391 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1391(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1406(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

Title 35 Patents,

35 U.S.C. § 145 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Endangered Species Act,

42 U.S.C. § 1540(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

42 U.S.C. § 1540(g)(3)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Comprehensive Environmental Response, Compensation & Liability Act,

42 U.S.C. § 9608(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

42 U.S.C. § 9613(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

42 U.S.C. § 9659(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

42  U.S.C. § 9659(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

RULES

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INTRODUCTION

In their Opposition, DE #42, Plaintiffs misconstrue Defendants' Motion to Dismiss ("Motion"), DE #29, as one for improper venue under Fed. R. Civ. P. 12(b)(3). See P. Opp. at 2. Defendants' Motion is not based solely on improper venue under Rule 12(b)(3) but rather on this Court's lack of subject matter jurisdiction under Rule 12(b)(1). This Court lacks jurisdiction over Plaintiffs' First Claim for Relief because venue is an express condition of the United States' waiver of sovereign immunity for suits brought under section 310(a)(2) of CERCLA, 42 U.S.C. § 9659(a)(2), and venue for such suits is proper only in the United States District Court for the District of Columbia. This Court also lacks jurisdiction over Plaintiffs' Second Claim for Relief because Plaintiffs' "unlawfully withheld" claim is duplicative and therefore precluded, and because the D.C. Court of Appeals has exclusive jurisdiction over Plaintiffs' "unreasonable delay" claim. Plaintiffs' arguments to the contrary ignore the basic tenets of statutory construction that apply to waivers of sovereign immunity and misinterpret the case law and statutory authority that govern this case. In any event, Plaintiffs' claims have been brought in the wrong court, and are therefore also subject to dismissal for improper venue under Rule 12(b)(3).

ARGUMENT

I.     THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' FIRST CLAIM FOR RELIEF BECAUSE THE SPECIFIC VENUE REQUIREMENT OF THE UNITED STATES' WAIVER OF SOVEREIGN IMMUNITY FOR NONDISCRETIONARY SUITS UNDER SECTION 310(a)(2) OF CERCLA HAS NOT BEEN MET

In their Opposition, Plaintiffs proceed under the fiction that Defendants' Motion is predicated upon a traditional improper venue analysis. It is not. The venue provision in section 310(a)(2) of CERCLA for nondiscretionary citizen suits against the government is a component of the United States' waiver of sovereign immunity. Waiver of sovereign immunity, in turn, is an essential component of this Court's jurisdiction. As explained below, the United States has not waived sovereign immunity with respect to Plaintiffs' First Claim for Relief in this Court because venue lies only in the District Court for the District of Columbia.

//
//

1

A.    Section 310(b)(2) of CERCLA Is a Component of the United States' Waiver of Sovereign Immunity for Suits Brought under Section 310(a)(2) of CERCLA and Must Therefore Be Strictly Construed In Favor of the Sovereign.

2

3      The United States, as a sovereign, may not be sued without its consent. United States v.

4    Mitchell, 463 U.S. 206, 212 (1983).  Thus, "[a]ny claim for which sovereign immunity has not

5    been waived must be dismissed for lack of jurisdiction." Orff v. United States, 358 F.3d 1137,

6    1142 (9th Cir. 2004), aff'd, 545 U.S. 596 (2005).  Waivers of sovereign immunity "must be

7    construed strictly in favor of the sovereign" and may not be enlarged "beyond what the language

8    requires." United States Dep't of Energy v. Ohio, 503 U.S. 607, 615 (1992) (internal quotation

9    and citation omitted).  Moreover, because the United States is a sovereign, "'the *terms* of its

10   consent to be sued in any court *define that court's jurisdiction* to entertain the suit.'" United

11   States v. Testan, 424 U.S. 392, 399 (1976) (quoting United States v. Sherwood, 312 U.S. 584,

12   586 (1941)) (emphasis added).

13     Plaintiffs' First Claim for Relief is brought pursuant to the citizen suit provision in

14   section 310(a)(2) of CERCLA.  See Compl. ¶¶ 37-39.  Section 310(a)(2) permits suit against the

15   President and other officers for alleged failures to perform certain nondiscretionary duties under

16   the Act.  Such nondiscretionary citizen suit provisions constitute limited waivers of sovereign

17   immunity.  See Sierra Club v. EPA, 475 F. Supp. 2d 29, 31 (D.D.C. 2007) (Clean Water Act's

18   nondiscretionary citizen suit provision is a waiver of sovereign immunity); Sierra Club v.

19   Johnson, 500 F. Supp. 2d 936, 940 (N.D. Ill. 2007) (same for Clean Air Act's nondiscretionary

20   citizen suit provision); Physicians Comm. for Responsible Med. v. Horinko, 285 F. Supp. 2d

21   430, 441 (S.D.N.Y. 2003) (same for Toxic Substances Control Act's nondiscretionary citizen suit

22   provision).  Accordingly, the terms of the United States' waiver of sovereign immunity for suits

23   brought under section 310(a)(2) of CERCLA *define this court's jurisdiction* over Plaintiffs' First

24   Claim for Relief.  See Sherwood, 312 U.S. at 586-87.

25     The terms of the United States' waiver under section 310(a)(2) include a limited set of

26   alleged failures for which suit can be brought – *i.e.*, only duties that are nondiscretionary – and a

27   limited forum in which such suits can be brought – *i.e.*, only in the United States District Court

28   of the District of Columbia.  This venue limitation is found in section 310(b)(2) of CERCLA, 42

1    U.S.C. § 9659(b)(2), which provides that "[a]ny action brought under subsection (a)(2) of this

2    section may be brought in the United States District Court for the District of Columbia." Thus,

3    in this context, where the forum specified in section 310(b)(2) is a component of the United

4    States' waiver of sovereign immunity for suits brought under section 310(a)(2), venue must be

5    construed narrowly and in favor of the sovereign. See Irwin v. Dep't of Veterans Affairs, 498

6    U.S. 89, 94 (1990) (filing deadline for employment discrimination suits against the government

7    "is a condition to the waiver of sovereign immunity [which] thus must be strictly construed.");

8    Phillips v. Rubin, 76 F. Supp. 2d 1079, 1082-83 (D. Nev. 1999) (specific venue requirement for

9    suits brought against the government under Title VII is "part of the waiver of sovereign immunity

10   . . . [which] must be given strict interpretation."); Kimberlin v. Quinlan, 774 F. Supp. 1, 10

11   (D.D.C. 1991), rev'd on other grounds, 6 F.3d 789 (D.C. Cir. 1993) (action brought under the

12   Federal Tort Claims Act involves a "statutory waiver of sovereign immunity" which "specifies

13   precisely in which courts venue is proper" and which "must therefore be strictly construed.").

14          Construing section 310(b)(2) strictly in favor of the sovereign and without enlarging its

15   language beyond what is required, Congress's specification that nondiscretionary citizen suits

16   under section 310(a)(2) "may be brought in the United States District Court for the District of

17   Columbia" must be read as requiring such suits to be brought in that forum alone. The word

18   "may" is used in the permissive sense only with regard to the bringing of suit. The relevant and

19   controlling provision for determining venue is found in the phrase "in the United States District

20   Court for the District of Columbia," which constitutes the exhaustive list of forums available for

21   such suits. See Def. Motion at 6-9. In effect, the specification of the District Court for the

22   District of Columbia in section 310(b)(2) both establishes and restricts where nondiscretionary

23   citizen suits under CERCLA "may" be brought. Id.

24          Accordingly, because venue is proper only in the District Court for the District of

25   Columbia, the United States has not waived sovereign immunity for a section 310(a)(2) claim in

26   this Court, and the claim must therefore be dismissed for lack of jurisdiction.

27   //

28   //

1
2

   B.    Plaintiffs' Arguments in Support of the Application of the General Venue
         Provision in 28 U.S.C. § 1391(e) Are of No Consequence.

3    Plaintiffs' arguments in support of establishing venue under the general venue provision

4    in 28 U.S.C. § 1391(e) are unavailing. To begin, Plaintiffs disregard the well-established rule

5    that a special venue provision specifically identifying the proper venue for a particular cause of

6    action controls over the general venue provisions in 28 U.S.C. § 1391. See Def. Motion at 5-6.

7    And while Plaintiffs might be correct that *unless* there is evidence that Congress intended a

8    special venue provision to be exclusive, it should be read as supplementing a general venue

9    provision, see P. Opp. at 3, here, Congress's identification of one specific forum in section

10   310(b)(2) and the legislative history restricting forum selection in section 310(b)(2) demonstrates

11   a clear intention that section 310(b)(2) be exclusive of section 1391(e).

12        In particular, Plaintiffs have not, and cannot, advance a plausible reason as to why

13   Congress would have specified the District Court for the District of Columbia in section

14   310(b)(2), if not for the purpose of limiting venue to that forum. Indeed, Plaintiffs' sole

15   justification – that Congress may have specified the District of Columbia to permit suit against

16   regional agency administrators who reside outside of Washington, D.C., see P. Opp. at 8 – is

17   patently unconvincing. The general venue provision in section 1391(e) *already* allows suit

18   against agency administrators to be brought in the District of Columbia. See Def. Motion at 9.

19   Specifically, section 1391(e) provides that venue is proper in any judicial district in which *any* of

20   the federal defendants reside – including persons sued in their official capacities as agency

21   administrators.[1]/ Plaintiffs have provided no example of an action under CERCLA that could be

22   pursued exclusively against a regional administrator and not also against the President or head

23   administrator of the agency, who, for venue purposes, reside in Washington, D.C. See Def.

24   _____

25   [1]/     "A civil action in which a defendant is an officer or employee of the United States or any
26   agency thereof acting in his official capacity or under color of legal authority, or an agency of the
     United States, or the United States, may, except as otherwise provided by law, be brought in any
27   judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events
     or omissions giving rise to the claim occurred, or a substantial part of property that is the subject
28   of the action is situated, or (3) the plaintiff resides if no real property is involved in the action."
     28 U.S.C. § 1391(e).

1    Motion at 7.  In other words, Congress would have had no reason to specify venue in the District

2    of Columbia for the reason Plaintiffs propose.  In any event, nothing in the legislative history of

3    section 310(b)(2) suggests that Congress was aware of, let alone concerned with, citizens' ability

4    to bring suit against regional administrators in the District of Columbia.

5         Additionally, Plaintiffs suggest that this Court may disregard the legislative history of

6    section 310(b)(2).  See P. Br. at 8.  To the contrary, courts "*must* look [to the legislative history]

7    to determine the exclusive application of a special venue statute . . . ."  Go-Video, Inc. v. Akai

8    Elec. Co., 885 F.2d 1406, 1412 (9th Cir. 1989) (emphasis added).  Here, the legislative history

9    demonstrates that Congress originally intended to limit venue in section 310(b)(2) to two forums:

10   "actions for alleged failures to perform a non-discretionary duty may be brought where the

11   violation occurs, or in the United States District Court for the District of Columbia."  See Def.

12   Motion at 6 (quoting Conference Report).  For reasons unexplained, Congress withdrew the

13   "where the violation occurs" option from the enacted version of section 310(b)(2).  This revision

14   demonstrates that, rather than intending to expand the forums available for section 310(a)(2)

15   nondiscretionary suits, Congress in fact sought to limit venue exclusively to the District Court for

16   the District of Columbia.  At the very least, the fact that the basis for Plaintiffs' assertion of

17   venue here – *i.e.*, where Plaintiffs reside – is not mentioned in the statute or the legislative history

18   reflects that Congress did not have in mind the expansive venue provision that Plaintiffs advance.

19        Plaintiffs also make much of the use of "may" as opposed to "shall" in section 310(b)(2).

20   In particular, Plaintiffs point to Congress's use of the word "shall" in the venue provision found

21   in section 310(b)(1), which precedes section 310(b)(2) and applies only to citizen suits against

22   violators of CERCLA.  See P. Br. at 4, 8-9.  However, as demonstrated in our opening brief,

23   Congress has used the phrase "may" in other venue limiting provisions.  See Def. Motion at 11-

24   12.  In fact, the general venue provision in section 1391(e) uses identical "may be brought"

25   language.  See *supra* n.1.  Plaintiffs certainly would not contend, as they do with section

26   310(b)(2), that the word "may" in section 1391(e) is permissive and thus allows for suit in

27   forums other than those specified in the statute.  In any event, it is more likely that when

28   Congress omitted the "where the violation occurs" venue option, it retained the original "may"

1  language from the prior version of section 310(b)(2) without any intent to transform the

2  restrictive venue provision into an unnecessarily permissive one.  See Cortez Byrd Chips, Inc. v.

3  Bill Harbert Constr. Co., 529 U.S. 193, 198 (2000) (explaining that "the mere use of 'may' is not

4  necessarily conclusive of congressional intent to provide for a permissive or discretionary

5  authority" in the context of venue provisions).

6      Furthermore, Plaintiffs' reliance on the "may" versus "shall" dichotomy does not square

7  with the fact that three out of four courts have interpreted section 310(b)(2) as restricting venue

8  to the District of Columbia.  See Benzman v. Whitman, 523 F.3d 119, 133 n.5 (2d Cir. 2008);

9  Benzman v. Whitman, No. 04 Civ. 1888, 2006 WL 250527, at *29-30 (S.D.N.Y. Feb. 2, 2006);

10  Davis v. EPA, No. 05-3458-SAC (D. Kan. Jan. 27, 2006); Def. Motion at 8 (analyzing this case

11  law).  The ease with which these courts concluded that section 310(a)(2) nondiscretionary citizen

12  suits must be brought in the District of Columbia suggests that the plain and common sense

13  reading of section 310(b)(2) turns not on the "may" versus "shall" issued raised by Plaintiffs but

14  rather on the fact that Congress specified the one and only proper forum for such suit.  And while

15  Plaintiffs, for support, point to the unpublished circuit court decision in Davis v. EPA, 194 Fed.

16  Appx. 523 (10th Cir. 2006), the issue was decided without regard to sovereign immunity and

17  without the benefit of briefing by the United States.  See Def. Motion at 10-11.  To the extent

18  that any of these cases suggest that section 310(b)(2)'s language is ambiguous, such ambiguity

19  must be resolved in the United States' favor under principles of construing waivers of sovereign

20  immunity.  Schwarder v. United States, 974 F.2d 1118, 1128 (9th Cir. 1992).

21      Additionally, the cases on which Plaintiffs rely for the proposition that section 310(b)(2)

22  should be read to supplement, rather than control, the general venue provision in section 1391(e)

23  are inapposite.  See P. Opp. at 5-6.  As an initial matter, the cases cited by Plaintiffs, which

24  interpret special venue provisions other than section 310(b)(2), do not control the Court's

25  analysis here.  As the Supreme Court has stated, "analysis of special venue provisions must be

26  specific to the statute."  Cortez Byrd Chips, 529 U.S. at 204; see also Daniel v. Am. Bd. of

27  Emergency Med., 428 F.3d 408, 426 (2d Cir. 2005) ("courts must proceed cautiously in drawing

28  such analogies" between special venue provisions in different statutes.).

1    The special venue provision at issue in <u>Northwest Forest Res. Council v. Babbit</u>, No. 93-

2  1579, 1994 WL 908586 (D.D.C. Apr. 13, 1994), provided that citizen suits under section 1540(g)

3  of the Endangered Species Act ("ESA"), 42 U.S.C. § 1540(g), "may be brought in the judicial

4  district in which the violation occurs." <u>Id.</u> at *2; 42 U.S.C. § 1540(g)(3)(A).  That special venue

5  provision is distinguishable from section 310(b)(2) of CERCLA because it applies not only to

6  nondiscretionary citizen suits against government officials but also to citizen suits against

7  violators of the ESA, including private parties.  Therefore, it does not serve exclusively as a

8  waiver of sovereign immunity.  Additionally, section 310(b)(2) specifies a particular forum that

9  would already be available to Plaintiffs under section 1391(e) if that provision applied, and thus

10  does not expand the choice of forums available to Plaintiffs.  The ESA venue provision, by

11  contrast, references any judicial district in which the alleged violation occurs, thus "expand[ing]

12  the scope of permissible venues available for an ESA citizen suit." <u>Babbit</u>, 1994 WL 908586 at

13  *2.  Given that court's conclusion that the forum language in the ESA venue provision broadens,

14  rather than narrows, the choice of venue for parties in ESA citizen suits, the court's interpretation

15  of the word "may" as permissive rather than mandatory in that context is neither unreasonable

16  nor in conflict with the United States' interpretation of "may" in section 310(b)(2).

17    Plaintiffs' reliance on <u>Long Beach v. City of New York</u>, 445 F. Supp. 1203 (D.C. N.J.

18  1978), fares no better.  There, the court found that venue was proper under the special venue

19  provision of the Marine, Protection, Research and Sanctuaries Act, which provided that suits

20  "may be brought in the judicial district in which the violation occurs," because the alleged injury

21  and effect thereof occurred in New Jersey, not in New York where the defendants resided.  <u>Long</u>

22  <u>Beach</u>, 445 F. Supp. at 1207.  Hence, the court did not rely on the general venue statute in lieu of

23  the special venue provision in finding that venue was proper.

24    Finally, despite Plaintiffs' assertion that courts have read special venue provisions with

25  "may" to supplement, rather than supplant, the general venue statute, <u>see</u> P. Opp. at 6, at least

26  one court found the opposite to be true.  In <u>Paley v. Wolk</u>, 262 F. Supp. 640 (D.C. Ill. 1965), the

27  court dismissed for lack of jurisdiction a claim to compel the Secretary of Commerce and other

28  federal officials to issue certain patents.  The court explained that venue was proper only in the

District Court for the District of Columbia pursuant to 35 U.S.C. § 145, which provides that patent applicants dissatisfied with decisions of the Board of Patent Appeals "*may . . . have remedy by civil action against the Director *in the United States District Court for the District of Columbia . . . .*" Id. at 642 (emphasis added). The court rejected the plaintiff's contention that venue was proper under section 1391(e), finding that general venue provision "inapplicable where the venue for a particular action is specified by statute."

In sum, Plaintiffs' arguments fail to overcome the plain meaning in section 310(b)(2) placing exclusive venue for nondiscretionary citizen suits against the government under section 310(a)(2) in the District Court for the District of Columbia.

II.    THIS COURT LACKS JURISDICTION OVER PLAINTIFFS' SECOND CLAIM FOR RELIEF BECAUSE REVIEW IS AVAILABLE ONLY UNDER CERCLA'S CITIZEN SUIT PROVISION FOR PLAINTIFFS' UNLAWFULLY WITHHELD CLAIM AND BECAUSE REVIEW IS AVAILABLE ONLY IN THE D.C. COURT OF APPEALS FOR PLAINTIFFS' UNREASONABLE DELAY CLAIM

Plaintiffs mistakenly contend that, even if this Court lacks jurisdiction to entertain their First Claim for Relief, the Court nonetheless has jurisdiction over Plaintiffs' Second Claim for Relief, which seeks to "compel agency action unlawfully withheld or unreasonably delayed" pursuant to section 706(1) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1).  See P. Opp. at 10.  To the contrary, because review of such claims lies elsewhere,[2] this Court is without jurisdiction.

A.    Review of Plaintiffs' Unlawfully Withheld Claim Is Precluded Because It Duplicates Plaintiffs' Nondiscretionary Duty Claim.

As an alternative to their First Claim for Relief, see P. Opp. at 10, Plaintiffs seek to invoke this Court's jurisdiction over their Second Claim for Relief pursuant to section 706(1) of the APA.  Section 706(1) of the APA, like section 310(a)(2) of CERCLA, permits suits against federal agencies for alleged failures to perform nondiscretionary duties.  5 U.S.C. § 706(1)

_____

[2]    For purposes of this motion only, Defendants accept as true all factual allegations raised in Plaintiffs' complaint.  See Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (court must accept as true all factual allegations in the complaint in reviewing motion to dismiss).  However, Defendants reserve the right to challenge the merits of such allegations, including whether the allegations constitute nondiscretionary duties or agency action unreasonably delayed.

1    (authorizing suit to "compel agency action unlawfully withheld").  Indeed, in their First Claim

2    for Relief, brought pursuant to section 310(a)(2) of CERCLA, Plaintiffs allege that Defendants

3    have failed to comply with certain mandatory duties under section 108(b) of CERCLA, 42 U.S.C.

4    § 9608(b).  See Compl. ¶¶ 37-39.  Similarly, in their Second Claim for Relief, brought pursuant

5    to section 706(1) of the APA, Plaintiffs allege that Defendants have "unlawfully withheld

6    compliance" by failing to perform the same alleged mandatory duties.  See Compl. ¶¶ 40-41.

7    Under these circumstances, relief is not available under the APA.

8            Section 704 of the APA limits judicial review to agency actions "for which there is no

9    other adequate remedy in a court."  5 U.S.C. § 704.  The Supreme Court has interpreted this

10   language as making "clear that Congress did not intend the general grant of review in the APA to

11   duplicate existing procedures for review of agency action."  Bowen v. Massachusetts, 487 U.S.

12   879, 903 (1988).  Accordingly, and as the Ninth Circuit stated in Brem-Air Disposal v. Cohen,

13   156 F.3d 1002, 1005 (9th Cir. 1998), "every court that has addressed the question has agreed: [I]f

14   a plaintiff can bring suit against the responsible federal agencies under [a citizen-suit provision],

15   this action precludes an additional suit under the APA." (bracket in original) (internal quotations

16   omitted).  In that case, the Ninth Circuit in Brem-Air held that it lacked jurisdiction over an APA

17   claim because review was available under the citizen suit provision of the Resource Conservation

18   and Recovery Act.  156 F.3d at 1003-05.  Similarly, in Hayes v. Whitman, 264 F.3d 1017, 1021-

19   22 (10th Cir. 2001), Plaintiffs asserted claims under both the Clean Water Act's non-

20   discretionary citizen suit provision and the APA, alleging that EPA had failed to fulfill a non-

21   discretionary duty under the Clean Water Act.  The Tenth Circuit dismissed the APA claim as

22   duplicative and held that "[b]ecause review of Plaintiffs' claim is available under the Clean

23   Water Act, it is not subject to review under the APA."  Id. at 1025; see also McCrary v.

24   Gutierrez, 528 F. Supp. 2d 995, 998-99 (N.D. Cal. 2007) (construing plaintiff's APA claim as

25   alleging a nondiscretionary duty and holding that such claim could be brought only under the

26   ESA's nondiscretionary citizen suit provision).

27           Consequently, this Court's review of Plaintiffs' unlawfully withheld claim under the APA

28   is precluded because review is available under the nondiscretionary citizen suit provision in

1    section 310(a)(2) of CERCLA, albeit not in this Court.  See Oregon Natural Res. Council v.

2    United States Forest Serv., 834 F.2d 842, 851 (9th Cir. 1987) ("where plaintiffs may otherwise

3    proceed under the citizen suit provision, they should not be allowed to bypass the explicit

4    requirements of the Act established by Congress through resort to . . . the APA.").  This Court is

5    therefore without jurisdiction over Plaintiffs' unlawfully withheld claim.  Brem-Air, 156 F.3d at

6    1004 ("federal courts lack jurisdiction over APA challenges whenever Congress has provided

7    another 'adequate remedy.'").

8                   B.    Plaintiffs' Unreasonable Delay Claim May Be Brought Only in the D.C. Court of
                          Appeals Because That Court Has Exclusive Jurisdiction to Review Such Claims
9                         under TRAC.

10           In addition to their unlawfully withheld claim, Plaintiffs allege in their Second Claim for

11   Relief an "unreasonable delay" claim under section 706(1) of the APA.  See Compl. ¶¶ 40-41.

12   Specifically, Plaintiffs contend that Defendants' alleged failure to take the actions specified in

13   section 108(b) of CERCLA amounts to unreasonable delay.[3]  Id.  Plaintiffs seek an order

14   compelling Defendants to take such action.  See Compl. at Relief Requested.

15           In their Opposition, however, Plaintiffs completely misapprehend the unequivocal and

16   well-established holding in Telecomm. Research & Action Ctr. v. FCC, 750 F.2d 70 (D.C. Cir.

17   1984) ("TRAC").  In TRAC, the plaintiffs alleged that the Federal Communications Commission

18   unreasonably delayed determining whether AT&T must reimburse ratepayers for alleged

19   unlawful overcharges.  Id. at 72.  The issue before the D.C. Circuit was "whether a petition to

20   compel unreasonably delayed agency action properly lies in this court or in the District Court, or

21   whether the two courts have concurrent jurisdiction, when any final agency action in the matter

22   would be directly reviewable only in the Courts of Appeals."  Id.  The D.C. Circuit held it had

23   exclusive jurisdiction over plaintiffs' unreasonable delay claim because, pursuant to statute,

24   review of the requested final agency action was vested in the Court of Appeals.  Id. at 75-77.

25   The court explained that, "[b]ecause the statutory obligation of a Court of Appeals to review on

26

27   [3]     Unlike Plaintiffs' unlawfully withheld claim, this unreasonable delay claim does not
     duplicate Plaintiffs' nondiscretionary duty claim under section 310(a)(2) of CERCLA.  See Sierra
28   Club v. Thomas, 828 F.2d 783, 790-92, 794 (D.C. Cir. 1987) (distinguishing between
     nondiscretionary duty and unreasonable delay claims).

1    the merits may be defeated by an agency that fails to resolve disputes, a Circuit Court may

2    resolve claims of unreasonable delay in order to protect its future jurisdiction." Id. at 76.  The

3    court further explained that section 706(1) of the APA, together with section 555(b) of the APA,

4    which directs agencies to conclude matters presented to them "within a reasonable time,"

5    supports the court's jurisdiction over such claims because "courts designated by statute to review

6    agency actions may play an important role in compelling agency action that has been improperly

7    withheld or unreasonably delayed." Id. at 76-77.  The court thus concluded that, "where a statute

8    commits review of agency action to the Court of Appeals, any suit seeking relief that might affect

9    the Circuit Court's future jurisdiction is subject to the exclusive review of the Court of Appeals."

10    Id. at 75.

11          Likewise, here, Plaintiffs allege that Defendants have unreasonably delayed promulgating

12    regulations governing financial responsibility requirements under section 108(b) of CERCLA

13    and seek to compel such action through a court order.  Plaintiffs concede that the D.C. Court of

14    Appeals has exclusive jurisdiction to review those regulations.  See P. Opp. at 11-12; 42 U.S.C.

15    § 9613(a) ("Review of any regulation promulgated under this chapter may be had . . . only in the

16    Circuit Court of Appeals of the United States for the District of Columbia.").  Accordingly, and

17    pursuant to TRAC, the D.C. Circuit has exclusive jurisdiction over this unreasonable delay claim

18    because that court has exclusive jurisdiction over the final agency action sought to be compelled

19    in this case.  This is not a "strained or expansive reading of TRAC," as Plaintiffs' suggest, see P.

20    Opp. at 12, but rather a straightforward application of that opinion to the analogous facts here.

21          Plaintiffs' assertion that TRAC has never been read to require such a result, see P. Opp. at

22    10, is simply not true.  See, e.g., Envtl. Def. Fund v. U.S. Nuclear Regulatory Comm'n, 902 F.2d

23    785, 786-87 (10th Cir. 1990) (citing TRAC and explaining that the Court of Appeals had

24    exclusive jurisdiction over petitioners' unreasonable delay claim under section 706(1) of the

25    APA to compel rulemaking under the Atomic Energy Act); In re Bluewater Network, 234 F.3d

26    1305, 1311, 1315 (D.C. Cir. 2000) (concluding that, pursuant to TRAC, the Court of Appeals

27    had exclusive jurisdiction over petitioners' unreasonable delay claim seeking to compel the

28    agency to promulgate regulations under the Oil Pollution Act); Sierra Club, 828 F.2d at 792, 796-

1  97 (holding that, pursuant to TRAC, the Court of Appeals had jurisdiction over petitioner's

2  unreasonable delay claim brought pursuant to the APA to compel rulemaking under the Clean

3  Air Act). And in Public Utility Comm'r of Or. v. Bonneville Power Admin., 767 F.2d 622 (9th

4  Cir. 1985), the Ninth Circuit adopted TRAC in the context of reviewing a constitutional

5  challenge to ongoing agency proceedings, the resulting agency action of which would be

6  reviewable only in the Court of Appeals. The Ninth Circuit held that it had "exclusive

7  jurisdiction" over the constitutional challenge because the disposition of that claim "could affect

8  our future statutory review authority" over the final agency action resulting from the challenged

9  proceedings. Id. at 626-28.

10      Furthermore, Plaintiffs' argument concerning the fact that CERCLA contains a bifurcated

11  system of judicial review, with district court review over nondiscretionary duty challenges and

12  D.C. Circuit review over challenges to regulations promulgated under the Act, while true, is of

13  no consequence. See P. Opp. at 10-11. In Maier v. EPA, 114 F.3d 1032, 1038-39 & n.9 (10th

14  Cir. 1997), the Tenth Circuit explained that where a statute commits review of an agency's

15  failure to perform nondiscretionary duties to the district court, such as in the Clean Water Act's

16  nondiscretionary citizen suit provision, the Court of Appeals does not have jurisdiction to

17  entertain the nondiscretionary duty claim. However, where the claim involves a discretionary

18  duty, such as one involving the timing of agency action that is not set by statute, the Court of

19  Appeals has jurisdiction. Id. The court thus held that the petitioners' suit to compel EPA to

20  initiate revised rulemaking – the timing of which was discretionary – fell within the Clean Water

21  Act's exclusive grant of jurisdiction to the Court of Appeals for review of EPA actions in

22  approving or promulgating effluent limitations.[4]/ Id. at 1039; see also Sierra Club, 828 F.2d at

23

24  [4]/     Bethlehem Steel Corp v. EPA, 782 F.2d 645 (7th Cir. 1986), on which Plaintiffs rely for
    the proposition that district courts are better equipped to order new rulemaking proceedings than
25  courts of appeal, see P. Opp. at 11, comports with Maier. In Bethlehem Steel, petitioners sought
    an order from the Seventh Circuit requiring EPA to issue new rules governing pollution from
26  coking operations. Id. at 654. The court explained that, "[i]f the EPA's refusal to undertake the
    rulemaking proceeding . . . was the failure to perform a nondiscretionary duty, then exclusive
27  jurisdiction . . . lies in the district court." Id. at 655. Accordingly, the court held that because
    petitioners were challenging "not what the agency has done but what it has failed to do" their
28  challenge could only be brought in the district court pursuant to the Clean Air Act's

1    790-92 (explaining that the district court has jurisdiction over nondiscretionary duty claims but

2    that, pursuant to TRAC, the Court of Appeals has jurisdiction over unreasonable delay claims).

3         Following the logic of Maier and Sierra Club, Plaintiffs' First Claim for Relief, alleging

4    that Defendants failed to undertake nondiscretionary rulemaking proceedings under section

5    108(b) of CERCLA, must be brought under the nondiscretionary citizen suit provision in section

6    310(a)(2) of CERCLA in the District Court for the District of Columbia. See Trustees for Alaska

7    v. EPA, 749 F.2d 549, 558 (9th Cir. 1984) (construing claim as a "failure to comply with a

8    nondiscretionary duty to promulgate industry-wide rules" and holding that review lies

9    exclusively in the district court pursuant to the Clean Water Act's nondiscretionary citizen suit

10   provision). Conversely, the part of Plaintiffs' Second Claim for Relief that alleges that

11   Defendants unreasonably delayed such rulemaking proceedings – as opposed to failing to

12   discharge a mandatory duty – lies exclusively in the D.C. Court of Appeals. In short, Plaintiffs'

13   concern that Defendants' reading of TRAC would require their challenge in this case, whether

14   pled as an APA claim or a nondiscretionary citizen suit claim, to be brought only in the D.C.

15   Circuit, thus contravening CERCLA's bifurcated system of review, see P. Opp. at 11, simply

16   reflects a misunderstanding of the United States' position.

17

18   III.    DISMISSAL OF PLAINTIFFS' COMPLAINT IS THE ONLY APPROPRIATE
             RELIEF FOR LACK OF JURISDICTION

19        Plaintiffs' request for the Court to transfer this case to the District Court for the District

20   of Columbia, in the event the Court grants Defendants' Motion, is misplaced. See P. Opp. at 9,

21   12. While the Court would have discretion to transfer this case if our motion merely related to

22   lack of venue, see 28 U.S.C. § 1406(a), the only appropriate action for the Court to take when it

23   lacks jurisdiction is dismissal. Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802,

24   807 (9th Cir. 2001) ("Once the district court reached the conclusion that it had no underlying

25   original subject matter jurisdiction, there was nothing left to do but to dismiss the case.");

26   Demarest v. United States, 718 F.2d 964, 965 (9th Cir. 1983) (dismissal is the appropriate

27   disposition if subject matter jurisdiction is absent), cert. denied, 466 U.S. 950 (1984).

28
     _____

     nondiscretionary citizen suit provision. Id. at 657.

1    For the reasons stated above, this Court lacks jurisdiction over Plaintiffs' First and

2    Second Claims for Relief.  Transfer is therefore inappropriate, and the Court must dismiss

3    Plaintiffs' complaint in its entirety.  Furthermore, even if this Court were to find that transfer

4    were appropriate, the District Court for the District of Columbia lacks jurisdiction over

5    Plaintiffs' claims in the Second Claim for Relief, and transfer of those claims would still be

6    inappropriate.  28 U.S.C. 1406(a) ("The district court of a district in which is filed a case laying

7    venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer

8    such case to any district or division *in which it could have been brought*") (emphasis added).

9

                                        Respectfully submitted,

10

Dated:    June 19, 2008                 RONALD J. TENPAS

11                                      Assistant Attorney General
                                        Environment & Natural Resources Division

12
                                         /s/ Rochelle L. Russell

13                                      MARTIN F. McDERMOTT
                                        ROCHELLE L. RUSSELL

14                                      Trial Attorneys
                                        U.S. Department of Justice

15                                      Environmental Defense Section
                                        P.O. Box 23986

16                                      Washington, D.C. 20026-3986
                                        *Counsel for Defendants*

17   Of Counsel:

18   MARY GLEAVES
     Office of General Counsel

19   U.S. Environmental Protection Agency
     Pesticides and Toxic Substances Law Office

20   Ariel Rios Building,
     1200 Pennsylvania Avenue, N.W.

21   Washington, D.C. 20460

22   THOMAS F. MAHONEY
     Office of the General Counsel (C-30)

23   Rm W 94-312
     U.S. Department of Transportation

24   1200 New Jersey Ave., S.E.
     Washington, D.C. 20590

25

26

27

28

1

## CERTIFICATE OF SERVICE

2          I certify that on June 19, 2008, a true and correct copy of the foregoing **DEFENDANTS'**

3  **REPLY IN SUPPORT OF MOTION TO DISMISS** was served electronically via the Court's

4  e-filing system to Counsel of Record.

5

6                                              /s/ Rochelle L. Russell
                                               ROCHELLE L. RUSSELL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28