LISA GOLLIN EVANS (MA SB # 200730)
(Admitted *Pro Hac Vice*)
Earthjustice
21 Ocean Avenue
Marblehead, MA  01945
(781) 631-4119
levans@earthjustice.org

JAN HASSELMAN (WSB #29107)
(Admitted *Pro Hac Vice*)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
jhasselman@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Great
Basin Resource Watch, Amigos Bravos, and
Idaho Conservation League*

GREGORY C. LOARIE (CSB #215859)
Earthjustice
426 - 17th Street, 5th Floor
Oakland, CA  94612
(510) 550-6725
(510) 550-6749 *[FAX]*
gloarie@earthjustice.org

*Local Counsel for Plaintiffs*

THE HONORABLE WILLIAM H. ALSUP

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, et al., | Case No.  3:08-cv-01409-WHA |
| Plaintiffs, | |
| v. | JOINT CASE MANAGEMENT STATEMENT |
| STEPHEN JOHNSON, et al., | |
| Defendants, | |
| and | |
| SUPERFUND SETTLEMENTS PROJECT, et al., | |
| Defendant-Intervenors. | |

JOINT CASE MANAGEMENT STATEMENT
(Case No. 3:08-cv-01409-WHA)   1

1     Pursuant to the Court's March 12, 2008 Order Setting Initial Case Management Conference

2  and ADR Deadlines, as amended by the Court's June 2, 2008 Order Granting in Part Stipulation to

3  Postpone, Plaintiffs, Sierra Club, et al., Federal Defendants, Stephen Johnson, et al., and Defendant-

4  Intervenors, Superfund Settlements Project, et al., submit this joint case management statement:

5     1.    Jurisdiction and Service.

6     Plaintiffs have invoked this Court's jurisdiction under 42 U.S.C. § 9659(a)(2) (citizen suit

7  provision of the Comprehensive Environmental Response, Compensation and Liability Act

8  ("CERCLA"), 28 U.S.C. §§ 1331 and 1361 (action arising under the laws of the United States),

9  28 U.S.C. § 2201 and § 2002 (declaratory judgments), and 5 U.S.C. § 706 (Administrative

10 Procedure Act ("APA")).  Plaintiffs served Federal Defendants with their Complaint on March 20,

11 2008.  Federal Defendants assert that this Court lacks jurisdiction over the claims alleged in

12 Plaintiffs' Complaint and that venue in this Court is improper and have moved to dismiss on those

13 grounds.  Plaintiffs assert that venue in this Court is proper and have opposed the motion to dismiss.

14 No additional parties need to be served.

15    2.    Brief Chronology of Facts and Statement of Principal Factual Issues.

16    This lawsuit is an action for declaratory and injunctive relief pursuant to CERCLA and the

17 APA.  Plaintiffs allege that CERCLA requires Federal Defendants Johnson and Peters to

18 promulgate regulations that would require certain facilities that produce, treat, store, transport or

19 dispose of hazardous substances to establish and maintain evidence of financial responsibility.

20 Specifically, Plaintiffs allege that CERCLA § 108(b) required Federal Defendants to: (a) publish

21 notice of priority categories for such regulations no later than December 1983; (b) promulgate the

22 regulations themselves beginning in December 1985; and (c) impose financial assurance

23 requirements as quickly as could reasonably be achieved, but in no event later than four years after

24 promulgation.  42 U.S.C. § 9608(b)(1) and (3).  Plaintiffs allege that Federal Defendants have taken

25 none of these steps.  Plaintiffs brought this action to compel Federal Defendants to follow the

26 alleged requirements of CERCLA and promulgate financial assurance regulations.  The parties

27

28

JOINT CASE MANAGEMENT STATEMENT
(Case No. 3:08-cv-01409-WHA)   2

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

believe that there are no factual issues in dispute concerning the allegations in Paragraph 3 infra and that the legal issues in this case can be resolved on motions for summary judgment.

3.    Disputed Legal Issues.

The principal legal issues, in addition to the jurisdiction and venue issues raised in Federal Defendants' pending motion to dismiss, include:

a.    Whether Federal Defendants violated CERCLA by allegedly failing to identify classes of facilities for which requirements will be first developed and publish notification of such identification in the Federal Register by December 11, 1983.

b.    Whether Federal Defendants violated CERCLA by allegedly failing to promulgate requirements that classes of facilities establish and maintain evidence of financial responsibility.

c.    Whether Federal Defendants violated CERCLA by allegedly failing to impose such requirements as quickly as could reasonably be achieved, but in no event later than four years after promulgation.

d.    Whether Federal Defendants violated the APA by allegedly failing to prioritize, promulgate and implement regulations as required by CERCLA § 108(b), thereby unlawfully withholding or unreasonably delaying agency action.

4.    Motions.

Plaintiffs' Complaint was filed on March 11, 2008.  On April 10, 2008, Defendant-Intervenors filed a motion to intervene, which was granted on May 23, 2008.  The parties anticipate that an additional, similar motion to intervene may be filed in the near future.  Federal Defendants filed a motion to dismiss for lack of subject matter jurisdiction and improper venue on May 16, 2008.  Plaintiffs opposed the motion on June 12, 2008, and Federal Defendants filed a reply in support of the motion on June 19, 2008.  A hearing on the motion is scheduled for July 3, 2008 at 8:00 a.m.

In the event the motion to dismiss is denied, the parties have agreed to a schedule for

JOINT CASE MANAGEMENT STATEMENT
(Case No. 3:08-cv-01409-WHA)    3

motions for summary judgment on the legal issues presented in the case. If Plaintiffs prevail on their motion for summary judgment, the parties have agreed to engage in private settlement discussions to try to resolve the injunctive relief and attorneys' fees issues. See Paragraphs 12, 15 and 16, infra.

5.    Amendment of Pleadings.

The parties at this time do not anticipate amending their pleadings, except as may be necessary to reflect any additional intervenors.

6.    Evidence Preservation.

See Paragraph 7, infra.

7.    Disclosures.

This case involves review of an agency's alleged failure to take action allegedly required by law and can be resolved on motions for summary judgment. The parties have stipulated to waive the initial disclosures required by Rule 26 and do not anticipate conducting discovery for the summary judgment motions discussed in Paragraph 16, infra.

8.    Discovery.

See Paragraph 7, supra.

9.    Class Actions.

The parties do not seek certification as a class action.

10.    Related Cases.

The parties are not aware of related cases.

11.    Relief Sought.

Plaintiffs seek declaratory and injunctive relief in this case. Specifically, Plaintiffs seek a declaratory judgment that Federal Defendants violated CERCLA and/or the APA by failing to perform the alleged nondiscretionary duties set forth in CERCLA § 108(b). Plaintiffs further seek to enjoin Federal Defendants to comply with the alleged nondiscretionary requirements of CERCLA § 108(b), specifically to: (a) identify classes for which the financial responsibility

JOINT CASE MANAGEMENT STATEMENT
(Case No. 3:08-cv-01409-WHA)    4

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

requirement would first be developed; (b) publish proposed regulations establishing requirements that classes of facilities establish and maintain evidence of financial responsibility consistent with the degree of risk associated with the production, treatment, transportation, storage or disposal of hazardous substances; and (c) publish a final rule establishing requirements that classes of facilities establish and maintain evidence of financial responsibility. Plaintiffs also seek recovery of litigation costs and attorneys' fees.

  12.  <u>Settlement and ADR.</u>

  The parties filed a Notice of Need for ADR Phone Conference on June 12, 2008. The Plaintiffs believe that the nature of their claims and requested relief are such that settlement discussions could lead to the relief sought by Plaintiffs. Federal Defendants and Defendant-Intervenors, however, do not believe ADR is appropriate at this time. Instead, Federal Defendants prefer to proceed with summary judgment briefing to allow them to assert jurisdictional defenses, in addition to merits-based defenses. However, should Plaintiffs prevail on summary judgment, the parties have agreed to engage in private settlement discussions in an attempt to resolve the injunctive relief and attorneys' fees requested by Plaintiffs. The parties' ADR phone conference is scheduled for July 1, 2008.

  13.  <u>Consent to Magistrate Judge for All Purposes.</u>

  The parties respectfully do not consent to assignment to a magistrate judge.

  14.  <u>Other References.</u>

  The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

  15.  <u>Narrowing of Issues.</u>

  The parties believe that the legal issues presented in this case, including any further jurisdictional defenses Federal Defendants may raise, can be resolved on motions to dismiss and for summary judgment. Pursuant to Paragraph 12 <u>supra</u> and Paragraph 16 <u>infra</u>, the parties wish to bifurcate the remedy and attorneys' fees issues from the motions for summary judgment.

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*

16.    <u>Scheduling.</u>

A.    <u>Filing of Answer.</u>

In the event the Court denies Federal Defendants' motion to dismiss for lack of jurisdiction and improper venue, Federal Defendants will file their Answer by July 31, 2008, and Defendant-Intervenors will amend their Answer as they deem appropriate.

B.    <u>Merits Briefing.</u>

All parties agree that the legal issues discussed in Paragraph 3 <u>supra</u>, including any defenses that Federal Defendants may raise, can be resolved on motions for summary judgment and that no discovery or trial schedules need be adopted.  Accordingly, the parties propose the following schedule as the most efficient and expeditious means for resolving those issues, which, for purposes of the summary judgment motions below, are limited to (1) Plaintiffs' allegations that Federal Defendants have violated CERCLA and the APA, as described in Paragraph 3 <u>supra</u>, and (2) any jurisdictional defenses that Federal Defendants may raise:

September 4, 2008:    Plaintiffs file their motion for summary judgment, not to exceed 35 pages;

October 16, 2008:    Federal Defendants and Defendant-Intervenors file their oppositions to Plaintiffs' motion for summary judgment and counter-motions, each not to exceed 35 pages;

November 6, 2008:    Plaintiffs file their reply in support of their motion for summary judgment together with their opposition to Federal Defendants' and Defendant-Intervenors' counter-motions, not to exceed 15 pages;

November 26, 2008:    Federal Defendants and Defendant-Intervenors file their replies in support of their counter-motions, each not to exceed 15 pages.

The parties request that the Court set the motions for summary judgment for hearing on December 11, 2008 at 8:00 a.m., or as soon thereafter as the Court's schedule will allow.

C.    <u>Remedy and Attorneys' Fees.</u>

In the event the Court grants Plaintiffs' motion for summary judgment, the parties have

JOINT CASE MANAGEMENT STATEMENT
(Case No. 3:08-cv-01409-WHA)    6

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

agreed to engage in private settlement discussions to try to resolve the remedy and attorneys' fees requested by Plaintiffs. If agreement on these issues is not reached by the parties in 60 days, the parties will then file a supplemental case management statement setting forth a schedule for limited discovery on the remedy issue, if necessary, as well as motions for summary judgment on the remedy and attorneys' fees issues, or, if agreement on a schedule cannot be reached within 10 days after the end of the 60-day settlement period, plaintiffs reserve the right to file its motion on remedy pursuant to local rules.

      17.    <u>Disclosure of Non-Party Interested Entities or Persons.</u>

      In a separate filing, Plaintiffs will file their Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-16. This case involves review of Federal Defendants' alleged failure to issue regulations governing financial responsibility in connection with the production, storage, transport, treatment and disposal of hazardous substances. Plaintiffs ask the Court to enjoin Federal Defendants to initiate and complete such rulemaking as expeditiously as possible. Plaintiffs and Defendant-Intervenors anticipate that, depending on their content, such rules may substantially affect the financial interests of persons, firms, partnerships, corporations or other entities producing, handling or disposing of hazardous substances. Plaintiffs observe that industry representatives have been granted intervention to protect their interests. The provisions of Civil Local Rule 3-16 do not apply to any governmental entity or its agencies.

      Respectfully submitted this 26th day of June 2008.


                                 /s/  Lisa Gollin Evans
                                 LISA GOLLIN EVANS
                                 Earthjustice
                                 21 Ocean Avenue
                                 Marblehead, MA  01945
                                 (781) 631-4119
                                 levans@earthjustice.org

JOINT CASE MANAGEMENT STATEMENT
(Case No. 3:08-cv-01409-WHA)   7

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JAN HASSELMAN
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
jhasselman@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Great
Basin Resource Watch, Amigos Bravos, and
Idaho Conservation League*

GREGORY C. LOARIE (CA Bar No. 215859)
Earthjustice
426 - 17th Street, 5th Floor
Oakland, CA  94612
(510) 550-6725
(510) 550-6749 *[FAX]*
gloarie@earthjustice.org

*Local Counsel for Plaintiffs*

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

/s/  Lisa Gollin Evans, for *
ROCHELLE L. RUSSELL (CA Bar #244992)
Trial Attorney
* per email authorization     U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C.  20026-3986
(202) 514-1950
(202) 514-8865 *[FAX]*
rochelle.russell@usdoj.gov

*Attorney for Federal Defendants*

JOINT CASE MANAGEMENT STATEMENT
(Case No. 3:08-cv-01409-WHA)    8

1

2

3                                        /s/  Lisa Gollin Evans, for *
                                         MICHAEL W. STEINBERG
                                         (Admitted *Pro Hac Vice*)
4       * per email authorization        Morgan, Lewis & Bockius LLP
                                         1111 Pennsylvania Avenue, N.W.
5                                        Washington, D.C.  20004
                                         (202) 739-3000
6                                        (202) 739-3001 *[FAX]*
7                                        msteinberg@morganlewis.com

8                                        *Attorney for Intervenors Superfund Settlements*
                                         *Project, RCRA Corrective Action Project, and*
9                                        *American Petroleum Institute*

10                                       BENJAMIN P. SMITH (State Bar #197551)
11                                       LAURA A. LEE
                                         Morgan, Lewis & Bockius LLP
12                                       One Market, Spear Street Tower
                                         San Francisco, CA  94105
13                                       (415) 442-1000
14                                       (415) 442-1001 [FAX]
                                         bsmith@morganlewis.com
15                                       llee@morganlewis.com

16                                       *Local Co-Counsel for Intervenors*

17

18

19

20

21

22

23

24

25

26

27

28

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*