

**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Environmental Defense Section*  *Telephone (202) 514-1950*
*P.O. Box 23986*  *Facsimile (202) 514-8865*
*L'Enfant Plaza Station*
*Washington, D.C. 20026-3986*

July 7, 2008

VIA ECF & OVERNIGHT MAIL

Honorable William H. Alsup
United States District Court for the
  Northern District of California
Courtroom 9, 19th Floor
450 Golden Gate Ave.
San Francisco, CA 94102
(415) 522-2000

     RE:     Sierra Club v. Johnson, Case No. C 08-01409 WHA

Dear Judge Alsup:

     The United States, on behalf of Federal Defendants Stephen L. Johnson, Administrator, United States Environmental Protection Agency, and Mary E. Peters, Secretary, Department of Transportation, submits this letter in response to the Court's July 3, 2008 request for additional briefing on Hanford Downwinders Coalition, Inc. v. Dowdle, 71 F.3d 1469 (9th Cir. 1995), concerning the United States' motion to dismiss for lack of subject matter jurisdiction and improper venue, DE #29, in the above-captioned matter.

     The plaintiffs in Dowdle brought suit against the Agency for Toxic Substances and Disease Registry ("ATSDR") and its Administrator in the United States District Court for the Eastern District of Washington pursuant to the nondiscretionary citizen suit provision in section 310(a)(2) of CERCLA, 42 U.S.C. § 9659(a)(2). Plaintiffs alleged that the ATSDR had a nondiscretionary duty under section 104(i)(9) of CERCLA, 42 U.S.C. § 9604(i)(9), to conduct a health surveillance program, including medical monitoring, concerning the release of radioactive iodine at the Hanford Nuclear Reservation in Richland, Washington. The United States, on behalf of the ATSDR, moved to dismiss the action for lack of subject matter jurisdiction and failure to state a claim based on the timing for review provision in section 113(h) of CERCLA, 42 U.S.C. § 9613(h), which prohibits federal courts from exercising jurisdiction over legal challenges, including nondiscretionary citizen suits under section 310(a)(2) of CERCLA, to ongoing "removal" or "remedial" activity.[1/] See 71 F.3d at 1474 (explaining that "once an

---

[1/] Section 9613(h) of CERCLA states in relevant part that "[n]o Federal court shall have jurisdiction under Federal law . . . to review any challenges to removal or remedial action selected under section 9604 [of CERCLA]." 42 U.S.C. § 9613(h). There are five exceptions to this jurisdictional bar, none of which applied in the Dowdle case. See Dowdle, 71 F.3d at 1482-84. Section 310(a) of CERCLA provides that, "*[e]xcept as provided . . . in section 9613(h)* of this title (relating to timing of judicial review), any person may commence a civil action on his own behalf . . . (2) against the President or any other officer

activity has been classified as a CERCLA § 9604 removal or remedial action, [section 113(h)] amounts to a blunt withdrawal of federal jurisdiction.") (internal quotation and citation omitted). The district court granted the United States' motion and dismissed the plaintiffs' suit for lack of subject matter jurisdiction. Specifically, the district court held that the plaintiffs' non-discretionary citizen suit was a challenge to ongoing, discretionary ATSDR removal or remedial actions at the Hanford site and thus fell within the jurisdictional bar of section 113(h).

The Ninth Circuit affirmed the dismissal of the case on section 113(h) grounds. Dowdle, 71 F.3d at 1475, 1484. The Ninth Circuit also rejected the plaintiffs' argument that a medical monitoring program at the Hanford site was nondiscretionary. Id. at 1482-83. The Court explained that, under section 104(i)(9), "the ATSDR is only required to administer a 'health surveillance' (medical monitoring) program *if* the ATSDR Administrator has determined that there is a significantly increased risk for an affected population." Id. at 1483 (internal quotation and citation omitted). Because the ATSDR had not made a determination regarding the increased risk of adverse health effects at the Hanford site, the Court "defer[red] to the expertise and discretion of the ATSDR regarding the appropriateness of beginning a health surveillance program." Id.

Notably, the jurisdictional argument made by the United States here – *i.e.*, that this Court lacks jurisdiction over Plaintiffs' First Claim for Relief because venue for nondiscretionary citizen suits under section 310(a)(2) of CERCLA is proper only in the United States District Court for the District of Columbia pursuant to section 310(b)(2) of CERCLA, 42 U.S.C. § 9659(b)(2) – was not at issue in Dowdle. Clearly, a decision dismissing a case for lack of subject matter jurisdiction based on the jurisdictional bar in section 113(h) does not mean that subject matter jurisdiction was not also lacking on other grounds. Nor does the fact that the United States did not raise the venue argument in Dowdle mean that venue was proper in that court, or, more particularly, in this Court.

Moreover, the Ninth Circuit's explanation in Dowdle of the ATSDR's administrative role under CERCLA is instructive as to why Congress intended to limit venue for nondiscretionary citizen suits under section 310(a)(2) of CERCLA to the District Court for the District of Columbia. Congress created the ATSDR through the 1980 enactment of CERCLA and expanded the agency's role in the 1986 amendments to CERCLA "specifically to address concerns that the original Act had not done enough to 'monitor, assess, and evaluate' the public health effects of hazardous releases." Id. at 1474, 1478. Under CERCLA, the ATSDR is charged with completing "health assessments" of various hazardous waste sites, the purpose of which is to determine "'whether actions . . . should be taken to reduce human exposure to hazardous substances from a facility and whether additional information on human exposure and associated health risks is needed and should be acquired by conducting epidemiological studies . . . , establishing a health surveillance program . . . , or through other means.'" Id. at 1474 (quoting 42 U.S.C. § 9604(i)(6)(G)). Importantly, the ATSDR must coordinate its health assessment efforts with other federal and state agencies "to facilitate a cleanup that most effectively protects the health of those exposed to hazardous materials." Id. at 1477, 1481-82; see also 42 U.S.C. § 9604(i)(1) (providing that the ATSDR Administrator "shall, with the cooperation of the Administrator of the Environmental Protection Agency ("EPA"), the Commissioner of the Food and Drug Administration, the Directors of the National Institute of Medicine, National Institute of Environmental Health Sciences, National Institute of Occupational Safety and Health, Centers for Disease Control and Prevention, the Administrator of the Occupational Safety and Health

---

of the United States (including the Administrator of the Environmental Protection Agency and the Administrator of the ATSDR) where there is alleged a failure of the President or of such other officer to perform any act or duty under this chapter . . . which is not discretionary with the President or such other officer." 42 U.S.C. § 9659(a) (emphasis added).

Administration, the Administrator of the Social Security Administration, the Secretary of Transportation, and appropriate State and local health officials, effectuate and implement the health related authorities of this chapter."). In particular, Congress expressly provided that the ATSDR Administrator work with the EPA Administrator on many administrative actions under CERCLA. See 42 U.S.C. § 9604(i)(2), (3), (5), (6). Further, the ATSDR must coordinate with the President's response authorities where exposure to hazardous substances presents a significant risk to human health. Dowdle, 71 F.3d at 1482 (citing 42 U.S.C. § 9604(i)(11)). In short, and as the Ninth Circuit concluded in Dowdle, Congress intended the ATSDR's health assessments to play an integral role in the public cleanup of hazardous waste sites in that "Superfund removal and remedial activity must include an effective public health component." Id. at 1478-79, 1482. Those Superfund cleanups, in turn, are the responsibility of the President, and by delegation, the EPA Administrator. See generally 42 U.S.C. § 9604.

Thus, although the ATSDR – an agency of the Department of Health and Human Services headquartered in Washington, D.C. – is based in Atlanta, Georgia, its actions must be coordinated through various federal, state, and local agencies – agencies which reside not only in the District of Columbia but throughout the nation. It therefore makes sense that Congress, which designed the cooperative, inter-agency administrative scheme of CERCLA and was no doubt aware of the various locales in which these agencies operated, intended for nondiscretionary citizen suits against the President, the EPA Administrator, the ATSDR Administrator and other officials to be brought in one central location where the defense of such actions could be efficiently and effectively coordinated. Had Congress intended the District Court for the District of Columbia to be an optional, rather than mandatory, forum, it would have retained the language from the original version of section 310(b)(2) – "actions for alleged failures to perform a non-discretionary duty may be brought where the violation occurs, or in the United States District Court for the District of Columbia." See Def. Reply at 5. But in withdrawing the "where the violation occurs" alternative in the final enacted version of section 310(b)(2), Congress demonstrated its intent that the District Court for the District of Columbia serve as the exclusive forum for all nondiscretionary citizen suits brought under CERCLA.

In sum, section 310 of CERCLA, as a waiver of the United States' sovereign immunity, limits venue for nondiscretionary citizen suits against any federal officer, including the ATSDR Administrator, to the District Court for the District of Columbia. The Ninth Circuit's decision in Dowdle does not suggest otherwise, and, in any event, does not prohibit the United States from raising this jurisdictional defense here.

                                      Respectfully submitted,

Dated:   July 7, 2008                    RONALD J. TENPAS
                                      Assistant Attorney General
                                      Environment & Natural Resources Division

                                      /s/ Rochelle L. Russell
                                      MARTIN F. McDERMOTT
                                      ROCHELLE L. RUSSELL
                                      U.S. Department of Justice
                                      Environmental Defense Section
                                      P.O. Box 23986
                                      Washington, D.C. 20026-3986
                                      *Counsel for Federal Defendants*