1   MORGAN, LEWIS & BOCKIUS LLP
    MICHAEL W. STEINBERG
2   Admitted *Pro Hac Vice*
    1111 Pennsylvania Avenue, NW
3   Washington, DC  20004
    Tel:  202.739.5141
4   Fax:  202.739.3001
    E-mail:  msteinberg@morganlewis.com
5
    *Attorney for Intervenor Treated Wood Council*
6
7   MORGAN, LEWIS & BOCKIUS LLP
    BENJAMIN P. SMITH, State Bar No. 197551
8   One Market, Spear Street Tower
    San Francisco, CA 94105
9   Tel:  415.442.1000
    Fax:  415.442.1001
10  E-mail:  bsmith@morganlewis.com

11  *Local Co-Counsel for Intervenor*

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                 SAN FRANCISCO DIVISION

15

16  SIERRA CLUB, GREAT BASIN               Case No. C-08-01409-WHA
    RESOURCE WATCH, AMIGOS
    BRAVOS, and IDAHO CONSERVATION         **PROPOSED INTERVENOR TREATED**
17  LEAGUE,                                **WOOD COUNCIL'S NOTICE OF**
                                           **MOTION AND MOTION TO**
18              Plaintiffs,                **INTERVENE; MEMORANDUM OF**
                                           **POINTS AND AUTHORITIES**
19          vs.
                                           Date:    September 4, 2008
20  STEPHEN JOHNSON, Administrator,        Time:    8:00 a.m.
    United States Environmental Protection Place:   Courtroom 9, 19th Floor
21  Agency, and MARY E. PETERS,            Judge:   The Honorable William H. Alsup
    Secretary, United States Department of
22  Transportation,

23              Defendants,

24  and SUPERFUND SETTLEMENTS
    PROJECT, RCRA CORRECTIVE
25  ACTION PROJECT, and AMERICAN
    PETROLEUM INSTITUTE,
26
27              Intervenors.

28

MORGAN, LEWIS &
  BOCKIUS LLP
 ATTORNEYS AT LAW
                                           TREATED WOOD COUNCIL'S
                                           MOTION TO INTERVENE; MEMO P&A
                                           No. C-08-01409-WHA.

1    **<u>NOTICE OF MOTION AND MOTION TO INTERVENE</u>**

2    TO ALL PRTIES AND TO THE HONORABLE COURT:

3    **PLEASE TAKE NOTICE** that on September 4, 2008, at 8:00 a.m., or as soon thereafter

4    as the matter may be heard before the Honorable William H. Alsup, District Judge of the United

5    States District Court for the Northern District of California – San Francisco Division, located at

6    450 Golden Gate Avenue, San Francisco, California, the Treated Wood Council ("the Council"),

7    on behalf of its constituent member companies, will and hereby does move for leave to intervene

8    in the above-captioned proceeding.

9    The Council makes this motion pursuant to Rules 24(a)(2) and 24(b)(2) of the Federal

10    Rules of Civil Procedure, and Section 113(i) of the Comprehensive Environmental Response,

11    Conservation and Liability Act ("CERCLA"), 42 U.S.C. § 9613(i), on the ground that it has a

12    direct, substantial, and legally cognizable interest in the outcome of this litigation that may be

13    impaired or impeded in a practical sense by the determinations that may be made in this action.

14    This motion is based on this Notice of Motion and Motion; the following Memorandum of

15    Points and Authorities; the pleadings and records in this action; and such other materials and

16    argument as may be presented to the Court at or prior to the hearing.

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

i

TREATED WOOD COUNCIL'S
MOTION TO INTERVENE; MEMO P&A
No. C-08-01409-WHA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

On November 6, 2007, Sierra Club, Amigos Bravos, Great Basin Mine Watch, and Idaho Conservation League ("plaintiffs") submitted a notice letter to the United States Environmental Protection Agency ("EPA") as a prerequisite to filing a citizen suit under CERCLA § 310(e), 42 U.S.C. § 9659(e), regarding EPA's alleged failure under CERCLA § 108(b)(1) to promulgate regulations requiring businesses that handle hazardous substances to prove their ability to pay for the cleanup of spills or other environmental contamination that could result from their operations.

On March 11, 2008, plaintiffs filed the above-captioned action against EPA pursuant to CERCLA's citizen suit provision, 42 U.S.C. § 9659(e). In this suit, plaintiffs seek, among other things, to compel EPA to promulgate and adopt such financial assurance regulations under Section 108(b)(1). *See* Complaint at 6.

On April 10, 2008, three industry groups – the RCRA Corrective Action Project, the Superfund Settlements Project, and the American Petroleum Institute – moved, by and through the undersigned counsel, to intervene in this action. The grounds for that motion, and the supporting memorandum of points and authorities, were substantially identical to those relating to the instant motion. Statements of "no position" and non-opposition were filed thereafter by plaintiffs and defendants, respectively, on April 25, 2008 and May 1, 2008. On May 23, 2008, this Court entered an Order granting the motion to intervene.

On June 26, all parties to the litigation submitted to the Court a Joint Case Management Statement. In that Statement, the parties noted the Court's May 23 granting of the above motion to intervene. They also apprised the Court that: "The parties anticipate that an additional, similar motion to intervene may be filed in the near future."

### II. STANDING TO INTERVENE

The Court of Appeals for the Ninth Circuit has not yet resolved whether, in addition to satisfying the elements of Rule 24, a party seeking to intervene as of right also must demonstrate that it has Article III standing. *Prete v. Bradbury*, 438 F.3d 949, 956 n.8 (9th Cir. 2006). In any case, there is no real dispute that the Council has standing here.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

1

TREATED WOOD COUNCIL'S NOTICE OF
MOTION;
MOTION TO INTERVENE; MEMO P&A

1    As the plain text of Rule 24 indicates, a proposed intervenor need only demonstrate "an

2    interest" in the litigation.  In light of this language, those Courts of Appeals that have held that an

3    applicant must demonstrate Article III standing have held that "the question is not whether the

4    applicable law assigns the prospective intervenor a cause of action," but rather "whether the

5    individual may intervene in an already pending cause of action."  *Jones v. Prince George's*

6    *County*, 348 F.3d 1014, 1018 (D.C. Cir. 2003).  *See also Smuck v. Hobson*, 408 F.2d 175, 179

7    (D.C. Cir. 1969) (en banc) ("In the context of intervention the question is not whether a lawsuit

8    should be begun, but whether already initiated litigation should be extended to include additional

9    parties.").  Accordingly, a party satisfies the Article III standing requirement for intervention

10   where it demonstrates a "concrete and cognizable interest" in the litigation.  *Jones*, 348 F.3d at

11   1019.  *See also S. Christian Leadership Conference v. Kelley*, 747 F.2d 777, 779 (D.C. Cir. 1984)

12   (an intervenor need show only a "legally protectable" interest to demonstrate Article III standing).

13   The proposed intervenor here – the Treated Wood Council -- certainly satisfies this

14   requirement, as its constituent member companies have a definite and legally protectable interest

15   in the outcome of this litigation.  The Council is an international trade association, incorporated in

16   the State of Florida, with over 350 member organizations in the wood industry, including 175

17   companies that manufacture treated wood products at over 270 facilities.  The Council's offices

18   are located in Washington, D.C.  Many of the Council's member companies operate facilities, or

19   are otherwise involved at sites, that would be subject to the new EPA regulations being sought in

20   this action.  As such, if plaintiffs were to prevail in this action, many of the Council's member

21   companies likely would be subject to new financial assurance regulations.  In meeting those

22   requirements, the Council's member companies likely would be forced to assume new and

23   significant financial burdens for numerous facilities across the country.

24   Applicant's member companies, therefore, have a direct and significant interest in the

25   outcome of this litigation; and it is an interest that the federal courts repeatedly have found

26   satisfies the standing requirement for intervention.  *See, e.g.*, *Sagebrush Rebellion, Inc. v. Watt*,

27   713 F.2d 525, 528 (9th Cir. 1983) (holding that a public interest group that has supported a

28   measure has a "significant protectable interest" in defending the legality of the measure); *Fund*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

2

TREATED WOOD COUNCIL'S
MOTION TO INTERVENE; MEMO P&A
No. C-08-01409-WHA.

1   *for Animals, Inc. v. Norton*, 322 F.3d 728, 733 (D.C. Cir. 2003) (permitting intervention in suit

2   seeking listing of an animal on the Endangered Species List by an organization whose member

3   companies would be financially impacted by such a regulatory action); *Military Toxics Project v.*

4   *EPA*, 146 F.3d 948, 954 (D.C. Cir. 1998) (permitting intervention in suit seeking review of the

5   Military Munitions Rule promulgated by EPA providing an exemption to RCRA regulations for

6   used or fired, on-range munitions by an organization whose members would be affected by such

7   an action).

8       As the courts in these cases have recognized, proposed intervenor plainly has standing to

9   intervene because its member companies will be subjected to significant financial burden if the

10   disputed regulations are adopted, and thus those companies have a direct and legally cognizable

11   interest in not being subject to such regulations.  Because the member companies of the proposed

12   intervenors would suffer concrete injury if the Court were to grant the relief that plaintiffs seek in

13   this litigation, the Council has Article III standing for purposes of intervention.[1]

14   **III.     INTERVENTION AS OF RIGHT UNDER RULE 24(a)(2) AND CERCLA § 113(i)**

15       The Ninth Circuit has held that a prospective intervenor must be permitted to intervene as

16   of right under Rule 24(a) if the applicant satisfies the elements of the four-part test set out in

17   *Southwest Center For Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001):

18          (1) the application for intervention must be timely; (2) the applicant
         must have a 'significantly protectable' interest relating to the
19          property or transaction that is the subject of the action; (3) the
         applicant must be so situated that the disposition of the action may,
20          as a practical matter, impair or impede the applicant's ability to
         protect that interest; and (4) the applicant's interest must not be
21          adequately represented by the existing parties in the lawsuit.

22   *See also DBSI/TRI IV Ltd. P'ship v. United States*, 465 F.3d 1031, 1037 (9th Cir. 2006).

23   Prospective intervenor here satisfies all four *Berg* elements for intervention as of right.

24   ///

25

---

26      [1]      There also is no real question that, if the member companies of the proposed intervenor have standing to
intervene, then the Council has standing to intervene on their behalf.  *See Military Toxics Project*, 146 F.3d at 954-55
27   ("CMA [Chemical Manufacturers Association] members would suffer concrete injury if the court grants the relief the
petitioners seek; they would therefore have standing to intervene in their own right, and we agree with the litigants
that the CMA has standing to intervene on their behalf in support of the EPA.").
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
        3         TREATED WOOD COUNCIL'S
MOTION TO INTERVENE; MEMO P&A
No. C-08-01409-WHA.

**A.    Timeliness**

The Ninth Circuit has held that timeliness is a flexible concept, the determination of which is left to the district court's discretion. *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981). In determining whether an application for intervention is timely, courts have concluded that "timeliness is to be judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *United States v. AT&T Co.*, 642 F.2d 1285, 1295 (D.C. Cir. 1980).

There is little question that applicant's Motion for Intervention is timely. It was filed very early in the litigation, and before EPA filed its answer. This is a factor that courts have found to be effectively dispositive of the timeliness inquiry. *See, e.g.*, *Fund for Animals*, 322 F.3d at 735. There are no other factors that weigh against a finding of timeliness.

**B.    Interest and Impairment**

The Ninth Circuit has held that the "significantly protectable interest" test does not establish "a clear-cut or bright-line rule," *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002), but rather requires a court to make "a practical, threshold inquiry." *Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993). An applicant seeking to intervene need not show that "the interest he asserts is one that is protected by statute under which litigation is brought." *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993). Indeed, the Ninth Circuit has made clear that "[n]o specific legal or equitable interest need be established." *Greene*, 996 F.2d at 976. Rather, "[i]t is generally enough that the interest [asserted] is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Sierra Club*, 995 F.2d at 1484; *see also So. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803, *modified on other grounds*, 353 F.3d 648 (9th Cir. 2003).

There is no question that applicant's member companies have a direct, substantial, and legally cognizable interest in the outcome of this proceeding.[2] Applicant's interest here lies in

---

[2]    Because the proposed intervenor has established Article III standing, such a showing necessarily is

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

4

TREATED WOOD COUNCIL'S
MOTION TO INTERVENE; MEMO P&A
No. C-08-01409-WHA.

1    tailoring any rulemaking proceedings to the specific requirements of the statute, preserving

2    agency discretion on the many issues that are left open by the statute, avoiding the imposition of

3    unnecessary or duplicative requirements on the regulated industries, and assuring that any

4    rulemaking schedule allow adequate time for agency deliberation on these complex and important

5    issues.

6            Nor is there any real dispute that, if plaintiffs were to prevail in this matter, the interests of

7    applicant's member companies, "as a practical matter," would be impaired or impeded as those

8    companies would be exposed to significant financial burdens and other regulatory obligations.

9    As courts consistently have recognized, a company's interest in not being subject to regulations

10   that may have a direct financial impact on the company constitutes a cognizable and legally

11   protectable interest, and one that is sufficient to support intervention under Rule 24(a).  *See Fund*

12   *for Animals*, 322 F.3d at 733; *Berg*, 268 F.3d at 822 ("if an absentee would be substantially

13   affected in a practical sense by the determination made in an action, he should, as a general rule,

14   be entitled to intervene" (quotations and citations omitted)).

15           In light of such holdings, applicant's member companies plainly have a "protectable"

16   interest that may be impeded or impaired by the relief being sought by plaintiffs in this action.

17   Applicant thus should be permitted to intervene to protect those interests.

18       **C.    Adequacy of Representation**

19           Due to the nearly identical language between the two provisions, the Ninth Circuit has

20   held that the same standards that apply to intervention under Rule 24(a)(2) also apply to

21   intervention under CERCLA § 113(i), "with the exception that the burden to show that existing

22   parties adequately represent the prospective intervenor's interests is allocated to the President or

23   the State under § 113(i), whereas under [Rule] 24(a)(2) the party seeking to intervene has the

24   burden to show that no existing party adequately represents its interests."  *Cal. Dep't of Toxic*

25   *Substances Control v. Commercial Realty Project*, 309 F.3d 1113, 1118-19 (9th Cir. 2002).

26

27   sufficient to satisfy Rule 24's interest requirement. *Jones*, 348 F.3d at 1018 ("because [intervenor] has suffered a cognizable injury sufficient to establish Article III standing, she also has the requisite interest under Rule 24(a)(2)");

28   *Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1076 (D.C. Cir. 1998) (holding that satisfying constitutional standing requirements demonstrates the existence of a legally protected interest for purposes of Rule 24(a)).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

TREATED WOOD COUNCIL'S
MOTION TO INTERVENE; MEMO P&A
No. C-08-01409-WHA.

1   Consequently, the burden to demonstrate adequacy of representation falls on the government. 42

2   U.S.C. § 9613(i). *See United States v. Union Elec. Co.*, 64 F.3d 1152, 1157 (8th Cir. 1995) ("The

3   statute places the burden on the President or the State to show that the potential intervenor's

4   interest is adequately represented by existing parties . . .").

5        EPA can make no such showing here as EPA does not adequately represent the interests

6   of the member companies of proposed intervenor. CERCLA imposes on the Administrator the

7   duty to serve and pursue interests that are entirely distinct from – and potentially at odds with –

8   those of movant's member companies. As a result of the government's divergent interests in this

9   area, EPA may pursue litigation or settlement strategies that would undermine movant's

10  cognizable interests in this matter. In such cases, courts have concluded that intervention under

11  Rule 24(a) is warranted and appropriate. *See, e.g.*, *Trbovich v. United Mine Workers of Am.*, 404

12  U.S. 528, 538-39 (1972); *United States v. Stringfellow*, 783 F.2d 821, 826 (9th Cir. 1986), *rev'd*

13  *on other grounds*, 480 U.S. 370 (1987).

14        Even under Rule 24(a), the adequacy of representation inquiry merely requires that an

15  applicant show that representation of his interest "*may be*" inadequate, and the burden of making

16  that showing should be treated as "minimal." *Trbovich*, 404 U.S. at 538 n.10 ("the burden of

17  making a showing [of inadequate representation] should be minimal" (citing 3B J. Moore, Federal

18  Practice ¶ 24.09-1 [4] (1969))). Indeed, in determining whether a party will adequately represent

19  a proposed intervenor's interests, the Ninth Circuit considers "several factors, including whether

20  [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present

21  party] is capable of and willing to make such arguments, and whether the intervenor offers a

22  necessary element to the proceedings that would be neglected." *Sagebrush Rebellion*, 713 F.2d at

23  528. The Ninth Circuit has made clear that the burden of showing inadequacy of representation is

24  minimal and "is satisfied if the applicant shows that representation of its interests 'may be'

25  inadequate . . . ."[3] *Id.* (internal citations omitted). *See also Forest Conservation Council v.*

---

[3]        Even where a party seeks to intervene on the side of the government, the Ninth Circuit has found this
element satisfied where the intervenor "might bring a perspective materially different from that of the [government]."
*Prete*, 438 F.3d at 957 (discussing *Sagebrush Rebellion*, 713 F.2d at 528). Indeed, because applicants and defendants
do not necessarily share "the same ultimate objective," there is no presumption in favor of adequacy of
representation. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1297-1301 (9th Cir. 1997). In

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

6

TREATED WOOD COUNCIL'S
MOTION TO INTERVENE; MEMO P&A
No. C-08-01409-WHA

1    *United States Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995).

2          Given EPA's distinct interests in this matter, and the fact that applicant may offer

3    elements to the proceeding that other parties would neglect, movant satisfies the minimal burden

4    for intervention.

5    **IV.      PERMISSIVE INTERVENTION UNDER RULE 24(b)(2)**

6          Alternatively, the Court should permit movant to intervene under Rule 24(b). Pursuant to

7    Rule 24(b)(2), intervention should be granted where an applicant intends to advance claims that

8    share a question of law or fact in common with the underlying action and so long as permitting

9    intervention will not unduly delay or prejudice the rights of the original parties. *See* Fed. R. Civ.

10    P. 24(b). Both of these elements are satisfied here.

11          First, the claims to be advanced by movant plainly share questions of fact and law in

12    common with the underlying action. Because its member companies anticipate being among

13    those companies subject to the new financial assurance regulations being sought here, applicant

14    has an interest in tailoring any rulemaking proceedings to the specific requirements of the statute,

15    preserving agency discretion on the many issues that are left open by the statute, avoiding the

16    imposition of unnecessary or duplicative requirements on the regulated industries, and assuring

17    that any rulemaking schedule allow adequate time for agency deliberation on these complex and

18    important issues. As such, intervenor's claims touch directly upon the central issues underlying

19    this litigation, and thus support granting leave to intervene. *See Kootenai Tribe of Idaho v.*

20    *Veneman*, 313 F.3d 1094, 1111 (9th Cir. 2002) (permitting intervention under Rule 24(b) is

21    appropriate where the "the magnitude of [the] case is such that [an applicant's] intervention will

22    contribute to the equitable resolution of [the] case"). Intervention also is warranted because

23

24    clarifying the "same ultimate objective" standard, the Ninth Circuit has held that the applicant's interest must be "identical to that of one of the present parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (emphasis added). Other jurisdictions have reached the same conclusion. See *Kan. Pub. Employees Ret. Sys. v. Reimer &*

25    *Koger Assocs.*, 60 F.3d 1304, 1308-09 (8th Cir. 1995) (finding a presumption of adequate representation arises only where the proposed intervenor's interests are identical to those of an existing party). Conversely, where the interests

26    of the proposed intervenor and a party "are disparate, even though directed at a common legal goal, . . . intervention is appropriate." *Id.* Thus, absent a complete identity of interests, the minimal burden standard controls. *See United*

27    *States v. Stringfellow*, 783 F.2d 821, 828 (9th Cir. 1986), *rev'd on other grounds*, 480 U.S. 370 (1987). The possibility that applicants' interests may be "bargained away" during settlement means that there is not the requisite

28    identity of interests that would give rise to a presumption of adequacy of representation. *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

7

TREATED WOOD COUNCIL'S
MOTION TO INTERVENE; MEMO P&A
No. C-08-01409-WHA

1  movant will provide valuable insight into the actual, real-world implications of accepting

2  plaintiffs' proposal.  *See Garza v. County of Los Angeles*, 918 F.2d 763, 777 (9th Cir. 1990)

3  (intervenors' knowledge and experience may support a grant of permissive intervention).  *See*

4  *also Earth Island Inst. v. U.S. Forest Serv.*, No. 2:05-cv-1608-MCE-GGH, 2006 U.S. Dist.

5  LEXIS 66758, at *6 (E.D. Cal. Sept. 8, 2006) ("Ensuring that all competing interests are heard

6  will contribute to the just and equitable resolution of this case.").

7        As to the remaining element, intervention will not delay or unduly complicate this action.

8  Proposed intervenor fully anticipates making timely submissions, by and through the undersigned

9  counsel, which already represents the 3 intervenors in the case.  Rather than filing a separate

10 answer of its own, proposed intervenor will join in the amended answer to be filed by the 3

11 intervenors, as previously set forth in Paragraphs 5 and 16 of the Joint Case Management

12 Statement filed with the Court on June 26, 2008.

13       Moreover, permitting intervention will assist this Court by providing a valuable

14 perspective regarding the issues presented.  Indeed, because its member companies will be able to

15 provide unique insight into the implications of the regulations being sought by plaintiffs,

16 permitting movant to intervene "might produce efficiency gains."  *United States v. ABA*, 118 F.3d

17 776, 782 (D.C. Cir. 1997).

18                                **CONCLUSION**

19       WHEREFORE, for the foregoing reasons, the Council respectfully requests that this Court

20 grant it leave to intervene on behalf of its constituent member companies in the above-captioned

21 proceeding, with the full rights attendant thereto.

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

8

TREATED WOOD COUNCIL'S
MOTION TO INTERVENE; MEMO P&A
No. C-08-01409-WHA

1    Dated: July 25, 2008                    Respectfully submitted,

2

3                                                 /s/ Benjamin P. Smith
                                            BENJAMIN P. SMITH, State Bar No. 197551
4                                           MORGAN, LEWIS & BOCKIUS LLP
                                            One Market, Spear Street Tower
5                                           San Francisco, CA 94105
                                            Tel:  415.442.1000
6                                           Fax:  415.442.1001
                                            E-mail:  bsmith@morganlewis.com
7

8                                           *Local Co-Counsel for Intervenor Treated Wood
                                            Council*
9

10                                          MICHAEL W. STEINBERG,
                                            Admitted *Pro Hac Vice*
11                                          MORGAN, LEWIS & BOCKIUS LLP
                                            1111 Pennsylvania Ave., N.W.
12                                          Washington, D.C.  20004
                                            Telephone:  (202) 739-5141
13                                          Facsimile:  (202) 739-3001

14                                          *Attorney for Intervenor Treated Wood Council*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW

TREATED WOOD COUNCIL'S
                                            MOTION TO INTERVENE; MEMO P&A
                                            No. C-08-01409-WHA