1  RONALD J. TENPAS
Assistant Attorney General
2  Environment & Natural Resources Division

3  MARTIN F. McDERMOTT (SBN 6183307 (IL))
ROCHELLE L. RUSSELL (CA Bar No. 244992)
4  Trial Attorneys
U.S. Department of Justice
5  Environment & Natural Resources Division
Environmental Defense Section
6  P.O. Box 23986
Washington, D.C. 20026-3986
7  Tel:    (202) 514-1950
Fax:    (202) 514-8865
8  Email: martin.mcdermott@usdoj.gov
Email: rochelle.russell@usdoj.gov
9  *Counsel for Defendants*

10

11

12               UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

              SAN FRANCISCO DIVISION
14

15  _____
                                        )
16  SIERRA CLUB, GREAT BASIN            )    Civil Case No. C 08-01409 WHA
    RESOURCE WATCH, AMIGOS             )
17  BRAVOS, and IDAHO CONSERVATION     )
    LEAGUE,                            )
18                                      )    **DEFENDANTS' RESPONSE TO**
                Plaintiffs,             )    **COURT'S ORDER TO SHOW CAUSE**
19                                      )
           v.                          )
20                                      )
    STEPHEN L. JOHNSON, Administrator,  )
21  United States Environmental Protection )
    Agency, and MARY E. PETERS, Secretary, )
22  United States Department of Transportation, )
                                        )
23              Defendants,             )
                                        )
24  and                                 )
                                        )
25  SUPERFUND SETTLEMENTS PROJECT,      )
    RCRA CORRECTIVE ACTION PROJECT,    )
26  and AMERICAN PETROLEUM             )
    INSTITUTES,                        )
27                                      )
                Defendant-Intervenors.  )
28  _____

1

**INTRODUCTION**

2      Defendants Stephen L. Johnson, as Administrator of the United States Environmental

3  Protection Agency, and Mary E. Peters, as Secretary of the United States Department of

4  Transportation, hereby file this response to the Court's July 23, 2008 Order to Show Cause

5  whether Plaintiffs' "unlawfully withheld" and "unreasonably delayed" claims under section

6  706(1) of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), are duplicative of, and

7  thus precluded by, Plaintiffs' nondiscretionary citizen suit claim under section 310(a)(2) of the

8  Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42

9  U.S.C. § 9659(a)(2).

10      As demonstrated below, Plaintiffs' "unlawfully withheld" claim duplicates their

11  nondiscretionary citizen suit claim because both causes of action depend on whether Defendants

12  failed to discharge mandatory duties by a date-certain deadline. Plaintiffs' "unreasonably

13  delayed" claim, on the other hand, does not duplicate their citizen suit claim because it turns on

14  whether the agency's delay in taking action is unreasonable using a multi-factor test, not a date-

15  certain deadline. Thus, while Plaintiffs' "unlawfully withheld" claim must be dismissed as

16  duplicative of and precluded by their nondiscretionary citizen suit claim under the Ninth Circuit's

17  recent decision in <u>Coos County Bd. of County Comm'rs v. Kempthorne</u>, 531 F.3d 792 (9th Cir.

18  2008), and prior case law, their "unreasonably delayed" claim should not be dismissed on that

19  basis. Rather, for the reasons stated in Defendants' motion to dismiss and reply, the

20  "unreasonably delayed" claim should be dismissed because judicial review lies exclusively in the

21  United States Court of Appeals for the District of Columbia Circuit pursuant to <u>Telecomms.</u>

22  <u>Research & Action Ctr. v. FCC</u>, 750 F.2d 70 (D.C. Cir. 1984) ("<u>TRAC</u>"), and its progeny.

23

**ARGUMENT**

24      The judicial review provisions of the APA provide a limited waiver of sovereign

25  immunity for suits challenging federal agency actions under 28 U.S.C. § 1331. <u>Gallo Cattle Co.</u>

26  <u>v. United States Dep't of Agric.</u>, 159 F.3d 1194, 1198 (9th Cir. 1998); <u>see also</u> <u>Coos County</u>, 531

27  F.3d at 802. Relevant here, section 706(1) of the APA waives sovereign immunity by

28  authorizing courts to "compel agency action unlawfully withheld or unreasonably delayed." 5

1   U.S.C. § 706(1).  The waiver in section 706(1) is conditional: review is available only "where a

2   plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."

3   Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004) ("SUWA").

4        In addition, review under section 706(1) is available only where "there is no other

5   adequate remedy in a court."  5 U.S.C. § 704.  As explained by the Supreme Court, this

6   "adequate remedy" limitation "makes it clear that Congress did not intend the general grant of

7   review in the APA to duplicate existing procedures for review of agency action."  Bowen v.

8   Massachusetts, 487 U.S. 879, 903 (1988).  Consequently, "federal courts lack jurisdiction over

9   APA challenges whenever Congress has provided another 'adequate remedy.'"  Brem-Air

10  Disposal v. Cohen, 156 F.3d 1002, 1004 (9th Cir. 1998).  Where relief is available under a

11  citizen suit provision, for example, that citizen suit action provides an "adequate remedy" and

12  thus "'precludes an additional suit under the APA.'"  Coos County, 531 F.3d at 802 (quoting

13  Brem-Air, 156 F.3d at 1005).  See e.g., id. at 810 (section 706(1) claim precluded because the

14  Endangered Species Act ("ESA") nondiscretionary citizen suit provision provided an "adequate

15  remedy"); Brem-Air, 156 F.3d at 1005 (court lacked jurisdiction over plaintiffs' APA challenge

16  because the Resource Conservation and Recovery Act citizen suit provision provided an

17  "adequate remedy"); Hayes v. Whitman, 264 F.3d 1017, 1025 (10th Cir. 2001) (section 706(1)

18  claim precluded because it duplicated Clean Water Act nondiscretionary citizen suit claim).

19       Plaintiffs contend here that Defendants have failed to prioritize, promulgate, and

20  implement financial assurance regulations for certain facilities under section 108(b) of CERCLA,

21  42 U.S.C. § 9608(b).  Plaintiffs allege a right of review under CERCLA's nondiscretionary

22  citizen suit provision and the APA's "unlawfully withheld or unreasonably delayed" judicial

23  review provision.  To determine whether Plaintiffs' nondiscretionary citizen suit claim provides

24  an "adequate remedy" that precludes their "unlawfully withheld" and/or "unreasonably delayed"

25  claims under the APA, one must ask whether the APA claims are "identical in all relevant

26  respects to" the nondiscretionary duty claim.  See Coos County, 531 F.3d at 810.  We examine

27  that question below.

28  //

**A.    Plaintiffs' "Unlawfully Withheld" Claim Duplicates Their Nondiscretionary Citizen Suit Claim Because Both Causes of Action Turn On Whether Defendants Failed to Discharge Duties by a Date Certain.**

The sole question before a district court in a nondiscretionary citizen suit action such as that brought here is whether the agency has failed to discharge a mandatory duty by a date-certain deadline.  See Sierra Club v. Thomas, 828 F.2d 783, 791 (D.C. Cir. 1987) (opinion cited with approval in Our Children's Earth Found. v. EPA, 527 F.3d 842, 851 (9th Cir. 2008)); Defenders of Wildlife v. Browner, 888 F. Supp. 1005, 1008 (D. Ariz. 1995); Envtl. Def. v. EPA, No. C-06-4273, 2007 WL 127998, at *2 (N.D. Cal. Jan. 12, 2007).  A nondiscretionary duty exists where a statute categorically requires action to be taken by a specific deadline or where a deadline is readily ascertainable from some other fixed date or event.  Browner, 888 F. Supp. at 1008 (citing Sierra Club, 828 F.2d at 790 and n.58); see also Ctr. for Biological Diversity v. Norton, 254 F.3d 833, 840 (9th Cir. 2001) ("By imposing these deadlines [in 16 U.S.C. § 1533(b)(3)], Congress 'replace[d] the Secretary's discretion with mandatory, nondiscretionary duties.'") (quoting ESA legislative history).[1]/  Accordingly, "'[f]or the Court to find a nondiscretionary duty, the statute must 'categorically mandate' that *all* specified action be taken by a date-certain deadline.'" Envtl. Defense, 2007 WL 127998, at *2 (quoting Sierra Club, 828 F.2d at 791).  See, e.g., Envtl. Def. Ctr. v. Babbitt, 73 F.3d 867, 871 (9th Cir. 1995) (ESA provision requiring agency to act on a proposed rule within one year of publication was a nondiscretionary duty enforceable under the statute's citizen suit provision).

Likewise, an "unlawfully withheld" claim under the APA turns on whether the agency has failed to take mandatory action by a date certain.  See Forest Guardians v. Babbitt, 174 F.3d 1178, 1190 (10th Cir. 1999); San Francisco Baykeeper, Inc. v. Browner, 147 F. Supp. 2d 991, 1005 (N.D. Cal. 2001), aff'd, 297 F.3d 877 (9th Cir. 2002).  As concluded by the Tenth Circuit – the only circuit court of which we are aware that has squarely addressed the distinction between

---

[1]/    Absent such a readily-ascertainable deadline, "it will be almost impossible to conclude that Congress accords a particular agency action such high priority as to impose upon the agency a 'categorical[] mandat[e]' that deprives it of all discretion over the timing of its work." Sierra Club, 828 F.2d at 791.

1    "unlawfully withheld" and "unreasonably delayed" agency action – "when an entity governed by

2    the APA fails to comply with a statutorily imposed absolute deadline, it has unlawfully withheld

3    agency action." Forest Guardians, 174 F.3d at 1190; see also Ctr. for Biological Diversity v.

4    Brennan, No. C 06-7062, 2007 WL 2408901, at *21 (N.D. Cal. Aug. 21, 2007) (citing Forest

5    Guardians and finding that defendants had "unlawfully withheld" action by failing to produce an

6    updated research plan at least every three years as required by the Global Change Research Act).

7    Thus, where a plaintiff alleges that an agency was required by statute to promulgate regulations

8    by a date certain and the agency failed to do so, the plaintiff may seek to compel that action as

9    "unlawfully withheld" under section 706(1) of the APA – unless another adequate remedy is

10   available. See SUWA, 524 U.S. at 65 (using example of an agency's failure to issue a regulation

11   within the time required by statute to illustrate the type of agency action that may be compelled

12   as "unlawfully withheld").

13        A nondiscretionary citizen suit claim and an APA "unlawfully withheld" claim are

14   therefore virtually identical.  Both depend on whether an agency has failed to discharge a

15   statutory mandatory duty by a specific, ascertainable deadline.  Moreover, the relief available

16   under either claim is the same: the court may compel the agency to act.  See, e.g., 42 U.S.C. §

17   9569(c) (authorizing court "to order the President or other officer to perform the act or duty" in

18   action brought under CERCLA's nondiscretionary citizen suit provision); 5 U.S.C. § 706

19   (authorizing court to "compel agency action unlawfully withheld" in action brought under section

20   706(1) of the APA).  Thus, if a plaintiff obtained relief under the nondiscretionary citizen suit

21   provision, no further relief could be accorded under the APA because the citizen suit remedy

22   would be fully "adequate."  Hence, the two causes of action are duplicative.  And under section

23   704 of the APA, if a plaintiff may bring suit to compel the duty under a nondiscretionary citizen

24   suit provision, it may not obtain relief under the APA's "unlawfully withheld" provision.  See

25   Coos County, 531 F.3d at 802, 810; Brem-Air, 156 F.3d at 1004-05.

26        Plaintiffs allege here that Defendants were required under section 108(b) of CERCLA to

27   take three actions by specific deadlines: (1) publish notice of the classes of facilities for which

28   financial assurance requirements would be first developed by December 11, 1983; (2)

1    promulgate financial assurance regulations beginning December 11, 1985; and (3) impose

2    financial assurance requirements no later than four years after promulgation.  Compl. ¶ 21.

3    Plaintiffs contend that Defendants' alleged failure to take these actions constitutes a failure to

4    perform a nondiscretionary duty under CERCLA, and seek relief under the statute's

5    nondiscretionary citizen suit provision in 42 U.S.C. § 9659(a)(2).  Compl. ¶¶ 37-39.  In the

6    alternative, Plaintiffs assert that this alleged failure to act constitutes "unlawfully withheld"

7    action under section 706(1) of the APA.  Compl. ¶¶ 3, 40-41.  For relief, Plaintiffs request the

8    Court to order Defendants to take each of these actions.  See Compl. at Relief Requested.

9          In short, Plaintiffs contend that Defendants have failed to take statutorily-required actions

10   by date-certain deadlines, and seek to compel these actions under alternative statutory review

11   provisions.  But because this claim can be brought under CERCLA's citizen suit provision,

12   Plaintiffs have an "adequate remedy" and review under the APA's "unlawfully withheld"

13   provision is precluded.[2/]  Plaintiffs' "unlawfully withheld" claim must therefore be dismissed for

14   lack of jurisdiction.

15   **B.    Plaintiffs' "Unreasonably Delayed" Claim Does Not Duplicate Their**
16         **Nondiscretionary Citizen Suit Claim Because It Turns On A Multi-Factor**
         **Test, Not a Date-Certain Deadline.**

17         In contrast to nondiscretionary citizen suits and "unlawfully withheld" claims, an

18   "unreasonably delayed" claim under the APA does not turn on a date-certain deadline.  Forest

19   Guardians, 174 F.3d at 1190; San Francisco Baykeeper, 147 F. Supp. 2d at 1005.  Rather, a claim

20   for unreasonable delay turns on whether the "agency is required to act – either by organic statute

21   or by the APA – within an expeditious, prompt, or reasonable time."[3/]  Forest Guardians, 174

22   F.3d at 1190; Sierra Club, 828 F.2d at 794 ("[T]he petitioner alleging 'unreasonable delay' does

23

24   [2/]     Defendants reserve the right to challenge the merits of such allegations, including
25   whether the agency actions constitute nondiscretionary duties that EPA has failed to perform.

26   [3/]     A claim alleging unreasonable delay generally may be brought only if an agency has
     failed to "within a reasonable time, . . . conclude a matter presented to it."  5 U.S.C. § 555(b)
27   (emphasis added); see also In re Int'l Chem. Workers Union, 958 F.2d 1144, 1149 (D.C. Cir.
     1992) (discussing link between agency obligation under 5 U.S.C. § 555(b) and judicial review
28   provision in 5 U.S.C. § 706(1)).

1  not contend that agency inaction violates a clear duty to take a particular action by a date

2  certain."). Courts evaluate "unreasonably delayed" claims under a "rule of reason" using the

3  factors set forth in TRAC by the D.C. Circuit. Independence Mining Co., Inc. v. Babbitt, 105

4  F.3d 502, 507 (9th Cir. 1997) (applying TRAC factors to claim of unreasonable delay under the

5  APA); Brower v. Evans, 257 F.3d 1058, 1068 (9th Cir. 2001) (same). The purpose of this multi-

6  factor test, which includes weighing the nature and extent of the interests prejudiced by the delay

7  against the agency's higher or competing priorities, is to determine whether the alleged delay is

8  unreasonable. Brower, 257 F.3d at 1068; Forest Guardians, 174 F.3d at 1190-91. This balancing

9  approach, however, is neither required nor permitted where Congress has provided a firm

10  deadline for the agency to act – i.e., for claims alleging nondiscretionary duties or unlawfully

11  withheld agency action. See Biodiversity Legal Found. v. Badgley, 309 F.3d 1166, 1177 n.11

12  (9th Cir. 2002). The APA's "unreasonably delayed" provision thus provides an alternative

13  judicial remedy for plaintiffs seeking to compel agency action that, while required by statute, is

14  not required by a date-certain deadline. See SUWA, 542 U.S. at 64 n.1 (explaining in the context

15  of an "unreasonably delayed" claim under section 706(1) of the APA that "a delay cannot be

16  unreasonable with respect to action that is not required.").

17         Here, Plaintiffs contend that Defendants' alleged failure to prioritize, promulgate, and

18  implement financial assurance regulations amounts to "unreasonable delay" because "a delay of

19  over 20 years is inherently unreasonable, particularly in light of the importance Congress has

20  assigned to the protection of people and the environment from hazardous substances." Compl. §

21  41. Plaintiffs have therefore asserted that, even if Defendants' alleged failure to act does not

22  involve nondiscretionary duties by date-certain deadlines, it nonetheless amounts to

23  "unreasonably delayed" action. Because this "unreasonably delayed" claim turns not on a

24  statutorily imposed date-certain deadline but on a multi-factor test to be applied in the court's

25  discretion, it is neither identical to nor duplicative of Plaintiffs' nondiscretionary citizen suit

26  claim under CERCLA. Furthermore, there is no other judicial review provision in CERCLA that

27  could constitute an "adequate remedy" for this type of unreasonable delay claim.

28         Nevertheless, to the extent Plaintiffs were to prevail on their nondiscretionary duty claim,

1  their remedy under the citizen suit provision – compelling the agency to act – would mirror the

2  relief available under the APA.  See supra at 4.  Hence, the citizen suit relief would have

3  provided Plaintiffs an "adequate remedy," and a claim for unreasonable delay under the APA

4  would either be precluded or moot.  But if Plaintiffs were to fail on their nondiscretionary duty

5  claim, because, for example, the alleged agency action is not required by a date certain, they

6  would then have an alternative ground for compelling the action as "unreasonably delayed."  In

7  any event, because the merits of Plaintiffs' nondiscretionary duty claim are not before the Court

8  in the pending venue motion, the APA's "adequate remedy" limitation does not necessarily

9  preclude Plaintiffs from pursuing their "unreasonably delayed" claim at this juncture.  Should

10  Plaintiffs wish to pursue the claim, however, they must do so in the D.C. Circuit pursuant to

11  TRAC.

12           **C.    Coos County Does Not Dictate A Different Result.**

13           The Ninth Circuit's recent decision in Coos County is consistent with the United States'

14  position here that an adequate remedy for Plaintiffs' "unlawfully withheld" claim, but not

15  necessarily their "unreasonably delayed" claim, exists under the CERCLA citizen suit provision.

16           In Coos County, the plaintiff alleged that the Fish and Wildlife Service and other federal

17  defendants ("FWS") had a mandatory duty under the ESA to promptly publish a proposed rule

18  removing the Washington, Oregon, and California population of the marbled murrelets from the

19  threatened species list and to publish a final rule implementing that delisting decision within one

20  year of the proposed rule.  531 F.3d at 801.  Specifically, the plaintiff asserted that the FWS's

21  determination during its five-year listing review that the murrelets did not qualify as a distinct

22  population segment triggered those rulemaking duties.  Id. at 802.  The plaintiff sought to compel

23  this rulemaking under the ESA's nondiscretionary citizen suit provision, 16 U.S.C. §

24  1540(g)(1)(C).  Id.  The plaintiff also alleged that the FWS's failure to delist the population of

25  murrelets amounted to "agency action unlawfully withheld or unreasonably delayed" under

26  section 706(1) of the APA.  Id.

27           The Ninth Circuit found that, "for the purposes of this appeal," the applicability of the

28  ESA nondiscretionary citizen suit claim and the APA "unlawfully withheld or unreasonably

1    delayed" claim both depended on "whether FWS has failed to act on a nondiscretionary duty to

2    publish proposed regulations delisting the murrelets (and final regulations thereafter)."  Id.  In

3    other words, the allegations underlying the nondiscretionary duty and "unlawfully withheld or

4    unreasonably delayed" claims were grounded in the same legal assertion: the FWS's distinct

5    population segment determination during its five-year listing review "triggered" a mandatory

6    duty to promptly publish a proposed rule delisting the murrelets and a final rule doing so within

7    one year thereafter.  Id. at 802-03.  The Court thus held that the APA claim was "precluded

8    because it is *identical in all relevant respects* to the ESA cause of action, which provides Coos

9    County with an 'adequate remedy.'"  Id. at 810 (emphasis added); see also Hayes, 264 F.3d at

10   1025 (dismissing the plaintiffs' APA claim as duplicative of their Clean Water Act

11   nondiscretionary citizen suit claim because "[t]he only APA challenge explicitly made in the

12   complaints was to the EPA's failure to fulfill its nondiscretionary duty").  The Ninth Circuit went

13   on to hold that the delisting rulemaking sought to be compelled by the plaintiff was not a

14   mandatory duty as alleged, and that the plaintiff had therefore not established a failure to perform

15   a nondiscretionary duty under the ESA.  Id. at 811.

16       Similarly, here, Plaintiffs' nondiscretionary citizen suit claim and their "unlawfully

17   withheld" claim are based on the same allegation – i.e., that Defendants had a nondiscretionary

18   duty to prioritize, promulgate, and implement financial assurance regulations for certain facilities

19   under section 108(b) of CERCLA – and turn on whether Defendants discharged those alleged

20   duties by a date certain.  Therefore, Plaintiffs' "unlawfully withheld" claim is precluded because

21   they have an adequate remedy under their nondiscretionary duty claim.

22       However, unlike the plaintiff's APA claim in Coos County, Plaintiffs' APA argument

23   here does not "exactly duplicate" their citizen suit claim.  See id. at 810.  Plaintiffs bifurcated

24   their "unlawfully withheld" and "unreasonably delayed" allegations with separate underlying

25   legal assertions.  While Plaintiffs contend that Defendants' alleged failure to act has been

26   "unlawfully withheld" because it is "required by CERCLA," Plaintiffs assert that the agency's

27   alleged 20-year delay in taking such action is "inherently unreasonable."  Compl. ¶ 41.  Hence,

28   Plaintiffs' "unreasonably delayed" claim is based on whether 20 years is an inherently

1  unreasonable time in taking the alleged required action, not on any nondiscretionary duty or date-

2  certain deadline.  Plaintiffs' "unreasonably delayed" claim is therefore not "identical in all

3  relevant respects" to their CERCLA nondiscretionary citizen suit claim, and need not be

4  dismissed under <u>Coos County</u>.

5                                      **CONCLUSION**

6          For the foregoing reasons, Defendants respectfully request the Court to dismiss with

7  prejudice Plaintiffs' "unlawfully withheld" claim under the APA as duplicative of and precluded

8  by their CERCLA nondiscretionary citizen suit claim.  Defendants also request the Court to

9  dismiss with prejudice Plaintiffs' "unreasonably delayed" claim under the APA for the reasons

10  set forth in Defendants' motion to dismiss and reply.

11
                                         Respectfully submitted,
12
   Dated:     August 6, 2008             RONALD J. TENPAS
13                                         Assistant Attorney General
                                          Environment & Natural Resources Division
14
                                           /s/ Rochelle L. Russell
15                                        _____
                                          MARTIN F. McDERMOTT
16                                        ROCHELLE L. RUSSELL
                                          Trial Attorneys
17                                        U.S. Department of Justice
                                          Environmental Defense Section
18                                        P.O. Box 23986
                                          Washington, D.C. 20026-3986
19                                        *Counsel for Defendants*

20  Of Counsel:

21  MARY GLEAVES
    Office of General Counsel
22  U.S. Environmental Protection Agency
    Pesticides and Toxic Substances Law Office
23  Ariel Rios Building,
    1200 Pennsylvania Avenue, N.W.
24  Washington, D.C. 20460

25  THOMAS F. MAHONEY
    Office of the General Counsel (C-30)
26  Rm W 94-312
    U.S. Department of Transportation
27  1200 New Jersey Ave., S.E.
    Washington, D.C. 20590

28

## CERTIFICATE OF SERVICE

I certify that on <u>August 6, 2008</u>, a true and correct copy of the foregoing

**DEFENDANTS' RESPONSE TO COURT'S ORDER TO SHOW CAUSE** was served

electronically via the Court's e-filing system to Counsel of Record.

/s/ Rochelle L. Russell
ROCHELLE L. RUSSELL