LISA GOLLIN EVANS (MA SB # 200730)
(Admitted *Pro Hac Vice*)
Earthjustice
21 Ocean Avenue
Marblehead, MA  01945
(781) 631-4119
levans@earthjustice.org

JAN HASSELMAN (WSB #29107)
(Admitted *Pro Hac Vice*)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
(206) 343-7340
(206) 343-1526 *[FAX]*
jhasselman@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Great Basin Resource Watch, Amigos Bravos, and Idaho Conservation League*

GREGORY C. LOARIE (CSB #215859)
Earthjustice
426 - 17th Street, 5th Floor
Oakland, CA  94612
(510) 550-6725
(510) 550-6749 *[FAX]*
gloarie@earthjustice.org

*Local Counsel for Plaintiffs*

THE HONORABLE WILLIAM H. ALSUP

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, et al., | Case No. 3:08-cv-01409-WHA |
| Plaintiffs, | |
| v. | PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE |
| STEPHEN JOHNSON, et al., | |
| Defendants, | |
| and | |
| SUPERFUND SETTLEMENTS PROJECT, et al., | |
| Defendant-Intervenors. | |

PLAINTIFFS' RESPONSE TO ORDER TO
SHOW CAUSE (Case No. 3:08-cv-01409-WHA)

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

INTRODUCTION

Pursuant to the Order Denying in Part Defendants' Motion to Dismiss and Order to Show Cause dated July 23, 2008, Plaintiffs herein show cause as to whether Sierra Club's claim for relief under Section 704 of the Administrative Procedure Act. ("APA") is precluded in this action.

The Sierra Club brought this action to compel defendants Stephen Johnson and Mary Peters, federal officials charged by law with implementing critical provisions of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), to follow the requirements of CERCLA and promulgate financial assurance regulations, as required by the Act, on a reasonable but rigorous schedule. Sierra Club's claims arise under both 42 U.S.C. § 9659(a)(2), which authorizes citizen suits against federal officials for failure to perform any nondiscretionary act or duty under CERCLA, and, in the alternative, under the APA, 5 U.S.C. § 706(1), which authorizes actions to compel agency action unreasonably withheld or unlawfully delayed. Defendants moved on May 16, 2008 to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1) based on lack of venue under both CERCLA and the APA. On July 23, 2008, this court denied in part defendants' motion to dismiss and found that subject matter jurisdiction over plaintiffs' CERCLA claim exists in this district.

With respect to the APA claim, dismissal at this juncture is unwarranted. Whether or not Sierra Club's APA claim is duplicative of its CERCLA citizen suit claim is a question that is inseparable from the merits. If the Court finds that Sierra Club is entitled to complete relief under its CERCLA claim, the APA claim is duplicative and can be dismissed without prejudice. However, if complete relief is not available under CERCLA, the APA claim is not duplicative and should not be dismissed. Because the Court cannot resolve the question of whether complete relief is available under CERCLA prior to deciding the merits, the motion to dismiss should be denied.

ARGUMENT

I.  SIERRA CLUB'S CLAIM FILED IN THE ALTERNATIVE SHOULD SURVIVE THE MOTION TO DISMISS

According to Coos County Board of County Commissioners v. Kempthorne, 531 F.3d 792

PLAINTIFFS' RESPONSE TO ORDER TO
SHOW CAUSE (Case No. 3:08-cv-01409-WHA)    -1-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1   (9th Cir. 2008), "'[i]f a plaintiff can bring suit against the responsible federal agencies under [a

2   citizen suit provision], this action precludes an additional suit under the APA.'" Coos County, 531

3   F.3d at 802, quoting Brem-Air Disposal v. Cohen, 156 F.3d 1002, 1005 (9th Cir. 1998). This

4   argument relies on the provision in the APA limiting review of agency action to those "reviewable

5   by statute" and "for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

6       In this case, whether or not the APA claim is duplicative depends on whether complete

7   relief is available under the CERCLA citizen suit provision. However, whether such complete relief

8   is available under CERCLA cannot be decided at this juncture in the case. As this Court explained

9   in its Order Denying in Part Defendants Motion to Dismiss, CERCLA imposes three different duties

10  on defendants with respect to the promulgation of financial assurances regulations. See Order at 2.

11  First, defendants must publish classes of facilities for which financial responsibility requirements

12  would be required no later than December of 1983; second, promulgate the regulations themselves

13  no sooner than December of 1985, and third, impose those requirements as quickly as reasonably

14  can be achieved but in no event more than four years after the date of promulgation. 42 U.S.C.

15  § 9608(b). Thus, Sierra Club's claim actually involves three different kinds of statutory duties: one

16  clear, "date certain" deadline for agency action, one requirement without a specific deadline, and a

17  third that requires prompt action with an outside time limit. Whether and to what extent any of the

18  defendants' failure to comply with any of these requirements can be remedied under the CERCLA

19  citizen suit provision is a matter that will be briefed by the parties in the pending motions for

20  summary judgment.

21      Until the Court decides that CERCLA provides an adequate remedy for all of these failures

22  to take action, dismissal of the alternative APA claim is not appropriate. For example, defendants

23  have placed Sierra Club on notice that they intend to raise issues concerning the statute of

24  limitations with respect to plaintiffs' CERCLA claim. It is possible that issues related to the statute

25  of limitations, or other jurisdictional issues unknown to plaintiffs at this time, will render plaintiffs'

26  claim under CERCLA an "inadequate" remedy and leaving the APA claim as non-duplicative.

27  Alternatively, the Court may find that CERCLA provides a remedy for part of the Sierra Club's

28

PLAINTIFFS' RESPONSE TO ORDER TO
SHOW CAUSE (Case No. 3:08-cv-01409-WHA)    -2-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

1  claim (for example, the statutory duty with a "date certain" deadline) but not another part (for
2  example, the statutory duty with no date certain deadline).  In such case, the APA would provide a
3  basis for review for whatever CERCLA does not reach.  In either event, whether or not the APA
4  claim is duplicative must await resolution of the merits.  See, e.g., Natural Resources Defense
5  Council, Inc. v. Fox, 93 F. Supp. 2d 531, 560 (S.D.N.Y. 2000)  (duplicative APA claim "dismissed
6  as moot" only after plaintiff granted relief under the Clean Water Act (CWA)); American Canoe
7  Ass'n, Inc. v. U.S.EPA, 20 F. Supp. 2d 908, 922-923 (E.D. Va. 1998) (pleading in the alternative
8  that EPA's failure to act is an abuse of discretion reviewable under the APA is dismissed after
9  plaintiff's claim under CWA is found to be valid.); Oregon Natural Resources Council v. U.S.
10 Forest Service, 834 F.2d 842, 851-52 (9th Cir. 1987) (because the CWA was held not to provide a
11 cause of action, plaintiffs' alternative APA claim, based upon the same CWA provision, was
12 properly before the court).

13    Plaintiffs do not dispute that, should complete relief be available for all of defendants'
14 failures to act under the CERCLA citizen suit provision, Coos Bay dictates that their APA claim
15 should be dismissed as duplicative.  Moreover, plaintiffs believe that such complete relief is, in fact,
16 available under CERCLA's citizen suit provision.  Until the Court so rules, however, it is premature
17 to dismiss the APA claim, and hence plaintiffs respectfully request that the motion to dismiss be
18 denied.

19                               CONCLUSION
20    For the above mentioned reasons, plaintiffs respectfully request that the Court allow
21 plaintiffs to maintain the alternative APA claims at least until the court has determined that
22 plaintiffs' CERCLA claim reaches all of the failures to act that Sierra Club has alleged.  If in ruling
23 on the motions for summary judgment this Court finds that relief is available under the CERCLA
24 citizen suit provision on all components of CERCLA's financial responsibility requirements, it
25 would be appropriate for the Court to dismiss without prejudice the APA claim as duplicative.
26
27
28

PLAINTIFFS' RESPONSE TO ORDER TO
SHOW CAUSE (Case No. 3:08-cv-01409-WHA)   -3-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

Respectfully submitted this 6th day of August, 2008.

/s/ Jan Hasselman
JAN HASSELMAN
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA 98104
(206) 343-7340
(206) 343-1526 *[FAX]*
jhasselman@earthjustice.org

LISA GOLLIN EVANS
Earthjustice
21 Ocean Avenue
Marblehead, MA 01945
(781) 631-4119
levans@earthjustice.org

*Attorneys for Plaintiffs Sierra Club, Great Basin Resource Watch, Amigos Bravos, and Idaho Conservation League*

GREGORY C. LOARIE (CA Bar No. 215859)
Earthjustice
426 - 17th Street, 5th Floor
Oakland, CA 94612
(510) 550-6725
(510) 550-6749 *[FAX]*
gloarie@earthjustice.org

*Local Counsel for Plaintiffs*

PLAINTIFFS' RESPONSE TO ORDER TO
SHOW CAUSE (Case No. 3:08-cv-01409-WHA)   -4-

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA 98104*
*(206) 343-7340*