IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIERRA CLUB, GREAT BASIN RESOURCE WATCH, AMIGOS BRAVOS, and IDAHO CONSERVATION LEAGUE,

    Plaintiffs,

  v.

STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency, and MARY E. PETERS, Secretary, United States Department of Transportation,

    Defendants,

  and

SUPERFUND SETTLEMENTS PROJECT, RCRA CORRECTIVE ACTION PROJECT, and AMERICAN PETROLEUM INSTITUTES,

    Defendant-Intervenors.

No. C 08-01409 WHA

**ORDER DISMISSING PLAINTIFFS' APA CLAIM WITHOUT PREJUDICE**

In this environmental action alleging failure to perform nondiscretionary duties required by the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), the parties were ordered to show cause as to whether plaintiffs' second claim, brought under the Administrative Procedure Act, should be dismissed. The parties have now responded and, for the reasons stated below, plaintiffs' APA claim is hereby dismissed without prejudice.

Plaintiffs' first claim for relief arises under Section 310(a)(2) of CERCLA, codified as 42 U.S.C. 9659(a)(2), which authorizes citizen suits against federal officials for failure to

perform any nondiscretionary act or duty mandated by CERCLA.  Plaintiffs allege that defendants are currently in violation of Section 108(b) of CERCLA, which required defendants to promulgate regulations ensuring that facilities involved with hazardous substances remain financially responsible for cleaning up those substances.  42 U.S.C. 9608(b).  Defendants moved to dismiss plaintiffs' CERCLA claim for lack of subject-matter jurisdiction.  That motion was denied in an order dated July 23, 2008.

Defendants also moved to dismiss plaintiffs' second claim for relief, which arises under the APA and which is at issue here.  The APA grants courts the jurisdiction to review agency action or failure to act.  Defendants' failure to issue financial responsibility regulations, plaintiffs contend, constitutes "agency action unlawfully withheld or unreasonably delayed," in violation of APA Section 706(1).  Defendants' action is unlawfully withheld, according to plaintiffs, because it is required by CERCLA, and it has been unreasonably delayed because "a delay of over 20 years is inherently unreasonable" (Compl. ¶ 41).  Defendants argued in their motion to dismiss that jurisdiction over the APA claim was proper only in the Court of Appeals for the District of Columbia Circuit pursuant to *Telecommunications Research & Action Center v. FCC* ("*TRAC*"), 750 F.2d 70, 72 (D.C. Cir. 1984).[1]

While defendants' motion to dismiss was pending, the Ninth Circuit decided *Coos County Board of County Commissioners v. Kempthorne*, 531 F.3d 792 (9th Cir. 2008).[2] There, the plaintiff brought suit against the Fish and Wildlife Service and other federal defendants under both the citizen-suit provision of the Endangered Species Act and Section 706(1) of the APA.  The Ninth Circuit found that the plaintiff's Section 706(1) claim was precluded by its citizen suit:

> The scope of 5 U.S.C. § 706(1) tracks that of 16 U.S.C. § 1540(g)(1)(C) for the purposes of this appeal, as the applicability of both provisions depends upon whether FWS has failed to act on a nondiscretionary duty to publish proposed regulations

---

[1] The Ninth Circuit adopted *TRAC* in *Public Utility Commissioner of Oregon v. Bonneville Power Administration*, 767 F.2d 622, 626 (9th Cir. 1985).

[2] *Coos County* was decided on June 26, 2008.  Defendants' motion to dismiss was filed on May 16, 2008.  Plaintiffs, who were granted a postponement, filed their opposition on June 12, 2008, and defendants filed a reply on June 19, 2008.  Oral arguments were heard on July 3, 2008.

2

> delisting the murrelets (and final regulations thereafter). Importantly, to the extent that the two causes of action are identical, the APA provision is not applicable, because "[i]f a plaintiff can bring suit against the responsible federal agencies under [a citizen suit provision], this action precludes an additional suit under the APA." *Brem-Air Disposal v. Cohen*, 156 F.3d 1002, 1005 (9th Cir. 1998).

*Id.* at 802. The Ninth Circuit's decision was predicated on the fact that judicial review under the APA is limited to "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. 704. The parties herein were requested to show cause as to whether *Coos County* and the Ninth Circuit's prior caselaw precludes plaintiffs' APA claim and, if so, to what extent.

Having reviewed the parties' briefing, this order finds that the "unlawfully withheld" portion of plaintiffs' APA claim is duplicative of their CERCLA citizen suit and must be dismissed without prejudice pursuant to *Coos County* and *Brem-Air*. In *Coos County*, the plaintiff's APA claim was precluded because it was "identical in all relevant respects to the ESA cause of action, which provides Coos County with an adequate remedy." 531 F.3d at 810.[3] Similarly here, plaintiffs' nondiscretionary citizen suit and their "unlawfully withheld" claim are based on the same allegation — that defendants failed to discharge a mandatory duty — and afford the same remedy. As the Supreme Court noted in *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988), "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."

Plaintiffs argue that this Court should wait to dismiss the APA claim until it determines on the merits whether plaintiffs are entitled to complete relief under CERCLA. The Ninth Circuit's wording in *Brem-Air* and *Coos County*, however, was clear: "if a plaintiff can *bring suit* against the responsible federal agencies under a citizen suit provision, this action precludes an additional suit under the APA." *Coos County*, 531 F.3d at 802 (emphasis added). The language "bring suit" does not indicate that the Ninth Circuit expected district courts to wait and see whether a plaintiff was successful under the citizen suit before dismissing the APA claim. Plaintiffs do not get two bites at the apple.

---

[3] Unless otherwise stated, all internal citations are omitted from quoted authorities in this order.

3

Turning to the "unreasonably delayed" portion of plaintiffs' APA claim, defendants concede that that claim is not duplicative because it asks not whether defendants violated a nondiscretionary duty but whether twenty years constitutes an unreasonable delay. In other words, plaintiffs' "unreasonably delayed" claim is not "identical in all relevant respects" to their CERCLA claim, and it is thus not precluded by *Coos County*. Nonetheless, defendants are correct that the D.C. Circuit's opinion in *TRAC* mandates that the "unreasonably delayed" claim be brought before that circuit.

In *TRAC*, the court addressed "whether a petition to compel unreasonably delayed agency action properly lies in [the Court of Appeals] or in the District Court, or whether the two courts have concurrent jurisdiction, when any final agency action in the matter would be directly reviewable only in the Courts of Appeals." 750 F.2d at 72. The court held that "where a statute commits review of agency action to the Court of Appeals, any suit seeking relief that might affect the Circuit Court's future jurisdiction is subject to the *exclusive* review of the Court of Appeals." *Id*. at 75.[4] Subsequent decisions have laid out a two-part test for determining whether jurisdiction is proper in the district court or in the court of appeals under *TRAC*: "(1) does the statute commit review of agency action to the court of appeals and (2) does the action seek relief that might affect the circuit court's jurisdiction?" *American Farm Bureau v. U.S. E.P.A.*, 121 F. Supp. 2d 84, 91 (D.D.C. 2000).

The first prong of that test is met here. The D.C. Circuit has exclusive jurisdiction to review any regulations that defendants might one day promulgate. *See* 42 U.S.C. 9613(a).

As to whether plaintiffs' APA claim seeks "relief that might affect the Circuit Court's future jurisdiction," the court clarified that language as follows: "[b]ecause the statutory obligation of a Court of Appeals to review on the merits may be defeated by an agency that fails to resolve disputes, a Circuit Court may resolve claims of unreasonable delay in order to protect its future jurisdiction." *TRAC*, 750 F.2d at 76. "The flexibility of this language has been found troublesome, but subsequent cases reveal that the language should be broadly construed. Thus,

---

[4] This part of the court's opinion, because it resolved inconsistencies among the court's prior decisions, was "considered separately and approved by the whole court, and thus constitutes the law of the circuit." *TRAC*, 750 F.2d at 75 n.24.

4

the *TRAC* doctrine has been applied to actions seeking to require or accelerate agency action . . . and to actions seeking to prevent future agency action." *Jamison v. F.T.C.*, 628 F. Supp. 1548, 1550–51 (D.D.C. 1986).

Plaintiffs, in their opposition to defendants' motion to dismiss, argued that *TRAC* has never been read to require that APA Section 706(1) claims be heard in the circuit courts, but that statement is incorrect. As defendants pointed out in their reply, several decisions have found that *TRAC* confers exclusive jurisdiction over Section 706(1) claims in the court of appeals.[5]

Plaintiffs also sought to distinguish *TRAC* by noting that CERCLA deliberately lays out a bifurcated jurisdictional scheme in which the district court reviews claims regarding alleged failures to carry out nondiscretionary duties while the court of appeals reviews challenges to the substance of regulations. The statute at issue in *TRAC* did not contain such a scheme. This distinction is an important one, but plaintiffs failed to mention *Sierra Club v. Thomas*, in which the D.C. Circuit directly addressed how courts should interpret *TRAC* where the underlying statute provides for such bifurcated review.

In *Sierra Club*, the plaintiff sought to compel the EPA to finalize rules required by the Clean Air Act, which, like CERCLA, contains a citizen-suit provision granting jurisdiction to the district court to review alleged agency failures to perform nondiscretionary duties, as well as a separate provision granting jurisdiction to the court of appeals to review regulations and final agency actions. 828 F.2d at 787. The D.C. Circuit concluded that where a statute contains such a jurisdictional scheme, "the district court has jurisdiction over claims alleging that an agency has violated a nondiscretionary duty of timeliness." *Id.* at 790. In other words, the district court retains jurisdiction where its only role is to make "a clear-cut factual determination" as to whether or not an agency violated the express mandate of a statute. *Id*. at 791. Here, plaintiffs' "unreasonably delayed" claim is premised not on an allegation that defendants violated a nondiscretionary duty of timeliness but rather on an allegation that a twenty-year delay is

---

[5] *See, e.g.*, *Envtl. Def. Fund v. U.S. Nuclear Regulatory Comm'n*, 902 F.2d 785 (10th Cir. 1990); *In re Bluewater Network*, 234 F.3d 1305 (D.C. Cir. 2000); *Sierra Club v. Thomas*, 828 F.2d 783 (D.C. Cir. 1987).

5

1  "inherently unreasonable." *TRAC* requires that kind of discretionary determination to be made by the D.C. Circuit.

The decisions plaintiffs invoked in their original opposition are inapposite. They simply stand for the proposition that, where a statute commits review of an agency's failure to perform a nondiscretionary duty to the district court, the court of appeals does not have jurisdiction over that claim. None of those decisions involved an APA unreasonable-delay claim. In *Trustees for Alaska v. EPA*, 749 F.2d 549 (9th Cir. 1984), for example, the Ninth Circuit held that the Clean Water Act's citizen-suit provision granted the district courts exclusive jurisdiction over claims alleging failure of the EPA to comply with a nondiscretionary duty. The question in the instant matter is not whether plaintiffs' *CERCLA citizen suit* must be brought in the district court or in the court of appeals but whether their *APA claim* must be brought in the district court or in the court of appeals.

Plaintiffs have not requested that the "unreasonably delayed" portion of their APA claim be transferred under 28 U.S.C. 1631, so this order will dismiss the APA claim in its entirety without prejudice for plaintiffs to refile in the Court of Appeals for the D.C. Circuit.

**IT IS SO ORDERED.**

Dated: August 8, 2008.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE

6