RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

MARTIN McDERMOTT (SBN 6183307(IL))
ROCHELLE L. RUSSELL (CA Bar No. 244992)
Trial Attorneys
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel: (202) 514-1950
Fax: (202) 514-8865
Email: martin.mcdermott@usdoj.gov
Email: rochelle.russell@usdoj.gov
*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SIERRA CLUB, GREAT BASIN RESOURCE WATCH, AMIGOS BRAVOS, and IDAHO CONSERVATION LEAGUE,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN L. JOHNSON, Administrator, United States Environmental Protection Agency, and MARY E. PETERS, Secretary, United States Department of Transportation,<br><br>Defendants,<br><br>and<br><br>SUPERFUND SETTLEMENTS PROJECT, RCRA CORRECTIVE ACTION PROJECT, and AMERICAN PETROLEUM INSTITUTES,<br><br>Defendant-Intervenors. | Civil Case No. C 08-01409 WHA<br><br>**DEFENDANTS' ANSWER** |

GENERAL DENIAL

Except as expressly admitted herein, Defendants Stephen L. Johnson, in his official capacity as Administrator of the United States Environmental Protection Agency, and Mary E. Peters, in her official capacity as Secretary of the United States Department of Transportation (collectively, "Defendants"), deny each and every allegation in Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"). To the extent that any allegation contained in the Complaint remains unanswered, Defendants deny such allegations.

1. The allegations in Paragraph 1 consist of Plaintiffs' characterization of their lawsuit, the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601 et seq. ("CERCLA"), and conclusions of law, to which no response is required.

2. The allegations in the first sentence of Paragraph 2 consist of conclusions of law and Plaintiffs' characterization of CERCLA, to which no response is required. As to the allegations in the second sentence of Paragraph 2, Defendants admit that no regulations have been proposed, promulgated, or implemented pursuant to section 108(b) of CERCLA, 42 U.S.C. § 9608(b). The allegations in the last sentence of Paragraph 2 consist of Plaintiffs' characterization of their lawsuit and conclusions of law, to which no response is required.

3. Paragraph 3 consists of conclusions of law, to which no response is required.

4. Paragraph 4 consists of conclusions of law, to which no response is required.

5. Defendants admit Paragraph 5.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny the same.

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny the same.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore deny the same.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny the same.

10. The allegations in Paragraph 10 consist of conclusions of law, to which no

response is required.

11. The allegations in Paragraph 11 consist of conclusions of law, to which no response is required. Defendants also are without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 11 and therefore deny the same.

12. The allegations in Paragraph 12 consist of conclusions of law, to which no response is required. Defendants also are without knowledge or information sufficient to form a belief as to the truth of the factual allegations in Paragraph 12 and therefore deny the same.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny the same

14. Defendants admit that Stephen L. Johnson is the Administrator of the United States Environmental Protection Agency. The remaining allegations in Paragraph 14 consist of conclusions of law, to which no response is required.

15. Defendants admit that Mary E. Peters is the Secretary of the United States Department of Transportation. The remaining allegations in Paragraph 15 consist of conclusions of law, to which no response is required.

16. The allegations in Paragraph 16 consist of conclusions of law and Plaintiffs' characterization of CERCLA, to which no response is required.

17. The allegations in Paragraph 17 consist of conclusions of law, to which no response is required. Further, the allegations in Paragraph 17 characterize section 108(b)(1) of CERCLA, 42 U.S.C. § 9608(b)(1), which speaks for itself and therefore no response is required.

18. The allegations in Paragraph 18 consist of conclusions of law, to which no response is required. Further, the allegations in Paragraph 18 characterize section 108(b)(3) of CERCLA, 42 U.S.C. § 9608(b)(3), which speaks for itself and therefore no response is required.

19. Defendants admit Paragraph 19.

20. Defendants admit Paragraph 20.

21. The allegations in Paragraph 21 consist of conclusions of law and Plaintiffs' characterization of section 108(b)(1) of CERCLA, to which no response is required.

22. Defendants aver that EPA published a notice pursuant to section 108(b)(1) of

CERCLA at 48 Fed. Reg. 21598 (May 13, 1983), and thus deny the allegation contained in the first sentence of Paragraph 22 that Defendants have not published a Federal Register notice. Defendants admit that regulations for classes of facilities pursuant to section 108(b)(1) of CERCLA have not been promulgated. Defendants are without knowledge or information sufficient to form a belief as to the truth concerning whether Plaintiffs "are unaware of any existing effort by defendants to comply with" section 108(b) of CERCLA and therefore deny the same.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny the same.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny the same.

25. The first sentence of Paragraph 25 consists of conclusions of law, to which no response is required. Defendants also are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 25, as they call for speculation concerning the meaning of the terms "significant releases" and "many," and therefore deny the same. Defendants admit that Asarco, LLC is a century-old mining and smelting company. As to the remaining allegations in the second sentence of Paragraph 25, Defendants are without knowledge or sufficient information to form a belief as to their truth, as they call for speculation regarding the liability of Asarco, LLC and what constitutes "Superfund sites," and therefore deny the same. Defendants admit the allegation in the third sentence of Paragraph 25 that Asarco, LLC has recently declared bankruptcy, but as to the remaining allegations in this sentence, Defendants are without knowledge or sufficient information to form a belief as to their truth, as they call for speculation regarding the meaning of "environmental contamination," and therefore deny the same. As to the allegations in the fourth sentence of Paragraph 25, Defendants admit that Standard Chlorine of Delaware, Inc. (also known as Metachem) is responsible for chemical releases of PCBs and dioxin from its Delaware facility that contaminated soil, sediment, an aquifer, and surface water, but are without knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this sentence, as they call for

speculation regarding whether releases were "major," and therefore deny the same. As to the allegations in the fifth sentence of Paragraph 25, Defendants admit that the estimated total cleanup cost for the Standard Chlorine of Delaware Site is more than $100 million, and that Metachem declared bankruptcy in 2002, but deny the remaining allegations.

26. The first sentence of Paragraph 26 consists of conclusions of law, to which no response is required. Defendants also are without knowledge or sufficient information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 26, and on that basis deny them. As to the allegations in the third sentence of Paragraph 26, Defendants admit that J.R. Simplot Company's Smoky Canyon Mine is in southeastern Idaho, where releases of selenium and cadmium have been located in groundwater, surface water, soil, and sediment, and Chevron Mining Inc.'s molybdenum mine (formerly Molycorp) is near Questa, New Mexico, where releases of cadmium, copper, lead, silver, and zinc have been located in groundwater, surface water, soil, and sediment. The remaining allegations in the third sentence of Paragraph 26 consist of conclusions of law, to which no response is required. Additionally, Defendants deny those remaining allegations because they are without knowledge or sufficient information to form a belief as to their truth.

27. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations in the first sentence of Paragraph 27, as they call for speculation concerning the meaning of the terms "hazardous substance sites," "remediating," and "fall to the public," and on that basis deny them. The second sentence contains Plaintiffs' characterization of CERCLA, which speaks for itself and therefore no response is required. Defendants admit that the tax on crude oil and certain chemicals and an environmental tax on corporations were sources of revenues for the Superfund trust fund and that those taxes expired in 1995.

28. The allegations in the first three sentences of Paragraph 28 consist of Plaintiffs' characterization of appropriations, which speak for themselves and therefore no response is required. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations in the last sentence of Paragraph 28, as they call for speculation about the meaning of the terms "Superfund sites" and "cleanup," and on that basis deny them.

29. Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations in Paragraph 29, as they call for speculation about the meaning of the terms "'orphan' sites," "facility," "responsible," "timely and effective," and "numerous Superfund sites," and on that basis deny them.

30. The allegations in Paragraph 30 consist of Plaintiffs' characterization of the cited document, which speaks for itself and therefore no response is required.

31. The allegations in Paragraph 31 consist of Plaintiffs' characterization of the cited document, which speaks for itself and therefore no response is required.

32. The allegations in Paragraph 32 consist of Plaintiffs' characterization of the cited document, which speaks for itself and therefore no response is required.

33. The allegations in the first sentence of Paragraph 33 consist of Plaintiffs' characterization of the cited document, which speaks for itself and therefore no response is required. Defendants lack sufficient information to form a belief as to the truth of the allegations in the second sentence of Paragraph 33, and on that basis deny them.

34. The allegations in Paragraph 34 consist of conclusions of law, to which no response is required. Additionally, Defendants are without knowledge or sufficient information to form a belief as to the truth of the allegations in this paragraph, as they call for speculation, and on that basis deny them.

35. Defendants admit that EPA and DOT have not promulgated regulations under section 108(b)(1) of CERCLA. Defendants lack sufficient information to form a belief as to the truth of the allegations in the second sentence of Paragraph 35, and on that basis deny them.

36. The allegations in the first sentence of Paragraph 36 consist of conclusions of law and Plaintiffs' characterization of CERCLA, to which no response is required. Defendants are without knowledge or sufficient information to form a belief as to the truth of the remaining allegations in this paragraph, as they call for speculation, and on that basis deny them.

FIRST CLAIM FOR RELIEF

37. The allegations in Paragraph 37 consist of conclusions of law and Plaintiffs' characterization of CERCLA, to which no response is required.

38. The allegations in the first sentence of Paragraph 38 consist of conclusions of law, to which no response is required. Defendants admit that no regulations have been proposed, promulgated, or implemented pursuant to section 108(b) of CERCLA.

39. The allegations in Paragraph 39 consist of conclusions of law, to which no response is required.

SECOND CLAIM FOR RELIEF

No response is required for the allegations in Paragraphs 40 and 41, as Plaintiffs' Second Claim for Relief was dismissed pursuant to the Court's August 8, 2008 Order, Dkt. #67.

PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief they seek.

DEFENSES

1. Plaintiffs' Complaint, in part or in whole, fails to state a claim upon which relief can be granted.
2. Plaintiffs' Complaint, in part or in whole, is barred by the statute of limitations.
3. Plaintiffs' Complaint, in part or in whole, is barred by the doctrine of laches.
4. Plaintiffs' Complaint, in part or in whole, is not ripe for review.
5. Plaintiffs lack standing to assert the claims made in the Complaint.
6. The Court lacks subject matter jurisdiction over some or all of Plaintiffs' Complaint.
7. There has been no waiver of sovereign immunity by the United States as to some or all of the allegations contained in Plaintiffs' Complaint.
8. Venue is improper in this Court.

Respectfully submitted,

Dated: August 19, 2008

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

/s/ Rochelle L. Russell
MARTIN McDERMOTT
ROCHELLE L. RUSSELL

Trial Attorneys
U.S. Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel: (202) 514-1950
Email: martin.mcdermott@usdoj.gov
Email: rochelle.russell@usdoj.gov
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on August 19, 2008, a true and correct copy of the foregoing **DEFENDANTS' ANSWER** was served electronically via the Court's e-filing system to Counsel of Record.

/s/ Rochelle L. Russell
ROCHELLE L. RUSSELL