IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIERRA CLUB, GREAT BASIN RESOURCE WATCH, AMIGOS BRAVOS, and IDAHO CONSERVATION LEAGUE,

    Plaintiffs,

v.

STEPHEN JOHNSON, Administrator, United States Environmental Protection Agency, and MARY E. PETERS, Secretary, United States Department of Transportation,

    Defendants,

and

SUPERFUND SETTLEMENTS PROJECT, RCRA CORRECTIVE ACTION PROJECT, AMERICAN PETROLEUM INSTITUTE, and TREATED WOOD COUNCIL,

    Defendant-Intervenors.

No. C 08-01409 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR SUMMARY JUDGMENT**

**INTRODUCTION**

In this environmental action alleging failure to perform nondiscretionary duties required by the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), the parties filed cross-motions for summary judgment. For the reasons stated below, plaintiffs' motion is **DENIED IN PART** and defendants' motion is **GRANTED IN PART** on the remaining issue of EPA's duty to promulgate and impose financial assurance requirements. This action is **DISMISSED**.

**STATEMENT**

Plaintiffs Sierra Club, Great Basin Resource Watch, Amigos Bravos, and Idaho Conservation League brought this action against defendants Stephen L. Johnson, sued in his official capacity as Administrator of the Environmental Protection Agency, and Mary E. Peters, sued in her official capacity as Secretary of the Department of Transportation (DOT).[1] Intervenors in this action include the Superfund Settlements Project, RCRA Corrective Action Project, American Petroleum Institute, and Treated Wood Council.

Plaintiffs' claim arises under Section 310(a)(2) of CERCLA, codified as 42 U.S.C. 9659(a)(2), which authorizes citizen suits against federal officials for failure to perform any nondiscretionary act or duty mandated by CERCLA. Congress enacted CERCLA, also known as "Superfund," in 1980 to address the cleanup of improperly disposed hazardous substances. Section 108(b) mandated that the President promulgate regulations to ensure that facilities involved in any way with hazardous substances would remain financially responsible for cleaning up any substances that were improperly disposed. 42 U.S.C. 9608(b).

By executive order, all functions vested in the President under Section 108(b) were delegated to the Administrator of the EPA, except for functions having to do with transportation-related facilities, which were delegated to the Secretary of the DOT. Defendants EPA and DOT concede they have not carried out the actions required by Section 108(b), namely to: (i) publish notice of the classes of facilities for which financial responsibility requirements would be required not later than three years after December 11, 1980; (ii) promulgate requirements that classes of facilities establish and maintain evidence of financial responsibility consistent with the degree and duration of risk associated with the production, transportation, treatment, storage, or disposal of hazardous substances beginning not earlier than five years after December 11, 1980; and (iii) incrementally impose financial responsibility requirements as quickly as can reasonably be achieved but in no event more than four years after the date of promulgation. 42 U.S.C. 9608(b)(1), (b)(3). Because defendants have taken none of

---

[1] The named defendants were the former officials. The current Administrator of the Environmental Protection Agency is Lisa Jackson and the current Secretary of Transportation is Ray LaHood.

2

1  these steps, plaintiffs assert that defendants are currently in violation of Section 108(b) and that
2  failure, plaintiffs claim, increases the likelihood that plaintiffs' members and their environment
3  will be exposed to unremediated releases of hazardous substances.

4  Defendants previously moved to dismiss plaintiffs' CERCLA claim for lack of
5  subject-matter jurisdiction. That motion was denied in an order dated July 23, 2008.
6  Defendants also moved to dismiss plaintiffs' second claim for relief under the Administrative
7  Procedure Act. Defendants argued in their motion to dismiss that jurisdiction over the APA claim
8  was proper only in the Court of Appeals for the District of Columbia Circuit. This Court agreed,
9  and defendants' motion to dismiss was granted, and an order dated August 8, 2008, dismissed the
10  APA claim in its entirety without prejudice for plaintiffs to refile in the Court of Appeals for the
11  D.C. Circuit.

12  The parties filed cross-motions for summary judgment. An order dated February 25, 2009,
13  granted in part and denied in part the motions. The order held that plaintiffs lacked standing to
14  sue defendant DOT, that plaintiffs had standing to sue defendant EPA, and that plaintiffs'
15  nondiscretionary-duty claim regarding publication of notice of classes was timely. This Court
16  ordered EPA to identify and publish notice of classes as specified in Section 108(b)(1) by
17  May 4, 2009. Pursuant to the parties' stipulation, the deadline was extended to July 10, 2009.
18  The February 2009 order declined to address the merits of EPA's argument regarding its duty
19  to promulgate and impose financial responsibility requirements, holding the issue in abeyance
20  pending EPA's publication of notice of classes.

21  EPA has now published notice of classes. This order addresses the remaining issue
22  of EPA's duty to promulgate and impose financial assurance requirements on the parties'
23  cross-motions for summary judgment.

**ANALYSIS**

25  CERCLA allows citizens to commence a civil action against EPA for failure to perform
26  any act or duty under the Act which is not discretionary. 42 U.S.C. 9659. Thus, citizen suits may
27  not be brought to enforce actions when the agency has discretion. EPA does not dispute that the
28  requirement to identify and publish notice of classes under Section 108(b)(1) was a

3

nondiscretionary duty with a date-certain deadline. EPA admits that the remaining acts at issue — to promulgate and impose financial responsibility regulations pursuant to Section 108(b) of CERCLA — have not been done. Plaintiffs allege that these obligations are nondiscretionary duties.

Section 108(b)(1) requires EPA to promulgate financial responsibility regulations "[b]eginning not earlier than five years after December 11, 1980." 42 U.S.C. 9608(b)(1). Once promulgated, Section 108(b)(3) provides that the regulations "shall incrementally impose financial responsibility requirements as quickly as can reasonably be achieved but in no event more than four years after the date of promulgation." 42 U.S.C. 9608(b)(3).

Plaintiffs argue that the absence of a date-certain deadline does not render these duties discretionary where Section 108(b) uses language such as "shall." *See* 42 U.S.C. 9608(b)(1); *Our Children's Earth Foundation v. U.S. E.P.A.*, 527 F.3d 842, 847 (9th Cir. 2008). Plaintiffs contend that the use of "may" and "shall" in Section 108(b) further identifies certain acts as discretionary and others as mandatory. The nondiscretionary nature of the duty to promulgate and implement financial responsibility requirements, plaintiffs also argue, can be inferred from CERCLA's structure and legislative history.

EPA argues that these obligations are discretionary, because Section 108(b) does not specify a date-certain deadline for completion of either requirement. *See Sierra Club v. Thomas*, 828 F.2d 783, 791 (D.C. Cir. 1987). EPA has clarified that it does not dispute, as plaintiffs contend, that it has a duty to promulgate financial responsibility requirements under CERCLA. Rather, it contends that it has "discretion as to *when* to perform this duty" (Def. Reply Br. 16) (emphasis added). EPA also contends that CERCLA's legislative history supports finding the duty to be discretionary because Congress rejected a proposed amendment to add a date-certain deadline for the promulgation of financial responsibility requirements. *See* H.R. Rep. 99-253(V), 99th Cong. (1st Sess. 1985); H.R. Conf. Rep. 99-962, 99th Cong. (2d Sess. 1986). Plaintiffs do not respond to EPA's legislative-history argument.

This order agrees with EPA that although Section 108(b) requires EPA to promulgate financial responsibility regulations and incrementally impose such requirements, Section 108(b)

4

1  provides EPA with discretion as to when to promulgate such regulations. Unlike the duty to
2  publish notice of classes, Section 108(b) does not include a date-certain deadline for the
3  promulgation of financial responsibility regulations and the legislative history demonstrates
4  that Congress rejected a proposed amendment to add a date-certain deadline for the promulgation of
5  financial responsibility regulations. 42 U.S.C. 9608(b)(1); *see Sierra Club v. Thomas*, 828 F.2d at
6  791.

7  The Ninth Circuit decision upon which plaintiffs rely is distinguishable. In *Our Children's*
8  *Earth Foundation*, the duty to review effluent limitations under the Clean Water Act (CWA),
9  which the court held to be nondiscretionary, included a date-certain deadline that limitations
10 "shall be reviewed at least every five years." 33 U.S.C. 1311(d); *see* 527 F.3d at 848-49. The court
11 further held, however, that in the review process, whether the EPA must consider a
12 technology-based approach was discretionary where "[n]othing in the CWA specifically obligates
13 the EPA to review the effluent guidelines and limitations using a technology-based approach.
14 At most, the statutory provisions and legislative history are ambiguous." *Our Children's Earth*
15 *Foundation*, 527 F.3d at 851. Here, the legislative history reveals that Congress purposely gave
16 the government discretion as to when to promulgate financial requirement regulations so long as
17 promulgation occurred five years after December 11, 1980.

18 This order does not adopt, as defendants urge, a bright line rule that only duties with
19 date-certain deadlines are nondiscretionary for the purpose of citizen suits under CERCLA.
20 The Ninth Circuit has not yet addressed this issue and as the parties acknowledge, courts are split
21 on the classification of duties as nondiscretionary for citizen suits under other environmental laws.
22 This order holds that the duty to promulgate and impose financial responsibility regulations under
23 CERCLA is discretionary based on the combination of the absence of a date-certain deadline and
24 CERCLA's legislative history.

25 With EPA's recent publication of notice of classes, plaintiffs' CERCLA claim based
26 on EPA's failure to publish notice is moot. Plaintiffs' remaining CERCLA claim based on EPA's
27 discretionary duty to promulgate and impose financial responsibility regulations cannot proceed
28 because only nondiscretionary duties may be challenged in citizen suits under CERCLA. 42 U.S.C.

9659. This order therefore dismisses the action. As the order dismissing plaintiffs' APA claim without prejudice noted and defendants appear to concede, plaintiffs may bring an APA claim in the Court of Appeals for the D.C. Circuit alleging EPA unreasonably delayed in promulgating the financial responsibility regulations required under Section 108(b).[2]

Having concluded that EPA's duty is discretionary, this order does not reach defendants' argument that plaintiffs may not challenge EPA's duty to incrementally impose financial responsibility requirements under Section 108(b)(3) where EPA has not yet promulgated the financial responsibility regulations.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion is **DENIED IN PART** and defendants' motion is **GRANTED IN PART** on the remaining issue of EPA's discretionary duty to promulgate and impose financial responsibility requirements. This action is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: August 5, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] Defendants note that an unreasonable delay claim under the APA may be brought when an agency has failed to perform a statutory duty that does not include a date-certain deadline (Def. Opp. 20 n.8).